## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM J. HIBBLER | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 08 C 0334 | DATE | February 20, 2008 |
| CASE TITLE | Herman L. Nitz, Jr. (#42337) vs. Tony Doe, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#8] is granted. The court authorizes and orders the trust fund officer at the plaintiff's place of incarceration to deduct $3.00 from the plaintiff's account for payment to the clerk of court as an initial partial filing fee, and to continue making deductions and payments in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the DuPage County Jail. However, summonses shall not issue at this time. The court hereby appoints Edmond Jason Tremblay / Arnstein & Lehr LLP / 120 S. Riverside Plaza, Suite 1200 / Chicago, Illinois 60606 / (312) 876-7100 to represent the plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37. The complaint on file is dismissed without prejudice to appointed counsel filing an amended complaint within 60 days if the amended complaint comports with appointed counsel's obligations under Rule 11 of the Federal Rules of Civil Procedure.

■ [For further details see text below.]   Docketing to mail notices.

### STATEMENT

The plaintiff, an inmate at the DuPage County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, police officers, sheriff's deputies, correctional officials, and prosecutors, have violated the plaintiff's constitutional rights in numerous respects in connection with his arrest, interrogation, criminal prosecution, and conditions of confinement.

The plaintiff having shown that he is indigent, his motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $3.00. The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's

(CONTINUED)   mjm

**STATEMENT (continued)**

Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. This payment obligation will follow the plaintiff in the event of his transfer to another correctional center.

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt threshold review of the complaint. Here, accepting the plaintiff's allegations as true, the court finds that the plaintiff has articulated potentially colorable federal causes of action. Under the facts alleged, it is not the case that the plaintiff could prove "no set of facts" entitling him to relief. *Haines v. Kerner*, 404 U.S. 519, 521 (1972), *reh'g denied*, 405 U.S. 948 (1972).

However, the complaint on file is unacceptable. The plaintiff cannot, for example, challenge a pending criminal prosecution by way of a civil rights action. The federal courts are largely prohibited from interfering in ongoing state criminal proceedings, absent extraordinary circumstances. *See, e.g., State v. Haws*, 131 F.3d 1205, 1210 (7th Cir. 1997) and *FreeEats.com, Inc. v. Indiana*, 502 F.3d 590, 595 (7th Cir. 2007) (*both citing Younger v. Harris*, 401 U.S. 37 (1971)). Furthermore, the plaintiff raises multiple unrelated claims against multiple unrelated defendants. The plaintiff must file separate lawsuits concerning at claims that do not involve a common nucleus of facts. *See* Fed. R. Civ. P. 18(a) and 20(a); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Because the plaintiff does not appear to have the wherewithal to litigate this matter, the court hereby appoints Edmond Jason Tremblay / Arnstein & Lehr LLP / 120 S. Riverside Plaza, Suite 1200 / Chicago, Illinois 60606 / (312) 876-7100 to represent the plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37. After investigation, appointed counsel should file an amended complaint within sixty days if such amendment comports with counsel's obligations under Rule 11 of the Federal Rules of Civil Procedure. If counsel is unable to file an amended complaint, he should so inform the court. The complaint on file suggests that the plaintiff's claims may be legally and factually frivolous as the standard is defined and discussed in *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) and *Lee v. Clinton*, 209 F.3d 1025 (2000).

*[signature: Wm. J. Hibbler]*