**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| HERMAN L. NITZ | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 C 0334 |
| | ) | |
| v. | ) | Honorable William J. Hibbler |
| | ) | |
| JAMES CRAIG, K. SHANKS, CITY OF | ) | <u>Jury Demand</u> |
| WHEATON, IL, UNKNOWN GLEN ELLYN | ) | |
| POLICE DETECTIVE "TONY", DEPUTY | ) | |
| WESTER, and UNKNOWN DUPAGE | ) | |
| COUNTY JAIL DENTIST, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>AMENDED COMPLAINT</u>

NOW COMES the Plaintiff, HERMAN L. NITZ, by his appointed attorney, E. Jason Tremblay of Arnstein & Lehr LLP, *of counsel,* and in complaining against the Defendants, JAMES CRAIG, K. SHANKS, CITY OF WHEATON, IL, UNKNOWN GLEN ELLYN POLICE DETECTIVE "TONY", DEPUTY WESTER, and UNKNOWN DUPAGE COUNTY JAIL DENTIST, states as follows:

### <u>Jurisdiction</u>

1.      The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §1983, the Judicial Code, 28 U.S.C. §1331, the Constitution of the United States and the supplemental jurisdiction of this Court as codified in 28 U.S.C. §1367(a).

### <u>Venue</u>

2.      Venue is appropriate in the Northern District of Illinois pursuant to 28 U.S.C. §1391, as at least one of the Defendants resides in DuPage County, located in this district.

## Parties

3.     The Plaintiff, Herman L. Nitz, is, and at all relevant times material to this Amended Complaint was, a citizen of the State of Illinois and the United States. Plaintiff is currently incarcerated in the DuPage County Jail.

4.     James Craig (#59) was at all times material to this Amended Complaint employed by the City of Wheaton Police Department as a police officer. Officer Craig was acting under color of law at all times relevant to this Amended Complaint.

5.     K. Shanks (#54) (first name unknown) was at all times material to this Amended Complaint employed by the City of Wheaton Police Department as a police officer. Officer Shanks was acting under color of law at all times relevant to this Amended Complaint.

6.     Unknown Defendant Glen Ellyn Police Detective "Tony" (last name unknown) was at all times material to this Amended Complaint employed by the City of Glen Ellyn Police Department. Unknown Defendant Glen Ellyn Police Detective "Tony" was acting under color of law at all times relevant to this Amended Complaint.

7.     The City of Wheaton, Illinois is a municipal corporation, duly organized under the laws of the State of Illinois, and was at all times material to this action the employer of the officers Craig and Shanks.

8.     Deputy Wester (first name unknown) is an employee of the DuPage County Sheriff's Office, working at DuPage County Jail at all times material to this Amended Complaint.

9.    Unknown DuPage County Jail Dentist is an employee or agent of the DuPage County Sheriff's Office, working at or for the DuPage County Jail at all times materials to this Amended Complaint.

## Factual Allegations

*(Incident Involving Wheaton Police Department)*

10.    On or about October 22, 2007, Plaintiff was biking to CVS Pharmacy in Wheaton, Illinois, when an unmarked automobile began to follow him.

11.    Once Plaintiff arrived at or around CVS, two unknown males who were not in a police uniform and who did not originally identify themselves as police officers stepped out of an unmarked vehicle.   One of them yelled Plaintiff's name and proceeded to pull out a gun.

12.    Not knowing whether or not these individuals were police officers, and fearful for his life and safety, Plaintiff proceeded to run away from them on foot.

13.    After several minutes of Plaintiff running away, Plaintiff noticed that a female officer in a police car was also chasing after him, at which time Plaintiff stopped running and surrendered.

14.    Based on the identity of the police car, as well as comments made by the then-unknown males who were chasing him, they were police officers for the City of Wheaton, Illinois.

15.    Despite voluntarily surrendering, one of the Defendants, either James Craig (#59) or K. Shanks (#54), proceeded to beat Plaintiff in the ribs with a baton, knocking him to the ground.

16.    The force of the baton injured Plaintiff's ribs and forcibly knocked Plaintiff to the ground into sharp pieces of broken glass, which severely cut Plaintiff's hand.

17.    Additionally, while Plaintiff was lying helpless on the ground in pain from the baton blow, the same officer, either Defendant James Craig (#59) or K. Shanks (#54), hit him in the jaw with his knee, breaking Plaintiff's tooth.

18.    The force used by the Defendant Officer Craig or Shanks in effectuating the arrest was excessive and unjustified.

19.    While Plaintiff lay on the ground, the same Defendant Officer who had struck Plaintiff in the ribs and jaw, looked into Plaintiff's wallet which had fallen on the ground, took out approximately $210.00 that was in the wallet and placed it in his own pocket.

20.    Once Plaintiff became aware that he was being chased by police officers, Plaintiff did not resist in any fashion and, at no time, did Plaintiff engage in any action that warranted the use of force, much less the use of force by Defendant Officer Craig or Shanks.

21.    Thereafter, and despite being in a significant amount of pain as a result of the baton blows, broken tooth, injured rib and lacerations on his hands, Officers Craig and/or Shanks forcibly handcuffed Plaintiff and continued to force him to lay in the sharp pieces of broken glass until an unknown female officer from the Wheaton Police Department took him to the Wheaton police station.

22.    While at the Wheaton police station, and despite repeated requests for medical attention due to his injuries from various unknown individuals at the Wheaton police station, Plaintiff was denied any medical treatment.

*(Incident and Events With Glen Ellyn Police Department)*

23.    After approximately an hour at Wheaton police station, Officer John Perkins (#55) of the Glen Ellyn Police Department came to the Wheaton police station and transported Plaintiff to the Glen Ellyn police station.

24.    At the Glen Ellyn police station, Plaintiff again requested medical treatment for the injuries that he had suffered as a result of being beaten by Officers Craig or Shanks in Wheaton; however, his reasonable requests were again denied.

25.    At the Glen Ellyn police station, Plaintiff was placed in a dry cell for approximately two hours with no access to a toilet, food, water, a phone, or medical care for his injuries.

26.    Thereafter, Officer Perkins brought Plaintiff to an interview room where he and Sergeant Jean Harvey (#83) began questioning Plaintiff about certain alleged criminal activity.

27.    During this questioning, and based on the Sergeant Harvey's representations that she would obtain for Plaintiff a personal recognizance bond, probation or work release, Plaintiff disclosed to her and Officer Perkins the names, locations and identities of numerous criminals in the DuPage County area.  In this conversation Plaintiff disclosed the specific names of numerous individuals involved in criminal activity, including but not limited to Steve Wiemann and John Wiemann.  The information led directly to their arrests, as well as the arrests of several other individuals, several days thereafter.

28.    Sergeant Harvey informed Plaintiff that she was thankful for the information and that a Glen Ellyn detective by the first name of "Tony" would contact

him to finalize the details of his personal recognizance bond or work release since it was too late in the evening for her to phone the State's Attorneys Office or the Parole Office.

29.    Thereafter, Plaintiff was transported to the DuPage County jail.

*(Incidences in DuPage County Jail)*

30.    While in the DuPage County Jail, Detective "Tony" came to see Plaintiff on three different occasions.  He even gave Plaintiff his cell phone number, 630-649-2375, and took him out of the jail without handcuffs.  The first two occasions, Detective "Tony" informed him that he had spoken to Jean Harvey and the State's Attorney's office and that no bond parole warrant had been lifted so that Plaintiff could be released from jail and report as an informant to the police.

31.    However, on the third time, on November 2, 2007, Detective "Tony" informed Plaintiff that he was made aware of a Petition for Relief from Judgment that Plaintiff had filed in a prior and completely unrelated criminal matter and that allegations made by Plaintiff in that Petition were against a friend of Detective "Tony" – Dan Darby. At that point, Detective "Tony" got very upset, informed Plaintiff that he was going to make his life "a living hell."  Plaintiff informed Detective "Tony" that he could not retaliate against him for exercising his (Plaintiff's) lawful right to file a Petition for Relief from Judgment in a completely unrelated matter, but Detective "Tony" responded by stating "watch me" and barged out.

32.    To date, Detective "Tony" has refused to speak with Plaintiff and Plaintiff still remains in jail without the promised personal recognizance bond or other work

release arrangement for all the information he provided to the Glen Ellyn police department.

33.    Almost immediately after Detective "Tony" threatened Plaintiff, Steve Wieman (one of the individuals disclosed by Plaintiff during his interrogation) was moved to a pod in the jail immediately next to Plaintiff's, at which time Steve Wieman began to tell everyone that Plaintiff had "snitched" on him and others, some of which were in the DuPage County Jail with Plaintiff.

34.    As a result, Plaintiff was, and continues to be, beaten by other inmates. On at least one occasion, Plaintiff's tooth was again broken as a result of an inmate attack.

35.    On the occasion where Plaintiff's tooth was broken, Defendant Deputy Wester observed the inmates beating up Plaintiff and did absolutely nothing to intercede, stop or report it.

36.    Thereafter, and because of excessive pain from his broken tooth (both as a result of his forceful arrest and his beating in the DuPage County Jail), Plaintiff went to the Defendant Unknown DuPage County Dentist, who x-rayed his tooth, and said that oral surgery was required to remove the tooth.

37.    To date, and over four months after this recommendation, Plaintiff has yet to receive any further treatment or have his tooth removed, despite the fact that other inmates have had necessary dental procedures for far less critical reasons.

38.    As a result, Plaintiff has been, and continues to, experience excruciating pain, and has been unable to eat, drink or sleep in any regular fashion due to his pain.

39.    Through various internal written grievances, Plaintiff has sought both protection from other inmates, as well as medical treatment for the physical injuries that he has sustained as a result of the beatings (both by the police and inmates).  However, not one of his written grievances has been responded to or acknowledged by the Grievance Officer Marty Manion or others, and medical treatment for his injuries has not been given.

40.    As a result of the various attacks, Plaintiff has suffered severe physical pain, emotional pain, and mental trauma, humiliation and distress.  So horrible has his treatment been at the DuPage County Jail that Plaintiff attempted to kill himself several months ago, and he was placed on suicide watch for some time.

## <u>COUNT I</u>
### (Excessive Force – §1983 Claims Against James Craig and/or K. Shanks)

41.    Plaintiff re-alleges, reasserts and incorporates paragraphs 1 - 40 of this Amended Complaint as if fully set forth in this paragraph.

42.    This Count is brought pursuant to 42 U.S.C. §1983 and the Constitution of the United States.

43.    The actions of Officers Craig and/or Shanks amounted to an excessive use of force unto Plaintiff and violated his Fourth Amendment rights.

44.    The above-reference actions of Officers Craig and/or Shanks constitute and amount to an excessive use of force in violation of 42 U.S.C. §1983 and the United States Constitution.

45.    The aforementioned actions of Officers Craig and/or Shanks were the direct and proximate cause of the constitutional violations set forth above.

46.    The foregoing acts directly and proximately caused the Plaintiff to be injured and damaged.

WHEREFORE, Plaintiff, HERMAN L. NITZ, respectfully requests that this Honorable Court enter judgment in his favor and award him compensatory damages, punitive damages, costs, attorneys' fees and any additional relief this Court deems equitable and just.

### Count II
### (Assault and Battery – State Law Claims Against James Craig and/or K. Shanks)

47.    Plaintiff re-alleges, restates and incorporates paragraphs 1 - 46 of this Amended Complaint as if fully set forth in this paragraph.

48.    The acts of Officers Craig and/or Shanks, as described above, were affirmative acts intended to cause an impermissible contact of a harmful and/or offensive nature to which Plaintiff did not consent, and thus constitutes assault and battery under Illinois law.

49.    The foregoing acts directly and proximately caused Plaintiff to be injured and damaged.

WHEREFORE, Plaintiff, HERMAN L. NITZ, respectfully requests that the Honorable Court enter judgment in his favor and award him compensatory damages, costs and any further relief this Court deems equitable and just.

### Count III
### (State Claim of Willful and Wanton Against James Craig and/or K. Shanks)

50.    Plaintiff re-alleges, restates and incorporates paragraphs 1 - 49 of this Amended Complaint as if fully set forth in this paragraph.

51.     At all times material and relevant, Officers Craig and/or Shanks owed a duty to refrain from engaging in willful and wanton conduct during their interactions, including but not limited to Plaintiff's arrest.

52.     Notwithstanding said duties, Officers Craig and/or Shanks engaged in the following willful and wanton conduct:

      a.  Detained and arrested Plaintiff in a violent and excessive manner;

      b.  Struck Plaintiff in the ribs and head absent any provocation;

      c.  Forced Plaintiff to lie in broken glass severely cutting his hand; and

      d.  Otherwise acted willfully and wantonly during their interactions with Plaintiff.

53.     Defendant Officers Craig and/or Shanks acted with deliberate intention to harm and/or with utter indifference for the safety of Plaintiff.

54.     As a proximate result of the above-referenced conduct, Plaintiff sustained injuries, and damages.

WHEREFORE, Plaintiff, HERMAN L. NITZ, respectfully requests that this Honorable Court enter a judgment in his favor and award him compensatory damages, punitive damages, costs and any further relief this Court deems equitable and just.

## COUNT IV
### (42 U.S.C. §1983 Monell Claim Against the City of Wheaton, Illinois)

55.     Plaintiff hereby re-alleges and incorporates paragraphs 1 - 54 of this Amended Complaint as though fully set forth in this paragraph.

56.     This Count is brought pursuant to 42 U.S.C. §1983 and the Constitution of the United States.

57.    The City of Wheaton promulgated a pattern, custom, and practice of permitting the City of Wheaton police officers to use excessive force against citizens, in violation of individuals' constitutional rights.

58.    The City of Wheaton failed to adequately supervise and train arresting officers, in violation of individuals' constitutional rights.

59.    The patterns, customs and practices described in the aforementioned paragraphs caused Plaintiff to suffer constitutional deprivations.

60.    Plaintiff has suffered damages as a result.

WHEREFORE, Plaintiff, HERMAN L. NITZ, respectfully requests that this Honorable Court enter a judgment in his favor and award him compensatory damages, punitive damages, costs, attorneys' fees and any further relief this Court deems equitable and just.

## COUNT V
**(State Claim – Assault and Battery Against City of Wheaton, Illinois –**
***Respondeat Superior*)**

61.    Plaintiff hereby re-alleges and incorporates paragraphs 1 - 60 of this Amended Complaint as though fully set forth in this paragraph.

62.    The Defendant, City of Wheaton, IL, by and through its employees and/or agents, including Officers Craig and/or Shanks, committed affirmative acts intended to cause an impermissible contact of a harmful and/or offensive nature to which Plaintiff did not consent, thus constituting assault and battery under the laws and the constitution of the State of Illinois.

63.    The above-referenced acts directly and proximately caused Plaintiff's injuries, pain and damages, as set forth above.

WHEREFORE, Plaintiff, HERMAN L. NITZ, respectfully requests that this Honorable Court enter a judgment in his favor and award him compensatory damages, costs and any further relief this Court deems equitable and just.

### COUNT VI
**(State Claim of Willful and Wanton Conduct Against the City of Wheaton, Illinois – *Respondeat Superior*)**

64.    Plaintiff hereby re-alleges and incorporates paragraphs 1 - 63 of this Amended Complaint as though fully set forth herein.

65.    The Defendant, City of Wheaton, Illinois, by and through its employees and/or agents, including Officers Craig and/or Shanks, owed Plaintiff a duty to refrain from engaging in willful and wanton conduct during their interactions, including but not limited to, Plaintiff's arrest on October 22, 2007.

66.    Notwithstanding the above-referenced duty, the Defendant, City of Wheaton, Illinois, by and through its employees and/or agents, including Officers Craig and/or Shanks, engaged in the following willful and wanton conduct:

    a.  Detained and arrested Plaintiff in a violent and excessive manner;

    b.  Struck Plaintiff in the ribs and head absent any provocation;

    c.  Forced Plaintiff to lie in broken glass severely cutting his hand; and

    d.  Otherwise acted willfully and wantonly during their interactions with Plaintiff.

67.    The agents and/or employees of Defendant City of Wheaton, Illinois acted with deliberate intention to harm and/or with utter indifference for the safety of Plaintiff.

68.    As a proximate result of the above-referenced conduct, Plaintiff sustained damages.

WHEREFORE, Plaintiff, HERMAN L. NITZ, respectfully requests that this Honorable Court enter a judgment in his favor and award him compensatory damages, punitive damages, costs and any further relief this Court deems equitable and just.

<u>**COUNT VII**</u>
**(Retaliation - §1983 Against Unknown Glen Ellyn Detective "Tony")**

69.    Plaintiff hereby re-alleges and incorporates paragraphs 1 – 68 of this Amended Complaint as though fully set forth in this paragraph.

70.    Plaintiff lawfully filed a Petition for Relief From Judgment, pursuant to 735 ILCS §5/2-1404, in a prior criminal lawsuit against him.

71.    Despite being promised by Detective "Tony" (as well as Sergeant Jean Harvey) that he would secure his personal recognizance bond or work release for the information he provided to the Glen Ellyn police department (which information led directly to numerous arrests), Detective "Tony" engaged in a course of conduct designed to harass, intimidate and harm Plaintiff in retaliation against Plaintiff for his filing a lawful Petition for Relief From Judgment in a prior criminal lawsuit including, without limitation,

> a.    Refusing to talk to Plaintiff and arrange for his release based on the information Plaintiff provided;
>
> b.    Threatening Plaintiff to make his life "a living hell;"
>
> c.    On information and belief, disclosing to inmates at DuPage County jail that Plaintiff turned them in leading directly to Plaintiff being beaten up and physically harmed in the DuPage County Jail.

72.    Detective "Tony" unjustifiably and unlawfully engaged in a course of conduct in retaliation for Plaintiff's lawful exercise of his right to file a Petition for Relief from Judgment.

73.     As a direct result of the foregoing unlawful, malicious and deliberate acts, actions, conspiracies and course of conduct of, by Detective "Tony", Plaintiff has sustained damages.

WHEREFORE, Plaintiff, HERMAN L. NITZ, respectfully requests that this Honorable Court enter a judgment in his favor and award him compensatory damages, costs, attorneys' fees and any further relief this Court deems equitable and just.

## COUNT VIII
### (Deliberate Indifference - §1983 Claim Against Unknown DuPage County Jail Dentist)

74.     Plaintiff hereby re-alleges and incorporates paragraphs 1-73 of this Amended Complaint as though fully set forth in this paragraph.

75.     Plaintiff is entitled to constitutionally minimally adequate standards for the conditions of his incarceration, including adequate medical care.

76.     The Eighth Amendment prohibits officials from showing deliberate indifference to persons' serious medical needs or suffering.

77.     Plaintiff's broken tooth is a serious medical need that admittedly needed to be removed and which has, to date, been denied leading to extreme pain to Plaintiff.

78.     The conditions of Plaintiff's incarceration fall below the constitutionally minimally adequate standards and violate his due process rights by providing inadequate access to necessary medical care, including the care for his broken tooth.

79.     As a direct result of Unknown DuPage County Jail Dentist's due process violation, Plaintiff has suffered, and continues to suffer, physical and emotional damages.

80.    Unknown DuPage County Jail Dentist has acted with deliberate indifference with respect to Plaintiff and continues to engage in such conduct by refusing to provide Plaintiff with adequate medical attention despite his objectively serious medical condition and his written grievances regarding the same.

WHEREFORE, Plaintiff, Herman L. Nitz, respectfully requests that this Honorable Court enter a judgment in his favor and award him compensatory damages, costs, attorneys' fees, and any other relief this Court deems just.

### COUNT IX
**(Failure to Protect - §1983 Against Deputy Wester)**

81.    Plaintiff hereby re-alleges and incorporates paragraphs 1-80 of this Amended Complaint as though fully set forth in this paragraph.

82.    Placing Plaintiff in close proximity with fellow inmates who were knowingly arrested based on Plaintiff's information put Plaintiff at a substantial risk of serious harm from attacks.

83.    Plaintiff repeatedly complained about his safety, as it was well known around his pod of the DuPage County Jail that Plaintiff had turned in numerous criminals.

84.    On at least on occasion soon after Detective "Tony" refused to provide Plaintiff with his promised personal recognizance bond, Plaintiff was severely beaten by fellow inmates, all the while Deputy Wester stood by and watched.

85.    Wester, operating under color of state law, acted with deliberate indifference to Plaintiff's Eighth Amendment right to be protected from attacks from fellow inmates when she failed to ensure Plaintiff's reasonable safety.

86.     In clear contravention of Plaintiff's Eighth Amendment right to be protected from harm by other inmates, Wester failed to take any reasonable steps to protect Plaintiff from other inmates.

87.     Wester's failure to act was a direct and proximate cause of the physical and emotional harm inflicted upon Plaintiff.

WHEREFORE, Plaintiff, Herman L. Nitz, respectfully requests that this Honorable Court enter a judgment in his favor and award him compensatory damages, costs, attorneys' fees, and any other relief this Court deems just.

## JURY DEMAND

Plaintiff, Herman L. Nitz, hereby demands a trial by jury under Federal Rule of Civil Procedure 38(b) on all issues so triable.

HERMAN L. NITZ


By:  s/E.Jason Tremblay
       E. Jason Tremblay


E. Jason Tremblay (ARDC#6273176)
Nicole A. Gross (ARDC# 6289631)
Arnstein & Lehr LLP
120 S. Riverside Plaza, Suite 1200
Chicago, Illinois 60606
(312) 876-7100
Fax: (312) 876-0288
8051205_2