NORTHERN DISTRICT                EASTERN DIVISION

STATE OF ILLINOIS ) SS: 28 USC §1746 · 735 ILCS 5/1-109 · 28 USC §1651.
COUNTY OF DUPAGE )

HERMAN L. NITZ JR., I.R.# 42337,

PLAINTIFF, PRO SE.   **FILED**

VS.        6-23-2008
           JUN 23 2008
           JUN 23 2008

TONY, ("DOE") et al.   MICHAEL W. DOBBINS
                       CLERK, U.S. DISTRICT COURT

DEFENDANTS

CASE No.# 2008-C-0334
THE HONORABLE WILLIAM J. HIBBLER
UNITED STATES DISTRICT COURT JUDGE
PRESIDING

BRIEF AND MEMORANDUM OF LAW IN SUPPORT OF MOTION TO ADD DEFENDANTS & AMENDMENTS
PRO SE DECLARATION AND OR MOTION TO ADDRESS THE COURT ON RECORD

NOW COMES, HERMAN L. NITZ JR., MOVANT ( DECLARANT "(NITZ)" PRO SE
ON HIS OWN BEHALF, IN SUPPORT THEREOF; NITZ, STATES AS FOLLOWS:

1. NITZ, DECLARES THAT VARIOUS PERSONS NAMED BELOW, HAVE RETALIATED AND AGAIN
CONSPIRED TO OBSTRUCT THE DUE COURSE OF JUSTICE AND TO DEPRIVE NITZ OF HIS CIVIL
RIGHTS AS NITZ HAS EXERCISED HIS RIGHT TO ASSEMBLE AND PETITION THE GOVERNMENT
FOR A REDRESS OF GRIEVANCES AS FOLLOWS:

2. NITZ FILED A 42 USC §1983 FEDERAL CIVIL RIGHTS COMPLAINT, ENTITLED;
" NITZ V. TONY ("doe") et al., CASE No# 2008-C - 0334" IN UNITED STATES
DISTRICT COURT, THE HON. WILLIAM HOBBLER (" J. PRESIDING") APPOINTED COUNSEL
MR. EDMOND J. TREMBLAY TO REPRESENT NITZ (PRO BONO) OF THE LAW FIRM
ARNSTEIN & LEHR LLP 120 S. RIVERSIDE PLAZA SUITE # 1200 CHICAGO, IL 60606
- 3910 # (312) 876-7100, OR. #(312) 876-6676.

3. NITZ FILED THIS COMPLAINT AND AMONG OTHER CLAIMS NITZ ALLEGED CONSPIRACY
AND RETALIATION CLAIMS, AGAINST GLEN ELLYN POLICE DETECTIVE TONY ("DOE") AND.
ALSO AGAINST EMPLOYEES WORKING AT THE DUPAGE COUNTY JAIL ("i.e." JAIL DENTIST
AND DEPUTY WEBSTER" TOO.) NITZ; NOW ALLEGES THAT ON APRIL 16th, 2008 NITZ
RECEIVED A VISIT FROM PRO BONO COURT APPOINTED COUNSEL MR. EDMOND J.
TREMBLAY AND MS. NICOLE A. GROSS OF ARNSTEIN & LEHR LLP. DURING THE COURSE
OF THAT VISIT HE & MR. TREMBLAY & MS. GROSS WERE SUPPOSED TO BE IN A
CONTACT VISITING BOOTH TO BE ASSURED PRIVACY ("i.e.") THE CLIENT-ATTORNEY
PRIVILEGE.

4. MR. TREMBLAY TOLD NITZ THAT HE AND MS. GROSS RECEIVED ; COLD STARES FROM
SEVERAL JAIL EMPLOYEES UPON THEIR ARRIVAL AND ANNOUNCED THEY CAME TO VISIT NITZ.

5. MR. TREMBLAY TOLD NITZ TO BE AWARE THAT THEIR CONVERSATION WAS PROBABLY
BEING RECORDED AS THEY WERE FORCED TO CONVERSE OVER SPEAKER PHONE SYSTEM RATHER
THAN SHOWN THE COURTESY OTHER ATTORNEYS AND CLIENTS WERE SHOWN ("i.e.") BEING
ALLOWED TO HAVE A CONTACT VISIT AS IS STANDARD JAIL POLICY THAT ATTORNEY'S AND
CLIENTS REGULARLY RECEIVE. MS. GROSS THEN TOLD NITZ THAT SHE AND MR. TREMBLAY HAD
COMPLETED PAPER WORK FOR A CONTACT VISIT. THEN; BECAUSE NITZ HAD DOCUMENTS AND
CERTAIN PHYSICAL EVIDENCE ("i.e." PIECES OF NITZ BROKEN TOOTH) TO GIVE MR.
TREMBLAY AND MS. GROSS WENT AND ASKED MALE DEPUTY ALVAREZ ON DUTY FOR
2-ART- UVW-XYZ VISITING AREA TO ALLOW MR. TREMBLAY, MS. GROSS AND HIMSELF TO HAVE

## DUPAGE COUNTY JAIL
## INMATE REQUEST/GRIEVANCE FORM

PRINT
NAME:_____    DATE:_____

DOCKET
NUMBER:_____    HOUSING LOCATION: D/L_____ POD_____ CELL_____

**CHECK ONLY ONE ITEM PER SLIP**

### LEGAL

☐ PUBLIC DEFENDER                    ☐ PROBATION

CASE # _____        COURT ROOM # _____

### ADMINISTRATIVE SERVICES

☐ SEE WATCH SUPERVISOR               ☐ GRIEVANCE
☐ LAW LIBRARY                        ☐ COMMISSARY AUDIT
☐ OUTDATE/WARRANT CHECK              ☐ TRUSTY WORK REQUEST
☐ HAIRCUT                            ☐ OTHER _____
☐ LETTER OF INCARCERATION REQUEST

### JUST of DUPAGE SOCIAL/EDUCATIONAL SERVICES

☐ ALCOHOLICS ANONYMOUS               ☐ JOB READINESS
☐ NARCOTICS ANONYMOUS                ☐ GED
☐ ADDICTION EDUCATION/12 STEP        ☐ BASIC COMPUTER TRAINING
☐ AL-ANON (FEMALE ONLY)              ☐ ANGER MANAGEMENT
☐ SUBSTANCE ABUSE COUNSELING         ☐ BOOK CLUB (FEMALE ONLY)
☐ DOCE PASOS DE VICTORIA             ☐ PARENTING (FEMALE ONLY)
☐ ONE ON ONE COUNSELING              ☐ TELEPHONE REQUEST
☐ RELAPSE PREVENTION/HEALING ADDICTIONS
☐ "TO COURT" LETTER (REQUEST OF ACTIVITIES ATTENDED)

### JUST of DUPAGE RELIGIOUS SERVICES

☐ CATHOLIC WORSHIP                   ☐ SCRIPTURE REQUEST (TYPE)_____
☐ MUSLIM WORSHIP                     ☐ ESTUDIO DE LA BIBLIA EN ESPANOL
☐ CHRISTIAN WORSHIP/BIBLE STUDY      ☐ BIBLE STUDY CORRESPONDENCE COURSE
☐ CHAPLAIN, JUST of DUPAGE

### JAIL CHAPLAIN SERVICES

☐ DEACON ANDREW, CHAPLAIN            ☐ FATHER GREG, ASS'T. CHAPLAIN

### DUPAGE COUNTY HEALTH DEPARTMENT

☐ HEALTH EMPOWERMENT (FEMALES ONLY)
☐ OTHER_____

DESCRIBE (Use Reverse Side If More Space Is Needed)

_____
_____
_____
_____
_____
_____
_____
_____

THEIR CONTACT VISIT? DEPUTY ALVAREZ ("1st-SHIFT") TOLD NITZ THAT HE WAS NOT GIVEN SUCH INFORMATION BUT STATED THAT HE ALVAREZ WOULD COME DOWN TO VISITORS REGISTRATION TO VERIFY NITZ' STATEMENTS.

6. WHEN NITZ VISIT WITH ATTORNEYS GROSS AND TREMBLAY WAS ALMOST OVER DEPUTY ALVAREZ FINALLY TOLD NITZ OVER P.A. SYSTEM THAT HE AND ATTORNEYS COULD NOW GO TO THE CONTACT VISITORS ROOM. NITZ GAVE MS. GROSS & MR. TREMBLAY THE PIECES OF HIS BROKEN TOOTH AS WELL AS DOCUMENTS (i.e. "] POST-CONVICTION PETITION AND SUPPORTING DOCUMENTS REGARDING NITZ CRIMINAL CASE ENTITLED: " PEOPLE OF THE STATE OF ILLINOIS V. HERMAN L. NITZ JR. CASE NO # 2005-CF-2101.

7. IT SHOULD ALSO BE NOTED THAT NITZ ALSO LATER SENT OTHER DOCUMENTS TO MR. TREMBLAY & MS. GROSS REGARDING CASES ENTITLED: PEOPLE OF THE STATE OF ILLINOIS V. HERMAN L. NITZ JR. CASE NO # (3) 2007-CF-2821 ("ALSO # 08-CF-1049, # 08-CF-1050, # 08-CF-1051, # 2006-CM-136") AND: HERMAN L. NITZ JR. V. THE HONORABLE GEORGE BAKALIS, et al ( MANDAMUS PETITION) CASE NO # 08-MR-700.

8. WHEN THE VISIT ENDED NITZ LEFT THE VISITORS AREA AND ON HIS WAY OUT DEPUTY JOE ZBILSKI AND ALVAREZ MADE DEROGATORY COMMENTS TO NITZ ABOUT THE SPECIFIC NATURE OF NITZ LAWSUIT. DEPUTY ZBILSKI ALSO TOLD NITZ THAT HE WOULD PROBABLY LOSE HIS JOB AS A TRUSTY AFTER HIS VISIT WITH J.G. WENTWORTH.

9. ON THE FOLLOWING DAY 4-17-2008, GLEN GUYN ILLINOIS POLICE OFFICER JOHN PERKINS # 55 CAME BACK TO THE JAIL AND CHARGED NITZ WITH ("3") (THREE) NEW FELONY CHARGES # 08-CF-1049, # 08-CF-1050 AND # 08-CF-1051 ALLEGED TO HAVE BEEN COMMITTED ON 7-18-2007, 9-10-2007 AND 10-21-2007.

10. IT SHOULD BE NOTED THAT SINCE NITZ ARREST ON 10-22-2007 HE HAS DILIGENTLY SOUGHT TO SEE THE ALLEGED FINGERPRINTS POLICE SAID THEY HAD LIFTED FROM ALLEGED CRIME SCENE ON 9-23-24-2007 ("SEPT. 23RD OR 24TH 2007.") IT SHOULD ALSO BE NOTED THAT NONE OF THAT ALLEGED MERCHANDISE THAT WAS ALLEGEDLY STOLEN (" i.e. $600.00 OF SILVER JEWELRY") HAS NEVER BEEN RECOVERED BY POLICE.

11. NITZ PUBLIC DEFENDER MR. JEFFREY A. YORK OF THE DUPAGE COUNTY PUBLIC DEFENDERS OFFICE- 503 N. COUNTY FARM RD. WHEATON, IL 60187 (630) 407-8300 ALSO PURPOSELY MISREPRESENTED KEY FACTORS TO NITZ REGARDING ALLEGED LOCATION FINGERPRINTS WERE ALLEGEDLY LIFTED FROM. YORK TRIED TO TELL NITZ POLICE RECOVERED NITZ FINGERPRINTS ("2 OUT OF 27") FROM THE INSIDE OF A LOCKED AND CLOSED JEWELRY DISPLAY CASE, BUT: PREVIOUSLY POLICE HAD ALREADY TOLD NITZ THAT SOMEONE EMPLOYED AT CHURCH WHERE JEWELRY WAS ALLEGEDLY LIFTED FROM HAD CLOSED AND LOCKED THE CASE BEFORE POLICE ACTUALLY WERE ABLE TO GET TO THE CRIME SCENE. BASED ON THAT INFORMATION NITZ TOLD YORK, THAT YORK WAS LYING TO NITZ AND THAT YORK SHOULD RE-READ THE POLICE REPORTS. YORK AFTER HAVING DONE SO ADMITTED THAT NITZ HAD BEEN CORRECT.

12. NITZ TOLD YORK THAT HE WANTED YORK TO HIRE AN EXPERT WITNESS TO SCIENTIFICALLY TEST THE CRIME SCENE AND ALL SURFACES etc. WHERE PRINTS WERE ALLEGED TO HAVE BEEN DUSTED FROM AND LIFTED AT, NITZ WANTED YORK TO HAVE THIS EXPERT FOR SEVERAL REASONS: 1. THE CRIME SCENE HAD BEEN TAINTED AND COMPROMISED, 2. NITZ IS INNOCENT OF THIS AND ALL OTHER OFFENSES CHARGED, 3. THERE IS NO OTHER EVIDENCE LINKING NITZ TO THE OFFENSES CHARGED IN CASE NO # 2007-CF-2821, 4. NITZ BELIEVES CERTAIN PERSONS INTENTIONALLY LIED TO POLICE ABOUT NITZ POSSIBLE INVOLVEMENT IN THE COMMISSION OF A CRIME TO GET THEMSELVES OUT OF TROUBLE BY TRADING INFORMATION AFTER BEING INDUCED BY POLICE TO DO SO TO OBTAIN A DEAL BY POLICE AND PROSECUTION FOR THEMSELVES BY TAKING ON NITZ, 5. YORK TRIED TO PURPOSELY AND

# DUPAGE COUNTY JAIL
## INMATE REQUEST/GRIEVANCE FORM

FORM:SO-J0421
REVISED:03/06

PRINT
NAME:_____    DATE:_____

DOCKET
NUMBER:_____    HOUSING LOCATION: D/L_____ POD_____ CELL_____

**CHECK ONLY ONE ITEM PER SLIP**

---

### LEGAL

☐ PUBLIC DEFENDER                    ☐ PROBATION

CASE # _____    COURT ROOM # _____

---

### ADMINISTRATIVE SERVICES

☐ SEE WATCH SUPERVISOR               ☐ GRIEVANCE
☐ LAW LIBRARY                        ☐ COMMISSARY AUDIT
☐ OUTDATE/WARRANT CHECK              ☐ TRUSTY WORK REQUEST
☐ HAIRCUT                            ☐ OTHER _____
☐ LETTER OF INCARCERATION REQUEST

---

### JUST of DUPAGE SOCIAL/EDUCATIONAL SERVICES

☐ ALCOHOLICS ANONYMOUS               ☐ JOB READINESS
☐ NARCOTICS ANONYMOUS                ☐ GED
☐ ADDICTION EDUCATION/12 STEP        ☐ BASIC COMPUTER TRAINING
☐ AL-ANON (FEMALE ONLY)              ☐ ANGER MANAGEMENT
☐ SUBSTANCE ABUSE COUNSELING         ☐ BOOK CLUB (FEMALE ONLY)
☐ DOCE PASOS DE VICTORIA             ☐ PARENTING (FEMALE ONLY)
☐ ONE ON ONE COUNSELING              ☐ TELEPHONE REQUEST
☐ RELAPSE PREVENTION/HEALING ADDICTIONS
☐ "TO COURT" LETTER (REQUEST OF ACTIVITIES ATTENDED)

---

### JUST of DUPAGE RELIGIOUS SERVICES

☐ CATHOLIC WORSHIP                   ☐ SCRIPTURE REQUEST (TYPE)_____
☐ MUSLIM WORSHIP                     ☐ ESTUDIO DE LA BIBLIA EN ESPANOL
☐ CHRISTIAN WORSHIP/BIBLE STUDY      ☐ BIBLE STUDY CORRESPONDENCE COURSE
☐ CHAPLAIN, JUST of DUPAGE

---

### JAIL CHAPLAIN SERVICES

☐ DEACON ANDREW, CHAPLAIN            ☐ FATHER GREG, ASS'T. CHAPLAIN

---

### DUPAGE COUNTY HEALTH DEPARTMENT

☐ HEALTH EMPOWERMENT (FEMALES ONLY)
☐ OTHER_____

**DESCRIBE (Use Reverse Side If More Space Is Needed)**

_____
_____
_____
_____
_____
_____

intentionally misrepresent key factors to Nitz defense by trying to tell Nitz police lifted Nitz finger prints from the inside of a locked and closed jewelry display case which police had already told Nitz a church employee had closed and locked before police could actually arrive to scene of alleged crime. Thus the crime scene was compromised and the evidence was tainted and York tried to conceal these facts from Nitz not knowing that Nitz knew York was lying to him, then when Nitz told York he should re-read the police reports York finally admitted Nitz was right, 6, No evidence such as the alleged stolen merchandise was ever recovered to prove an offense had even occurred, 7. York refused to hire an expert though Nitz explained all about factors to York, 8. Though Nitz had diligently sought to see the alleged finger prints since his arrest on 10-22-2007 York and the prosecutor refused to allow Nitz to see them until 6-10-2008 ("About 8 months") and then Nitz was forced to view these ("photographed prints") in presence of prosecutor O'Connor as York tried to elicit a response from Nitz to incriminate himself in the courtroom in front of prosecutor and York told Nitz he "did not care about Nitz' opinion" right in front of prosecutor also, 9. At this point Nitz realized York was in reality Nitz adversary and had divided loyalties, was serving two masters, was laboring under a conflict of interests, and was ineffective as Nitz was forced to represent his own case from day one, as York at critical stages of all previous proceedings never advocated a defense for Nitz causing prejudice to be addressed toward Nitz intentionally as York realized he would be found ineffective unless he did so, 10. Then on 4-17-08 the day after Nitz visit with his attorney's Ms. Gross and Mr. Tremblay, Glen Ellyn Illinois police officer John Perkins #55 came to the Dupage County jail to take ("3") full sets of "inked finger prints" from Nitz and a "single" photograph", 11. Though Nitz was already indicted in case no. 2007-CF-2821 officer Perkins #55 tried to elicit responses from Nitz to questions regarding #2007-CF-2821 and other cases, Nitz asked that he would be allowed to have Mr. York present to protect Nitz rights, Perkins #55 suggested to Nitz, that it was Mr. York who actually sent him to see Nitz, but, Nitz persisted to have York present as York was right in the next building and refused to allow himself to be printed and photographed, but, Perkins #55 threatened Nitz with physical harm, Nitz pointed out that the "lazer scanner finger print machine was only four feet away from where Nitz and Perkins #55 were standing" and that Nitz found it highly impermissively suggestive that Perkins #55 would come to the jail more than 8 months after Nitz arrest on 10-22-2007 to force Nitz to relinquish ("3") full sets of "inked finger prints" and a "single photograph" before being allowed to see discovery material and alleged ("2 out of 27") finger prints the police, prosecution and Mr. York said they already had, and, 12. As Nitz was forced to allow himself to again be finger printed only this time on 4-17-08 with "actual ink" as opposed to "lazer scanner print machine" on 10-22-2007 before seeing "photographic finger prints" and prior to an expert witness being hired to scientifically test "compromised and tainted" crime scene finger prints and dusted surfaces where prints were allegedly lifted from, 13. Nitz submitted pro se motions and a mandamus petition to compel officials to perform certain ministerial public duties, 14. Once Perkins #55 had left the jail on 4-17-2008 the following persons retaliated against Nitz and took substantial steps in furtherance of a conspiracy to obstruct justice and deprive Nitz of his civil rights, 15. Members of the Dupage County public defenders office without authority or justification took it upon themselves to intentionally engage in a tacit agreement through a meeting of the minds to "forge documents, file motions (contrary to Nitz requests to sever #2008-CF-1049 and #08-CF-1057") as a trained "notary public" Carol I. Cadonigro allowed Marysol Diaz to forge the signatures of asst. p.d.'s Anthony V. Coco and Jacqueline M. Lacy for illegal purpose of having case(s) transferred from original courtroom's #4014 and #4010 to #4008 under guise of pretext of lower case rule on notice of motion forms

## DUPAGE COUNTY JAIL
## INMATE REQUEST/GRIEVANCE FORM

FORM:SO-00422
REVISED:02/06

PRINT
NAME:_____    DATE:_____

DOCKET
NUMBER:_____    HOUSING LOCATION: D/L_____ POD_____ CELL_____

**CHECK ONLY ONE ITEM PER SLIP**

---

**LEGAL**

☐ PUBLIC DEFENDER                          ☐ PROBATION

CASE # _____            COURT ROOM # _____

---

**ADMINISTRATIVE SERVICES**

☐ SEE WATCH SUPERVISOR                     ☐ GRIEVANCE
☐ LAW LIBRARY                              ☐ COMMISSARY AUDIT
☐ OUTDATE/WARRANT CHECK                    ☐ TRUSTY WORK REQUEST
☐ HAIRCUT                                  ☐ OTHER _____
☐ LETTER OF INCARCERATION REQUEST

---

**JUST of DUPAGE SOCIAL/EDUCATIONAL SERVICES**

☐ ALCOHOLICS ANONYMOUS                     ☐ JOB READINESS
☐ NARCOTICS ANONYMOUS                      ☐ GED
☐ ADDICTION EDUCATION/12 STEP              ☐ BASIC COMPUTER TRAINING
☐ AL-ANON (FEMALE ONLY)                    ☐ ANGER MANAGEMENT
☐ SUBSTANCE ABUSE COUNSELING               ☐ BOOK CLUB (FEMALE ONLY)
☐ DOCE PASOS DE VICTORIA                   ☐ PARENTING (FEMALE ONLY)
☐ ONE ON ONE COUNSELING                    ☐ TELEPHONE REQUEST
☐ RELAPSE PREVENTION/HEALING ADDICTIONS
☐ "TO COURT" LETTER (REQUEST OF ACTIVITIES ATTENDED)

---

**JUST of DUPAGE RELIGIOUS SERVICES**

☐ CATHOLIC WORSHIP                         ☐ SCRIPTURE REQUEST (TYPE)_____
☐ MUSLIM WORSHIP                           ☐ ESTUDIO DE LA BIBLIA EN ESPANOL
☐ CHRISTIAN WORSHIP/BIBLE STUDY            ☐ BIBLE STUDY CORRESPONDENCE COURSE
☐ CHAPLAIN, JUST of DUPAGE

---

**JAIL CHAPLAIN SERVICES**

☐ DEACON ANDREW, CHAPLAIN                  ☐ FATHER GREG, ASS'T. CHAPLAIN

---

**DUPAGE COUNTY HEALTH DEPARTMENT**

☐ HEALTH EMPOWERMENT (FEMALES ONLY)
☐ OTHER_____

DESCRIBE (Use Reverse Side if More Space is Needed)

_____
_____
_____
_____
_____
_____
_____
_____

AFTER NITZ SPECIFICALLY SENT MR. YORKS OFFICE WRITTEN INSTRUCTIONS ON A FORMAL WRITTEN " DUPAGE COUNTY JAIL INMATE REQUEST / GRIEVANCE FORM ( FORM : 50-0422 REVISED : 02/06, ") *"SEE REVERSE OF THIS PAGE FOR FORM EXAMPLE" * NITZ SPECIFICALLY WROTE INSTRUCTING YORKS OFFICE THAT HE WANTED HIS CASES "KEPT SEVERED" AND THAT HE ALSO NEVER REQUESTED THE COURT ON 4-17-08 TO APPOINT THE PUBLIC DEFENDERS OFFICE TO REPRESENT HIM ON THESE NEW CASES # 08-CF-1049, # 08-CF-1050, OR; # 08-CF-1051.

13. NITZ ALSO POINTED OUT THAT THE MOTION HE PREVIOUSLY FILED ON 3-4-08 AT 3:22 PM WAS A FAIR INDICATOR THAT HE DID NOT WANT THESE CASES TO BE TRANSFERRED TO # 4006 OR TO BE HEARD BY JUDGE BAKALIS, O'CONNOR OR, YORK, OR HIS OFFICE, OR TO BE JOINED WITH #07-CF-2821

14. AS NITZ MOTION ( " RECEIVED AND STAMPED FILED BY THE CLERK OF THE 18TH JUDICIAL CIRCUIT COURT - CHRIS KACHIROUBAS - ON 3-4-08 AT 3:22 PM ") WAS ENTITLED : " MOTION FOR SUBSTITUTION OF COUNSEL OUTSIDE THE DUPAGE COUNTY PUBLIC DEFENDERS OFFICE, REQUEST FOR SUBSTITUTION OF JUDGE AND FOR A CHANGE OF VENUE" AS WELL AS THE FACT THAT HE ALSO SENT YORKS OFFICE A FORMAL REQUEST "THAT HE WANTED CASES KEPT SEVERED AND TO REMAIN IN ORIGINALLY ASSIGNED COURTROOMS # 4010 & # 4014. (# 08-CF-1049 & 1051.") NITZ MADE HIS INTENTIONS LOUD AND CLEAR AS THAT MOTION MAKES OBVIOUS AS THAT MOTION WAS OVER 13 PAGES LONG AND WAS SUPPORTED BY MULTIPLE PRO SE AFFIDAVITS (PLEASE SEE RECORD OF PROCEEDINGS) FOR CASE # 07-CF-2821 PLEASE.

15. IT SHOULD BE NOTED THAT NITZ FILED A SPEEDY TRIAL demand PURSUANT TO 725 ILCS 5/103-5 IN CASE NO# 07-CF-2821 AND THAT THE 120 PERIOD HAD TOLLED ALREADY BY THAT ABOVE DATE THAT NITZ HEARINGS ON HIS 3-4-08 AT 3:22 PM MOTION WAS HEARD AT INDEPENDENT HEARINGS BEFORE JUDGE BURKE COURTROOM # 4010 ON 3-19-08, 3-21-08, 3-26-08, 3-27-08 AND BEFORE JUDGE BAKALIS # 4006 ON 3-31-08 AND 4-21-08 IN CASE # 07-CF-2821 REGARDING MOTION TO SUBSTITUTE COUNSEL, JUDGE & CHANGE OF VENUE. ( APPEAL WAS ALSO FILED) APPEAL NO# 2-08-0260 W/ 2ND APPELLATE COURT DISTRICT AT 55 SYMPHONY WAY ELGIN, IL 60120-5558 phone (# 847) 695-3750.

16. THEN ON 4-17-08, AN INDIVIDUAL (ASST. P.D?) IDENTIFIED ONLY AS "MTH" SUBMITTED SPECIFIC UNAUTHORIZED MOTIONS IN CASES # 08-CF-1049, 1050 & 1051 WHICH DID NOT WANT FILED FOR SPEEDY TRIAL demand. APPOINTMENT OF P.D.'S OFFICE BY ORDER. DUPAGE ATTORNEY NUMBER FOR "MT" # 100131, TO PREJUDICE NITZ DEFENSE IN CASE # 07-CF-2821.

17. THEN ON 4-24-08 TRAINED "NOTARY" PUBLIC CAROL L. COPONIERO, ALLOWED "MARYSOL DIAZ" TO "FORGE" TWO DIFFERENT NOTICE OF MOTION FORMS ( FORM : 2169 (REV.12/04,) AS DIAZ SIGNED FOR TWO DIFFERENT EMPLOYEES OF THE DUPAGE COUNTY PUBLIC DEFENDERS OFFICE "ANTHONY V. COCO, DUPAGE ATTORNEY NO# 100094 ( 4-24-08) NOTICE OF MOTION CASE NO# 08-CF-1051," AND ALSO; " JACQUELINE M. LACY, DUPAGE ATTORNEY NO# 100120 ( ALSO 4-24-08) 2ND NOTICE OF MOTION FORM IN CASE NO.# 08-CF-1049 (SEE EXHIBITS) PLEASE CALL P.D.'S OFFICE (630) 407-8300) FOR VERIFICATIONS ETC. OR CLERKS OFFICE INSTEAD, OR; "CUSTOMER SERVICE, CIRCUIT CLERK @ DUPAGE. ORG". - NITZ REALIZED THIS WAS BEING DONE TOO INTENTIONALLY, AS A SUBSTANTIAL STEP IN FURTHERANCE OF CONSPIRACY TO OBSTRUCT JUSTICE, FUELED BY MORE RETALITORY AND MALICIOUS, VINDICTIVE INTENT, SIMPLY BECAUSE NITZ AGAIN EXERCISED HIS RIGHT TO COMPLAIN AND TO PETITION THE GOVERNMENT TO SEEK REDRESS OF GRIEVANCES REGARDING THE ILLEGAL CONDUCT OF PUBLIC OFFICIALS BY FILING MANDAMUS & OTHER ACTIONS.

18. NITZ WROTE MORE MOTIONS, PETITIONS, COMPLAINTS, AFFODAVITS, LETTERS, REQUEST SLIPS GRIEVANCES & GRIEVANCE APPEALS AND A MANDAMUS PETITION CASE NO# 08-MR-700 TO COMPEL ABOVE AND OTHER PUBLIC OFFICIALS TO PERFORM PUBLIC MANDATORY NON-DISCRETIONARY DUTIES (NITZ SENT COPIES OF THESE DOCUMENTS TO MR. TREMBLAY AND TO CLERK OF THE 18TH JUDICIAL CIRCUIT C/O CHIEF JUDGE ANN B. JORGENSON.) SEE EXHIBITS,

# DUPAGE COUNTY JAIL
## INMATE REQUEST/GRIEVANCE FORM

FORM:SO-48422
REVISED:02/08

PRINT NAME:_____    DATE:_____

DOCKET NUMBER:_____    HOUSING LOCATION: D/L_____ POD_____ CELL_____

CHECK ONLY ONE ITEM PER SLIP

---

### LEGAL

☐ PUBLIC DEFENDER                    ☐ PROBATION

CASE # _____            COURT ROOM # _____

---

### ADMINISTRATIVE SERVICES

☐ SEE WATCH SUPERVISOR               ☐ GRIEVANCE
☐ LAW LIBRARY                        ☐ COMMISSARY AUDIT
☐ OUTDATE/WARRANT CHECK              ☐ TRUSTY WORK REQUEST
☐ HAIRCUT                            ☐ OTHER _____
☐ LETTER OF INCARCERATION REQUEST

---

### JUST of DUPAGE SOCIAL/EDUCATIONAL SERVICES

☐ ALCOHOLICS ANONYMOUS               ☐ JOB READINESS
☐ NARCOTICS ANONYMOUS                ☐ GED
☐ ADDICTION EDUCATION/12 STEP        ☐ BASIC COMPUTER TRAINING
☐ AL-ANON (FEMALE ONLY)              ☐ ANGER MANAGEMENT
☐ SUBSTANCE ABUSE COUNSELING         ☐ BOOK CLUB (FEMALE ONLY)
☐ DOCE PASOS DE VICTORIA             ☐ PARENTING (FEMALE ONLY)
☐ ONE ON ONE COUNSELING              ☐ TELEPHONE REQUEST
☐ RELAPSE PREVENTION/HEALING ADDICTIONS
☐ "TO COURT" LETTER (REQUEST OF ACTIVITIES ATTENDED)

---

### JUST of DUPAGE RELIGIOUS SERVICES

☐ CATHOLIC WORSHIP                   ☐ SCRIPTURE REQUEST (TYPE)_____
☐ MUSLIM WORSHIP                     ☐ ESTUDIO DE LA BIBLIA EN ESPANOL
☐ CHRISTIAN WORSHIP/BIBLE STUDY      ☐ BIBLE STUDY CORRESPONDENCE COURSE
☐ CHAPLAIN, JUST of DUPAGE

---

### JAIL CHAPLAIN SERVICES

☐ DEACON ANDREW, CHAPLAIN            ☐ FATHER GREG, ASS'T. CHAPLAIN

---

### DUPAGE COUNTY HEALTH DEPARTMENT

☐ HEALTH EMPOWERMENT (FEMALES ONLY)
☐ OTHER _____

DESCRIBE (Use Reverse Side If More Space Is Needed)

_____
_____
_____
_____
_____
_____
_____
_____
_____

19. ON MAY 19th, 2008 DURING EVENING MAIL CALL ("2ND SHIFT AT HOUSING LOCATION: DETENTION LEVEL (D/L) 2-Y-16 POD A DEPUTY MOORE TOLD NITZ HE RECEIVED MAIL AND THAT THE DUPAGE COUNTY SHERIFFS DEPARTMENT C/O JOHN E. ZARUBA  501 N. COUNTY FARM Rd. WHEATON, IL 60187 *(630) 407-2000 WAS RETURNING DOCUMENTS TO HIM.

20. ON 5-6-08 DEPUTY CLERK MELISSA DROTZIGER SENT NITZ A LETTER ADVISING NITZ THAT HIS MANDAMUS PETITION WAS FILED AS CASE NO.# 2008-MR-700 ENTITLED: "HOLMAN L. NITZ JR. V. THE HONORABLE GEORGE BAKALIS et al., STAMPED RECEIVED AND FILED MAY 6th, 2008 At 15:13 pm by CHRIS KACHIROUBAS" At: CUSTOMER SERVICE, CIRCUIT CLERK @ DUPAGE CO: ORJ. AND THAT NITZ SUMMONS HE PREVIOUSLY SUBMITTED FOR ISSUANCE WERE INCORRECT, NITZ WAS INSTRUCTED BY DROTZIGER THAT HE SHOULD FIN OUT THE NEW SUMMONS FORMS SHE ENCLOSED AND FOR NITZ TO RETURN THEM FOR ISSUANCE AGAIN. DROTZIGER IN SAME 5-6-08 LETTER ALSO INFORMED NITZ THAT HIS APPLICATION AND ORDER FOR INDIGENCY WERE FORWARDED TO JUDGE WHEATON FOR REVIEW AND CONSIDERATION WHICH WAS LATER GRANTED BY JUDGE WHEATON TOO.

21. THEN AS MENTIONED ABOVE, LATER, ON 5-19-08, DEPUTY MOORE HANDED NITZ THE LEGAL SIZE ENVELOPE WHICH CONTAINED 11 COPIES OF HIS SUMMONS FORMS WHICH WERE ATTACHED TO 11 COMPLAINT PACKETS THAT WERE SOME ONE ELSES DOCUMENTS AND NOT NITZ. E.G. ("11 SUMMONS FORMS FOR CASE ABOVE NITZ v. BAKALIS #08-MR-700 WERE STAPLED TO 11 COMPLAINTS ENTITLED: "COUNTRY WIDE HOMELOAN CO. V. ROBERT JANKOBSKI JR., et al. CASE NO# 2007-CH-428".) NITZ ORIGINAL MANDAMUS COMPLAINT WAS ALSO ENCLOSED THEREIN TOO.

22. BOTH NITZ AND DEPUTY MOORE REALIZED THIS MISTAKE HAD TO BE CLEARED UP, BUT, NOT BY NITZ, AS IT WAS NOT NITZ FAULT THAT THIS MISTAKE WAS MADE. ALSO, BECAUSE THE SHERIFF HAD SENT NITZ THIS PACKAGE TO NITZ INSTEAD OF TO THE CLERKS OFFICE, WAS, CAUSE FOR CONCERN TO NITZ, AS DEPUTY MOORE SUGGESTED THAT NITZ PARENTS MIGHT HAVE PASSED AWAY AND DOCUMENTS WERE PERHAPS SENT TO NITZ AS NITZ AND HIS FATHER HAVE SAME NAME ("JR. AND SR.") HOWEVER NITZ didn't BELIEVE THAT TO BE THE CASE, AS NITZ WAS NOT EXECUTOR OF HIS FATHERS WILL.

23. ALSO AS NITZ FATHER did NOT PASS AWAY AND NITZ HAD NO BUSINESS WITH EITHER PARTY TO #07-CH-428 NITZ REFUSED TO ACCEPT THE PACKAGE AND DEPUTY MOORE RETURNED LARGE YELLOW LEGAL ENVELOPE TO BE RETURNED TO CIVIL DEPT. OF SHERIFFS DIVISION AT #(630) 407-2060 OR #(630) 682-7250.

24. THE FOLLOWING DAY ON 5-20-2008 (1st SHIFT) A SGT. MALONE CAME TO SEE NITZ AND SHE HAD THE SAME LARGE YELLOW LEGAL ENVELOPE REFERRED TO ABOVE IN HER HAND CONTAINING BOTH HIS ORIGINAL SUMMONS AND ORIGINAL COMPLAINT IN #08-MR-700 STAPLED TO THE OTHER PARTYS COMPLAINT IN CASE NO# 07-CH-428. SGT. MOORE ALSO HAD A COVER LETTER FROM THE SHERIFFS OFFICE THAT ON DATE: 5/14/08 PAPERWORK WAS RETURNED BY PROCESS SERVERS (SHERIFF EMPLOYEES) "CMS I.D. # 852 AND R.F.M. I.D. #536". UNDER ADDITIONAL COMMENTS NOTATION BOX ETC. THAT WERE CHECKED IN A HANDWRITTEN NOTATION THAT CASE #'S DO NOT MATCH COMPLAINT AND THAT NO CHECK WAS ENCLOSED WITH THE ORIGINAL PAPERWORK (THOUGH NITZ ON OTHER DATE RECEIVED NOTICE HIS APPLICATION AND ORDER FOR INDIGENCY HAD BEEN APPROVED) AND GRANTED TO PROCEED OR SUE OR DEFEND AS A POOR PERSON BY JUDGE WHEATON.

25. NITZ EXPLAINED TO SGT. MALONE THAT HE HAD PROBLEMS IN THE PAST WITH HIS LEGAL MAIL AT THE JAIL WITH DEPUTIES KEENAN AND C. ALLENDORF ETC. AND HAD WRITTEN GRIEVANCES, & APPEALS ETC. WHICH HE ALSO MENTIONED IN HIS ORIGINAL PRO SE COMPLAINT IN #08-C-0334 THAT CERTAIN DEPUTIES WERE STILL MAD AT NITZ FOR COMPLAINTS NITZ MADE ETC. AND THAT DEPUTY MOORE SEEMED NITZ BY SUGGESTING NITZ FATHER DIED, NITZ TOLD SGT. MALONE THAT HE JUST WANTED HIS MANDAMUS PETITION TO BE FILED AS NITZ WAS TRYING TO COMPEL ACTION OF OFFICIALS THAT WERE CRITICAL TO NITZ DEFENSE IN CASE NO# 07-CF-2821 THAT OFFICIALS REFUSED TO PERFORM

# DUPAGE COUNTY JAIL
## INMATE REQUEST/GRIEVANCE FORM

FORM:SO-00422
REVISED:02/06

**PRINT NAME:**_____  **DATE:**_____

**DOCKET NUMBER:**_____  **HOUSING LOCATION: D/L**_____ **POD**_____ **CELL**_____

### CHECK ONLY ONE ITEM PER SLIP

---

### LEGAL

☐ PUBLIC DEFENDER                    ☐ PROBATION

CASE # _____      COURT ROOM # _____

---

### ADMINISTRATIVE SERVICES

☐ SEE WATCH SUPERVISOR              ☐ GRIEVANCE
☐ LAW LIBRARY                      ☐ COMMISSARY AUDIT
☐ OUTDATE/WARRANT CHECK            ☐ TRUSTY WORK REQUEST
☐ HAIRCUT                          ☐ OTHER _____
☐ LETTER OF INCARCERATION REQUEST

---

### JUST of DUPAGE SOCIAL/EDUCATIONAL SERVICES

☐ ALCOHOLICS ANONYMOUS             ☐ JOB READINESS
☐ NARCOTICS ANONYMOUS              ☐ GED
☐ ADDICTION EDUCATION/12 STEP      ☐ BASIC COMPUTER TRAINING
☐ AL-ANON (FEMALE ONLY)            ☐ ANGER MANAGEMENT
☐ SUBSTANCE ABUSE COUNSELING       ☐ BOOK CLUB (FEMALE ONLY)
☐ DOCE PASOS DE VICTORIA           ☐ PARENTING (FEMALE ONLY)
☐ ONE ON ONE COUNSELING            ☐ TELEPHONE REQUEST
☐ RELAPSE PREVENTION/HEALING ADDICTIONS
☐ "TO COURT" LETTER (REQUEST OF ACTIVITIES ATTENDED)

---

### JUST of DUPAGE RELIGIOUS SERVICES

☐ CATHOLIC WORSHIP                 ☐ SCRIPTURE REQUEST (TYPE)_____
☐ MUSLIM WORSHIP                   ☐ ESTUDIO DE LA BIBLIA EN ESPANOL
☐ CHRISTIAN WORSHIP/BIBLE STUDY    ☐ BIBLE STUDY CORRESPONDENCE COURSE
☐ CHAPLAIN, JUST of DUPAGE

---

### JAIL CHAPLAIN SERVICES

☐ DEACON ANDREW, CHAPLAIN          ☐ FATHER GREG, ASS'T. CHAPLAIN

---

### DUPAGE COUNTY HEALTH DEPARTMENT

☐ HEALTH EMPOWERMENT (FEMALES ONLY)
☐ OTHER_____

---

**DESCRIBE (Use Reverse Side If More Space Is Needed)**

_____
_____
_____
_____
_____
_____
_____
_____

THOUGH OFFICIALS WERE ACTUALLY OBLIGATED BY LAW AND STATUTE TO PERFORM CERTAIN MANDATORY NON-DISCRETIONARY DUTIES MARKED OUT BY THE LAW.

26. SGT. MALONE TOLD NITZ THAT SHE WOULD PERSONALLY HAND CARRY ALL OF NITZ' DOCUMENTS TO THE CIVIL DEPARTMENT HERSELF TO STRAIGHTEN THINGS OUT FOR NITZ. BUT, SGT. MALONE RETURNED A FEW HOURS LATER TO TELL NITZ THAT THE CIVIL DIVISION REFUSED TO TAKE RESPONSIBILITY FOR "CLERKS MISTAKE" AND THAT NITZ SHOULD SEND HIS DOCUMENTS AND THE PARTY'S IN #07-CH-428 TO CLERKS CIVIL DIVISION TO CLEAR UP THIS MATTER HIMSELF.

27. NITZ EXPLAINED TO SGT. MALONE THAT HE DIDN'T THINK IT WAS APPROPRIATE FOR HER OR CIVIL DEPT. OR SHERIFF'S PROCESS SERVERS TO SHOW A BUNCH OF PRISONERS IN A JAIL TO HAVE PARTY'S #07-CH-428 PERSONAL AND PRIVATE INFORMATION SUCH AS NAMES, ADDRESS, CLAIM NUMBER# CASE NO#, ATTORNEY INFORMATION, S.S.N.# D.O.B. etc. AND TO LEARN PARTY HAD JUST RECEIVED A $163,000 HOMELOAN AS A BUNCH OF CRIMINALS SHOULD NOT BE GIVEN SUCH SENSITIVE INFORMATION BY GOVERNMENT OFFICIALS AS PARTYS INVOLVED COULD EITHER BECOME TARGETS OF CRIME AND OR BE HELD AS LIABLE TO PARTY'S IN #07-CH-428 FOR HANDING OUT SUCH PRIVATE & SENSITIVE INFORMATION. SGT. MALONE SHRUGGED HER SHOULDERS AND SIMPLY TOLD NITZ "... DON'T GET CAUGHT IF YOU DO...

28. ON SAME DATE 5/20/08 ("AFTER SHIFT CHANGED TO 2nd SHIFT") A DEPUTY OWENS CAME ON DUTY AT 2-Y-16 POD AND NITZ ATTEMPTED TO SEND ABOUT DOCUMENTS TO CLERKS CIVIL DEPARTMENT AS SGT. MALONE SUGGESTED. HOWEVER, DEPUTY OWENS DEVELOPED AN ATTITUDE TOWARDS NITZ AS HE WAS ALWAYS "SENDING OUT LARGE AMOUNTS OF LEGAL MAIL AT COUNTY'S EXPENSE ("FREE"), "SHE STATED,". THAT NITZ HAD TO SEND A REQUEST FOR PRE-PAYMENT OF POSTAGE IF NITZ EXPECTED HER ("OWENS") TO HAND OVER NITZ ENVELOPE OVER TO BE MAILED TO THE CLERK".

29. NITZ TOLD OWENS ABOUT THE DISCUSSION HE HAD JUST PREVIOUSLY HAD WITH SGT. MALONE ON 1st SHIFT, BUT OWENS STILL INSISTED THAT NITZ FILL OUT A REQUEST FOR PAYMENT OF POSTAGE THOUGH NITZ HAD NO MONEY, HAD RECEIVED APPROVAL & GRANT OF HIS APPLICATION FOR INDIGENCY etc. OWENS STILL PERSISTED TO REFUSE TO ALLOW NITZ TO PLACE HIS DOCUMENTS IN THE MAIL AS OWENS STATED,". SGT. MALONE IS NOT MY BOSS.".

30. NITZ WENT AND WROTE GRIEVANCES etc. EXPLAINING THE CONDUCT OF OWENS, MOORE, AND MALONE TO PROTECT HIS RIGHT TO MEANINGFUL ACCESS TO THE COURTS, TO COMPEL PUBLIC OFFICIALS TO PERFORM MINISTERIAL PUBLIC DUTIES MARKED OUT BY THE LAW PURSUANT TO 735 ILCS 5/14-101 & 28 U.S.C. §1651(a). 42 USC §1997 e(a) AND TO COMPEL DISCOVERY MATERIAL, TO HIRE AN EXPERT WITNESS TO SCIENTIFICALLY TEST PHYSICAL AND FINGER PRINT EVIDENCE AND THE JEWELRY DISPLAY CASE; TO COMPEL PRESERVATION, PRODUCTION, EXPOSURE OF EVIDENCE SUCH AS VIDEO TAPE EVIDENCE DESCRIBED IN NITZ MANDAMUS PETITION FROM 10-22-2007 TO 4-3-2007 AND FROM 4-16-2008 TO 5-12-2008 AND TO COMPEL ATTENDANCE OF CERTAIN WITNESSES, PRODUCTION OF DOCUMENTS AND BUSINESS RECORDS, PHONE RECORDS, TO PRESERVE ABOVE EVIDENCE FOR EXPOSURE OF SUCH EVIDENCE AT CRITICAL STAGES OF THE JUDICIAL AND ADVERSARIAL PROCESSES FOR RELEVANT CASES. NITZ ALSO SOUGHT TO COMPEL SUBSTITUTION OF COUNCIL (YORK) JUDGE (BAKALIS) AND FOR A CHANGE OF VENUE AND OR FOR A FULL AND FAIR HEARING FOR SUPPRESSION OF EVIDENCE ILLEGALLY SEIZED. NITZ SENT A COPY OF HIS ACTUAL MANDAMUS PETITION AND EXHIBITS IN #08-MR-700 TO BE CONSIDERED BY GRIEVANCE OFFICER MARTON C. MANION AS WELL AS FOR CONSIDERATION ON APPEAL BY SHERIFF ZARUBA, CHIEF WOLFF, OR COURT DESIGNEE etc. PURSUANT TO 42 U.S.C §1997 e(a) PROMULGATED BY BOOTH V. CHURNER, OR PEREZ V. WISCONSIN DEPT. OF CORRECTIONS AS EXPLAINED IN NITZ V. FRENCH, (2001) U.S. DIST. LEXIS 9201, JUNE 28, 2001 CASE NO#01-C-0229

# DUPAGE COUNTY JAIL
## INMATE REQUEST/GRIEVANCE FORM

FORM:SO-#9422
REVISED:02/06

PRINT NAME:_____     DATE:_____

DOCKET NUMBER:_____     HOUSING LOCATION: D/L_____   POD_____   CELL_____

**CHECK ONLY ONE ITEM PER SLIP**

---

**LEGAL**

☐ PUBLIC DEFENDER                                    ☐ PROBATION

CASE # _____                    COURT ROOM # _____

---

**ADMINISTRATIVE SERVICES**

☐ SEE WATCH SUPERVISOR                    ☐ GRIEVANCE
☐ LAW LIBRARY                             ☐ COMMISSARY AUDIT
☐ OUTDATE/WARRANT CHECK                   ☐ TRUSTY WORK REQUEST
☐ HAIRCUT                                 ☐ OTHER _____
☐ LETTER OF INCARCERATION REQUEST

---

**JUST of DUPAGE SOCIAL/EDUCATIONAL SERVICES**

☐ ALCOHOLICS ANONYMOUS                    ☐ JOB READINESS
☐ NARCOTICS ANONYMOUS                     ☐ GED
☐ ADDICTION EDUCATION/12 STEP             ☐ BASIC COMPUTER TRAINING
☐ AL-ANON (FEMALE ONLY)                   ☐ ANGER MANAGEMENT
☐ SUBSTANCE ABUSE COUNSELING              ☐ BOOK CLUB (FEMALE ONLY)
☐ DOCE PASOS DE VICTORIA                  ☐ PARENTING (FEMALE ONLY)
☐ ONE ON ONE COUNSELING                   ☐ TELEPHONE REQUEST
☐ RELAPSE PREVENTION/HEALING ADDICTIONS
☐ "TO COURT" LETTER (REQUEST OF ACTIVITIES ATTENDED)

---

**JUST of DUPAGE RELIGIOUS SERVICES**

☐ CATHOLIC WORSHIP                        ☐ SCRIPTURE REQUEST (TYPE)_____
☐ MUSLIM WORSHIP                          ☐ ESTUDIO DE LA BIBLIA EN ESPANOL
☐ CHRISTIAN WORSHIP/BIBLE STUDY           ☐ BIBLE STUDY CORRESPONDENCE COURSE
☐ CHAPLAIN, JUST of DUPAGE

---

**JAIL CHAPLAIN SERVICES**

☐ DEACON ANDREW, CHAPLAIN                  ☐ FATHER GREG, ASS'T. CHAPLAIN

---

**DUPAGE COUNTY HEALTH DEPARTMENT**

☐ HEALTH EMPOWERMENT (FEMALES ONLY)
☐ OTHER_____

**DESCRIBE (Use Reverse Side If More Space Is Needed)**

_____
_____
_____
_____
_____
_____
_____
_____

L.N.I. 43-3-X130-0038-Y4KC-00000-00. CASE NO# 01-C-0229 (OPINION OF HIBBLER) MARTY MANION ("GRIEVANCE OFFICER") did NOT RESPOND TO THAT GRIEVANCE WITHIN 10 DAYS AS JAIL RULE BOOK REQUIRES, THUS NITZ SENT AN APPEAL TO THAT GRIEVANCE TO SHERIFF ZARUBA C/O CHIEF WOLFF, M. MANION NITZ RECEIVED A RESPONSE FINALLY FOR FIRST TIME EVER FROM MARTIN C. MANION ON JUNE 12th, 2008 WITH AN UNSATISFACTORY RESPONSE, NITZ MADE COPIES OF ALL DOCUMENTS AND SENT THEM TO CHIEF JUDGE OF THE 18th JUDICIAL CIRCUIT ANN. B. JORGENSON, NITZ ALSO WROTE LETTERS TO DEPUTY CHIEF OF THE CIVIL DIVISION MELISSA DROTZIGER REQUESTING THAT SHE HELP NITZ STRAIGHTEN OUT THE JUMBLED PAPERWORK AND TO GET NITZ MANDAMUS PETITION PROPERLY FILED AND SERVED BY PROCESS SERVERS ON NAMED DEFENDANTS IN #08-MR-700 AS THE ISSUES RAISED BY NITZ ARE CRITICAL TO HIS DEFENSE. NEITHER JORGENSON OR DROTZIGER RESPONDED.

31. PURSUANT TO BRADY V. MARYLAND, 373 U.S. 83 (1963), BOUNDS V. SMITH, 430 U.S. 817 JENCKS V. UNITED STATES, 353 U.S. 657 (1957); KERR V. UNITED STATES DISTRICT COURT FOR NORTHERN DIST. OF CALIFORNIA, et al., 426 U.S. 394 (1976); IN RE: GAULT, 387 U.S. 1 (1967). KYLES V. WHITLEY, (U.S. La. 1995), 115 S.Ct. 1555, 514 U.S. 419 131 L.Ed.2d 490, ON REMAND 54 F.3d 243. MIRANDA V. ARIZONA, 384 U.S. 436 (1966). 735 ILCS 5/14-101 AND 725 ILCS 5/114-13 AS WELL AS ILLINOIS SUPREME COURT RULES ALL THROUGH TO 615(a) et seq. NITZ HAD SUFFICIENTLY POINTED OUT TO THE COURT THAT THE ABOVE LAW SPECIFICALLY AUTHORIZED HIM TO COMPEL ACTION OF NAMED OFFICIALS TO PERFORM MANDATORY NON-DISCRETIONARY DUTIES THAT OFFICIALS HAD REFUSED TO PERFORM AND THAT PURSUANT TO CLEARLY ESTABLISHED LAW PROMULGATED ABOVE AND BY CONSTITUTIONAL PROVISIONS DICTATED THEREOF NITZ HAD RIGHT HAD ESTABLISHED THAT EXTRAORDINARY AND DRASTIC REMEDY OF MANDAMUS WAS THE PROPER REMEDY TO COMPEL NECESSARY ACTION BY OFFICIALS TO PROTECT NITZ' RIGHT TO HAVE HIS CLAIMS HEARD, AND PROPERLY SCRUTINIZED, INVESTIGATED, AND UPON DEVELOPMENT OF FACTS AND EVIDENCE AFTER A FULL AND FAIR HEARING RENDER A CAREFULLY CONSIDERED RULING, ON HEARING PRIOR TO TRIAL, AT ACTUAL TRIAL AND OR; STATE OR FEDERAL APPELLATE REVIEW, FEDERAL HABEAS CORPUS REVIEW ON CERTIORARI OR ON COLLATERAL ATTACK.

32. AS NITZ RIGHT TO DUE PROCESS, EQUAL PROTECTION OF THE LAWS AND TO PETITION THE GOVERNMENT FOR A REDRESS OF GRIEVANCES WAS BEING OBSTRUCTED TO PREVENT NITZ FROM DEVELOPING FACTS THAT WOULD NEGATE HIS GUILT BUT ALSO CAUSE OFFICIALS TO BECOME CRIMINALLY OR LIABLE TO NITZ IN HIS PENDING CIVIL ACTIONS NITZ ALLEGES OFFICIALS HAVE ENGAGED IN A TACIT AGREEMENT AND PURSUANT TO A MEETING OF THE MINDS HAVE TAKEN SUBSTANTIAL STEPS IN FURTHERANCE OF A CONSPIRACY TO OBSTRUCT JUSTICE AND DENY NITZ' CIVIL RIGHTS, FUELED BY RETALITORY INTENT HAD MOTIVE AND OPPORTUNITY TO ATTEMPT TO ESCAPE CRIMINAL OR CIVIL LIABILITY BY REFUSING TO HEAR NITZ CLAIMS AND BY FORGING AND LOSING DOCUMENTS, INTENTIONALLY FILING UNAUTHORIZED DOCUMENTS, AND OR OBSTRUCTING NITZ EFFORTS TO MAIL, ACCESS TO THE COURT, EXHAUSTION OF REMEDIES CAUSED, HINDERED, THWARTED, IMPEDED, ALLOWED AND INTERFERED WITH THE ADMINISTRATION OF JUSTICE AND CAUSED PRECIOUS EVIDENCE TO BECOME IRRETRIEVABLY LOST OR FROM BEING OBTAINED AT A CRITICAL TIME, STAGE, OR PLACE DURING A JUDICIAL PROCEEDING OR TESTING PROCEDURES WHEN EVIDENCE AND OR TESTIMONY WAS NEEDED TO PROVE A SPECIFIC AND BY EXPERT A CRITICAL FACT OR POINT IN SUPPORT OF NITZ CLAIMS AND OR DEFENSE. (SEE EXHIBITS)....

33. ANOTHER EXAMPLE SUPPORTING NITZ CLAIMS CAN BE GLEANED FROM FACT THAT WHEN HE WAS ON PSYCHIATRIC SUICIDE WATCH DEPUTY VAN HOOSE WITHOUT DOCTORS PRE-APPROVAL ALLOWED NITZ TO NOT ONLY LEAVE HIS CELL IN VIOLATION OF CLEARLY ESTABLISHED SUICIDE WATCH AND PSYCHIATRIC OBSERVATION POLICY, BUT; ALSO ALLOWED NITZ TO LEAVE CONFINES OF JAILS SECURITY PARAMETERS TO SPEAK TO DETECTIVE TONY TO GIVE INFORMATION TO OBTAIN RELEASE AS PROMISED WITHOUT HAVING AN ARMED ESCORT OR BEING REQUIRED TO WEAR HANDCUFFS OR FOOT SHACKLES IS DEFINITELY A VIOLATION OF ESTABLISHED POLICY AS IS WELL KNOWN BY ALL

**DUPAGE COUNTY JAIL**
**INMATE REQUEST/GRIEVANCE FORM**

FORM:SO-#0422
REVISED:02/06

PRINT
NAME:_____ DATE:_____

DOCKET
NUMBER:_____ HOUSING LOCATION: D/L_____ POD_____ CELL_____

<u>CHECK ONLY ONE ITEM PER SLIP</u>

---

**LEGAL**

☐ PUBLIC DEFENDER                          ☐ PROBATION

CASE # _____              COURT ROOM # _____

---

**ADMINISTRATIVE SERVICES**

☐ SEE WATCH SUPERVISOR                     ☐ GRIEVANCE
☐ LAW LIBRARY                              ☐ COMMISSARY AUDIT
☐ OUTDATE/WARRANT CHECK                    ☐ TRUSTY WORK REQUEST
☐ HAIRCUT                                  ☐ OTHER _____
☐ LETTER OF INCARCERATION REQUEST

---

**JUST of DUPAGE SOCIAL/EDUCATIONAL SERVICES**

☐ ALCOHOLICS ANONYMOUS                     ☐ JOB READINESS
☐ NARCOTICS ANONYMOUS                      ☐ GED
☐ ADDICTION EDUCATION/12 STEP             ☐ BASIC COMPUTER TRAINING
☐ AL-ANON (FEMALE ONLY)                    ☐ ANGER MANAGEMENT
☐ SUBSTANCE ABUSE COUNSELING               ☐ BOOK CLUB (FEMALE ONLY)
☐ DOCE PASOS DE VICTORIA                   ☐ PARENTING (FEMALE ONLY)
☐ ONE ON ONE COUNSELING                    ☐ TELEPHONE REQUEST
☐ RELAPSE PREVENTION/HEALING ADDICTIONS
☐ "TO COURT" LETTER (REQUEST OF ACTIVITIES ATTENDED)

---

**JUST of DUPAGE RELIGIOUS SERVICES**

☐ CATHOLIC WORSHIP                         ☐ SCRIPTURE REQUEST (TYPE)_____
☐ MUSLIM WORSHIP                           ☐ ESTUDIO DE LA BIBLIA EN ESPANOL
☐ CHRISTIAN WORSHIP/BIBLE STUDY            ☐ BIBLE STUDY CORRESPONDENCE COURSE
☐ CHAPLAIN, JUST of DUPAGE

---

**JAIL CHAPLAIN SERVICES**

☐ DEACON ANDREW, CHAPLAIN                  ☐ FATHER GREG, ASS'T. CHAPLAIN

---

**DUPAGE COUNTY HEALTH DEPARTMENT**

☐ HEALTH EMPOWERMENT (FEMALES ONLY)
☐ OTHER_____

---

DESCRIBE (Use Reverse Side If More Space is Needed)

_____
_____
_____
_____
_____
_____
_____
_____

AS WELL AS, FACT THAT AFTER NITZ WAS FIRED FROM HIS JOB AS TRUSTY ON 4-17-08
NITZ WAS MYSTERIOUSLY CALLED TO DO SUSPECT AND INVOLUNTARY JOBS AT JAIL LAW
LIBRARY, TO TOUCH, HANDLE, REMOVE AND TRANSPORT WOOD AND METAL SHELVING
ARTICLES, BOOK CASES etc. & SHARP METAL OBJECTS IN PRESENCE OF DANGEROUS MURDERERS
BRIAN DUGAN; BRADLEY JUSTICE, ED TUNNEY etc. AND TO TRANSPORT ITEMS TO AREA
IN JAIL BASEMENT "STORAGE AREA" OFF LIMITS TO INMATES TO STORE MATERIALS AND
BECAUSE THIS WAS ALSO OPPOSED TO SAFETY & SECURITY POLICIES AND NOT AT ALL RELATED TO
A LEGITIMATE PENALOGICAL PURPOSE OR RATIONAL JUSTIFIED CORRECTIONAL GOAL PURSUANT TO
TURNER V. SAFELY, 482 U.S. 78, OR WOLFF V. McDONNELL, 418 U.S. 539 NITZ ASSERTED
ALSO THAT BECAUSE A PROSECUTOR WAS SEATED IN LAW LIBRARY WEARING AN ORANGE UNIFORM
JUMPSUIT NITZ BELIEVED EVIDENCE WAS BEING FABRICATED AND PLANTED AGAINST HIM AS
HE STILL HAD NOT BEEN ALLOWED TO SEE FINGERPRINTS YET OR TO YET HIRE AN EXPERT TO TEST
SCIENTIFICALLY FINGER PRINTS, PHYSICAL DATA, DUSTED SURFACES AND VIDEO TAPES OF DESCRIBED
ACTIVITY ON RELEVANT DATES AND OR AT SPECIFIC LOCATIONS, MANDAMUS RELIEF WAS
WARRANTED TO PRESERVE THAT EVIDENCE, PRODUCE IT, EXPOSE AND THEN EXHIBIT IT FOR
THE COURT. SINCE NITZ EFFORTS HAVE AGAIN BEEN OBSTRUCTED NITZ REQUESTS HELP OF
THIS COURT TO COMPEL PRODUCTION OF DISCOVERY AND EXPERT WITNESS. FOR ABOVE STATED
REASONS, TO PREVENT A MISCARRIAGE OF JUSTICE AND MORE EVIDENCE FROM BEING LOST.

34. SINCE POLICE AND PROSECUTION AND JOAN PANTSIOS OF THE DU PAGE COUNTY
PUBLIC DEFENDERS OFFICE HAD RELIED KNOWINGLY ON USE OF PERJURED TESTIMONY
IN NITZ PREVIOUS CASE ENTITLED; "PEOPLE OF THE STATE OF ILLINOIS V. HERMAN L. NITZ
JR. CASE NO # 2005-CF-2101", NITZ BELIEVED HIS REQUEST WAS REASONABLE AND
PROPERLY PRESENTED PURSUANT TO 735 ILCS 5/14-101 IN HIS MANDAMUS PETITION
# 08-MR-700. OBVIOUSLY THE NAMED OFFICIALS THOUGHT SO TOO AND NITZ
BELIEVES THIS IS WHY HIS DOCUMENTS WERE PURPOSELY JUMBLED, MISFILED, LOST AND
DELAYED, OBSTRUCTED etc. "AS THE OFFICIALS NEEDED MORE TIME TO LOSE AND TO PLANT
AND FABRICATE MORE TAINTED AND COMPROMISED EVIDENCE."

35. ALSO; SINCE GLEN ELLYN DETECTIVE ANTHONY ("TONY") TERRANOVA HAD UNWITTINGLY
REVEALED TO NITZ THAT AGENT DON DARBY (DRUG TASK FORCE AGENT FROM DU MEG)
TOLD TONY THAT A CRACK COCAINE DEALER, KNOWN ONLY TO NITZ AS "CAT-CAT"
BACK DURING THE TIME # 05-CF-2101 WAS BEING LITIGATED, THAT, HER REAL NAME WAS
"APRIL" etc. THAT; BECAUSE NITZ INFORMATION HAD CHECKED OUT WITH HIM (TONY)
(AND GLEN ELLYN SGT. JEAN MARVSY # 83) THAT THIS WAS THE BASIS FOR TONY AGREEING
TO WORK WITH NITZ (BASED ON WHAT AGENT DARBY TOLD TONY) AND CAUSED
NITZ' I.D.O.C. NO BOND DETAINER-HOLD & ARREST WARRANT TO BE ILLEGALLY
LIFTED, FOR TONY TO GIVE NITZ HIS PRIVATE CELL PHONE NUMBER (630) 649-2375
AND TO ALLOW NITZ TO BE RELEASED FROM SUICIDE OBSERVATION CELL WITHOUT DOCTORS
PRE-APPROVAL AND TO ALSO TWICE BE ALLOWED TO LEAVE JAIL CONFINES WITHOUT
HANDCUFFS, FOOT SHACKLES, OR ARMED POLICE/SHERIFF ESCORT, SHOULD HAVE PROMPTED
NITZ COUNSEL JEFF YORK AND JUDGE BAKALIS TO HELP NITZ AT LEAST INVESTIGATE AND
HEAR WITNESS TESTIMONY, SEE DOCUMENTARY EVIDENCE, PHONE RECORDS, VIDEO TAPES,
TO HIRE AN EXPERT WITNESS TO CONDUCT SCIENTIFIC TESTS OF EVIDENCE etc. AND
BECAUSE NONE OF THE OFFICIALS ("JEFF YORK OR JUDGE BAKALIS") TOOK ANY ACTION
ON NITZ BEHALF NITZ IS AGAIN FORCED TO QUESTION THE MOTIVES AND INTEGRITY
OF THESE OFFICIALS AND NITZ BELIEVES THAT SINCE THESE OFFICIALS HAVE ACTUALLY
PARTICIPATED IN THIS ILLEGAL CONDUCT THEMSELVES THAT THIS IS PRECISELY WHY
HIS VALID CLAIMS ARE BEING ABANDONED BY YORK AND BAKALIS AS TO HELP
NITZ WOULD NOT BE BENEFICIAL TO THEIR OWN SELF PRESERVATION, AND THIS IS
WHY NITZ DESPERATELY NEEDS THE HELP OF THIS COURT TO PREVENT A MISCARRIAGE
OF JUSTICE AND COVER-UPd PERJURED TESTIMONY AND ILLEGAL MISCONDUCT
AND CONSPIRACY INVOLVING SOME PUBLIC OFFICIALS ABOVE WHO ARE DIRECTLY INVOLVED IN THE CASES.

## DUPAGE COUNTY JAIL
## INMATE REQUEST/GRIEVANCE FORM

FORM:SO-90422
REVISED:02/06

PRINT
NAME:_____    DATE:_____

DOCKET
NUMBER:_____    HOUSING LOCATION: D/L_____ POD_____ CELL_____

<u>CHECK ONLY ONE ITEM PER SLIP</u>

---

**LEGAL**

☐ PUBLIC DEFENDER                                ☐ PROBATION

CASE # _____                COURT ROOM # _____

---

**ADMINISTRATIVE SERVICES**

☐ SEE WATCH SUPERVISOR                        ☐ GRIEVANCE
☐ LAW LIBRARY                                ☐ COMMISSARY AUDIT
☐ OUTDATE/WARRANT CHECK                        ☐ TRUSTY WORK REQUEST
☐ HAIRCUT                                    ☐ OTHER _____
☐ LETTER OF INCARCERATION REQUEST

---

**JUST of DUPAGE SOCIAL/EDUCATIONAL SERVICES**

☐ ALCOHOLICS ANONYMOUS                        ☐ JOB READINESS
☐ NARCOTICS ANONYMOUS                        ☐ GED
☐ ADDICTION EDUCATION/12 STEP                ☐ BASIC COMPUTER TRAINING
☐ AL-ANON (FEMALE ONLY)                        ☐ ANGER MANAGEMENT
☐ SUBSTANCE ABUSE COUNSELING                ☐ BOOK CLUB (FEMALE ONLY)
☐ DOCE PASOS DE VICTORIA                    ☐ PARENTING (FEMALE ONLY)
☐ ONE ON ONE COUNSELING                        ☐ TELEPHONE REQUEST
☐ RELAPSE PREVENTION/HEALING ADDICTIONS
☐ "TO COURT" LETTER (REQUEST OF ACTIVITIES ATTENDED)

---

**JUST of DUPAGE RELIGIOUS SERVICES**

☐ CATHOLIC WORSHIP                            ☐ SCRIPTURE REQUEST (TYPE)_____
☐ MUSLIM WORSHIP                            ☐ ESTUDIO DE LA BIBLIA EN ESPANOL
☐ CHRISTIAN WORSHIP/BIBLE STUDY                ☐ BIBLE STUDY CORRESPONDENCE COURSE
☐ CHAPLAIN, JUST of DUPAGE

---

**JAIL CHAPLAIN SERVICES**

☐ DEACON ANDREW, CHAPLAIN                    ☐ FATHER GREG, ASS'T. CHAPLAIN

---

**DUPAGE COUNTY HEALTH DEPARTMENT**

☐ HEALTH EMPOWERMENT (FEMALES ONLY)
☐ OTHER_____

DESCRIBE (Use Reverse Side if More Space is Needed)

_____
_____
_____
_____
_____
_____
_____
_____

36. NITZ ALLEGES THAT PURSUANT TO ILLINOIS SUPREME COURT RULE 615 (a), ALSO, 725 ILCS 5/121-1 et seq. NITZ REALIZED HE WAS REQUIRED TO PRESERVE SPECIFIC ISSUES ON THE RECORD FOR APPEAL (IF NECESSARY) IN A STATE OR FEDERAL APPEAL, CERTIORARI TO ILLINOIS OR UNITED STATES SUPREME COURT, A FEDERAL HABEAS CORPUS ACTION PURSUANT TO 28 USC § 2241 (c) & 28 USC § 2254 (d) (1-B) AS EXPLAINED IN TOWNSEND V. SAIN, 372 U.S. 293 at 309, n. 6, 83 S.CT. at 755, n.6, QUOTING BROWN V. ALLEN, 344 U.S. 443 at 506 (1953) SEE ESPECIALLY n. 9 CUYLER DECISION n. 6 & 7 at 100 S.CT. 1708 at 1715-1716 QUOTING "LISENBA, MOORE, GIDEON, JOHNSON, AND: ARGERSINGER V. HAMLIN, 407 U.S. 25, 29-33, 92 S.CT. 2006, 2008-2010, 32 L.Ed.2d 530 (1972). SEE ALSO: KIMMELMAN V. MORRISON, 477 U.S. 365 (1986). CHAPMAN V. CALIFORNIA, 386 U.S. 18 (1967). MURRAY V. CARRIER, 477 U.S. 478, 488, 106 S.CT. 2639-2645 (1986). BRADY V. MARYLAND, 373 U.S. 83 (1963) ALSO (" ALR 2d 1421, 2 L.Ed 2d 1575, 3 L.Ed. 2d 1991, 98 ALR 4TH") PEOPLE V. JIMERSON, 166 Ill. 2d 211, 209 Ill. Dec. 738, 652 N.E.2d 278 (Ill. 1995). PEOPLE V. LAGARDO, 39 Ill. 2d 614 (Ill. 1968); PEOPLE V. DENNOM, 41 Ill. 2d 1 (Ill. 1968), CERT. DENIED, 394 U.S. 1006.

37. PURSUANT TO CHAPMAN V. CALIFORNIA, 386 U.S. 18, (1967) NITZ REALIZED HIS COUNSEL MR. YORK WAS TRYING TO INTENTIONALLY DEFAULT NITZ FOURTH AMENDMENT CLAIMS WHICH WOULD CAUSE NITZ TO LOSE HIS OPPORTUNITY TO OBTAIN DIRECT REVIEW OF THE HARMLESS-ERROR STANDARD UNDER CHAPMAN DECISION WHICH WOULD REQUIRE THE STATE TO PROVE THAT NITZ WAS NOT PREJUDICED BY THE ERROR, BUT, BY INTENTIONALLY DEFAULTING YORK SHIFTED THE BURDEN TO NITZ TO PROVE THERE EXISTS A REASONABLE PROBABILITY THAT, ABSENT YORKS INCOMPETENCE, NITZ WOULD NOT HAVE BEEN CONVICTED. CF. COMMENT, EFFECTIVE ASSISTANCE OF COUNSEL: THE SIXTH AMENDMENT AND THE FAIR TRIAL GUARANTEE, 50 U. CHI. L. REV. 1380, 1428 n. 223 (1983). NITZ REALIZED THAT YORK HAD ALSO INTENTIONALLY FAILED TO PRESENT NITZ' VERSION OF THESE ISSUES TO THE COURT BECAUSE YORK AUTOMATICALLY ADOPTED THE POLICE AND PROSECUTORS VERSION OF FACTS WITHOUT INVESTIGATING ANY OF NITZ ASSERTIONS WHICH WERE ALSO SUPPORTED BY SIGNIFICANT EVIDENCE TOO, BUT, SINCE YORK FAILED TO INVESTIGATE FACTS IN SUPPORT OF NITZ DEFENSE, TO COMPEL WITNESS TESTIMONY, DOCUMENTARY EVIDENCE, REPORTS, PHONE RECORDS, BUSINESS RECORDS, VIDEOTAPE, COMPUTER RECORDS, OR TO HIRE AN EXPERT WITNESS TO SCIENTIFICALLY TEST DATA, FINGER PRINTS, CRIME LAB REPORTS & AFIS DATABASE HITS, FILM AND PHOTOGRAPHIC NEGATIVES, & DATES PHOTOS WERE TAKEN AND DEVELOPED AND BY WHOM, & WHERE AND TO ALSO TRACE CHAIN OF CUSTODY OF EVIDENCE DATA NITZ QUESTIONED YORKS, JUDGE GEORGE BAKALIS, AND STATE PROSECUTOR'S & POLICE MOTIVES AND NITZ RESPECTFULLY REQUESTS THAT THIS COURT WILL QUESTION THESE PUBLIC OFFICIALS MOTIVES TOO AND WILL ALSO HOPEFULLY AND PRAYERFULLY INTERVENE ON NITZ BEHALF TO ADDRESS THE SITUATION ACCORDINGLY AS SERIOUS AS IT IS AND; TO ALSO INVESTIGATE WHY OFFICIALS AND THEIR AGENTS KEEP RETALIATING AGAINST NITZ BY REFUSING TO ADDRESS THE ISSUES HE DILIGENTLY CONTINUES TO RAISE, TO MAIL HIS DOCUMENTS, FORGE DOCUMENTS, LOSE DOCUMENTS AND EVIDENCE CONVENIENTLY, REFUSE TO COMPEL, PRESERVE, PRODUCE EXPOSE OR TO SUPPRESS EVIDENCE, TO ADDRESS NITZ PRE-TRIAL MOTIONS AND ESPECIALLY REFUSING NITZ MANDAMUS ACTION CASE NO. # 2008-MR-700 AND SENDING NITZ OTHER PEOPLES DOCUMENTS CASE NO # 2007-CH-428 ("COUNTRYWIDE etc. V. R. J. JR.") ("et al")? NITZ HAS ALSO WRITTEN GRIEVANCES, APPEALS OF THOSE GRIEVANCES AS WELL AS WROTE TO THE CHIEF JUDGE ANN B. JORGENSEN, THE A.R.D.C. OF THE ILLINOIS SUPREME COURT, THE AMERICAN BAR ASSOCIATION AND TO SHERIFF JOHN E. ZARUBA FOR DUPAGE COUNTY AND SUBMITTED MANY DOCUMENTS IN CASE NO(S) # 05-CF-2101, # 07-CF-2821, # 08-CF-1049, 1050 & 1051 ALSO; # 08-MR-700 AND CIVIL RIGHTS COMPLAINT IN FEDERAL COURT # 08-C-0334 NITZ HAS EXHAUSTED EVERY AVAILABLE REMEDY UNDER THE (" P.L.R.A. 42 USC § 1997 E(a). BOOTH V. CHURNER (U.S.) AND NITZ DECLARES THAT

# DUPAGE COUNTY JAIL
## INMATE REQUEST/GRIEVANCE FORM

FORM SO-00022
REVISED:12/06

PRINT
NAME:_____    DATE:_____

DOCKET
NUMBER:_____    HOUSING LOCATION: D/L_____ POD_____ CELL_____

**CHECK ONLY ONE ITEM PER SLIP**

---

**LEGAL**

☐ PUBLIC DEFENDER                    ☐ PROBATION

CASE # _____        COURT ROOM # _____

---

**ADMINISTRATIVE SERVICES**

☐ SEE WATCH SUPERVISOR              ☐ GRIEVANCE
☐ LAW LIBRARY                       ☐ COMMISSARY AUDIT
☐ OUTDATE/WARRANT CHECK             ☐ TRUSTY WORK REQUEST
☐ HAIRCUT                           ☐ OTHER _____
☐ LETTER OF INCARCERATION REQUEST

---

**JUST of DUPAGE SOCIAL/EDUCATIONAL SERVICES**

☐ ALCOHOLICS ANONYMOUS              ☐ JOB READINESS
☐ NARCOTICS ANONYMOUS               ☐ GED
☐ ADDICTION EDUCATION/12 STEP       ☐ BASIC COMPUTER TRAINING
☐ AL-ANON (FEMALE ONLY)             ☐ ANGER MANAGEMENT
☐ SUBSTANCE ABUSE COUNSELING        ☐ BOOK CLUB (FEMALE ONLY)
☐ DOCE PASOS DE VICTORIA            ☐ PARENTING (FEMALE ONLY)
☐ ONE ON ONE COUNSELING             ☐ TELEPHONE REQUEST
☐ RELAPSE PREVENTION/HEALING ADDICTIONS
☐ "TO COURT" LETTER (REQUEST OF ACTIVITIES ATTENDED)

---

**JUST of DUPAGE RELIGIOUS SERVICES**

☐ CATHOLIC WORSHIP                  ☐ SCRIPTURE REQUEST (TYPE)_____
☐ MUSLIM WORSHIP                    ☐ ESTUDIO DE LA BIBLIA EN ESPANOL
☐ CHRISTIAN WORSHIP/BIBLE STUDY     ☐ BIBLE STUDY CORRESPONDENCE COURSE
☐ CHAPLAIN, JUST of DUPAGE

---

**JAIL CHAPLAIN SERVICES**

☐ DEACON ANDREW, CHAPLAIN           ☐ FATHER GREG, ASS'T. CHAPLAIN

---

**DUPAGE COUNTY HEALTH DEPARTMENT**

☐ HEALTH EMPOWERMENT (FEMALES ONLY)
☐ OTHER_____

**DESCRIBE (Use Reverse Side If More Space Is Needed)**

_____
_____
_____
_____
_____
_____
_____
_____

PURSUANT TO 42 U.S.C. §1985 (2) & (3) AND 28 USC §1746 & §1651(a) THAT UNDER PENALTY OF PERJURY THESE ALLEGATIONS ARE TRUE. NITZ VERIFIES BY CERTIFICATION THAT HE IS AT HIS WITS END AND BECAUSE HE HAS NO ONE TO HELP HIM HE MAKES THIS PLEA FOR HELP AND BECAUSE THESE ALLEGATIONS ARE ALL TRUE AND AS NITZ IS ACTUALLY INNOCENT NITZ HAS GOOD FAITH BELIEF THAT IF THIS COURT WILL ALLOW HIM TO DO SO NITZ WILL PROVE THAT HE IS CORRECT " THIS TIME " ''

38. NITZ ALSO POINTS OUT THAT IN HIS PREVIOUS CASE #2005-CF-2101 HE MADE SPECIFIC ALLEGATIONS AGAINST POLICE, AND AN AGENT DON DARBY, THE PROSECUTOR MR. MICHAEL PAUL, PUBLIC DEFENDER MS. JOAN PONTSIOS, REFUSED TO BELIEVE NITZ AND LATER NITZ STATEMENTS WERE DISCOVERED TO BE TRUE AS WAS LATER, UNWITTINGLY REVEALED TO NITZ BY GLEN ELLYN DETECTIVE ANTHONY ("TONY") TERRANOVA ("NAMED AS TONY ("DOE") et al IN §1983 ACTION #08-C-0334.") WHO WAS SENT TO SPEAK TO NITZ BY SGT. JEAN HARVEY #83 TO FINALIZE A DEAL WITH NITZ THAT SHE ORIGINALLY MADE WITH NITZ ON DATE OF NITZ ARREST ON 10-22-2007 IN WHEATON ILLINOIS WHEN NITZ WAS INJURED BY A WHEATON POLICE OFFICER (" CRAIG OR SHANKS") AS ALLEGED IN #08-C-0334, BASED ON ARREST WARRANTS ORIGINATING OUT OF GLEN ELLYN P.d. AND I.d.o.c. NO BOND WARRANT WITH I.d.o.c. HOLD & DETAINER ATTACHED, "REGARDING CASE No # 2007-CF-2821, "

39. NITZ PROVIDED INFORMATION TO HARVEY #83 AND DETECTIVE TERRANOVA WHICH CAUSED A DEAL TO BE MADE, THAT IN EXCHANGE FOR INFORMATION NITZ ACTUALLY PROVIDED AND WHICH ALSO LEAD TO ARRESTS, THAT; NITZ WOULD RECEIVE " A RECOGNIZANCE BOND, PROBATION, WORK RELEASE, T.A.S.C., DRUG COURT, PROGRAM PLACEMENT IN ROCKFORD etc. DETECTIVE TERRANOVA WAS INFORMED THAT NITZ HAD WORKED FOR POLICE AND TASK FORCES IN THE PAST SUCH AS " B.A.T.T.L.E " AND " DU MEG" FORMERLY, WHICH HAD LEAD ALSO TO ARRESTS AND CONVICTIONS OF SINNY SAM, RORY OSBORNE, WAYNE "FATMAN" OLINGER, ROBERT BONTROCK TROY DEMOY, JIM HESTON, MIKE CIANCIO, JOHN ANDERSON, AND OTHERS. DU MEG AGENT DON DARBY WAS CONTACTED BY DETECTIVE TERRANOVA WHO TOLD TERRANOVA THAT NITZ ASSISTED DARBY IN PURCHASE OF CRACK COCAINE FROM A WOMAN KNOWN AS "CHI-CHI" AT THE COVERED BRIDGES APT. COMPLEX IN CAROL STREAM, ILLINOIS COUNTY OF DUPAGE STATE OF ILLINOIS AT APT # 91. TERRANOVA UNWITTINGLY REVEALED TO NITZ THAT " CHI-CHI'S" REAL NAME WAS " APRIL". (NITZ HAD "NOT" PREVIOUSLY KNOWN THIS "FACT".) BASED ON DARBY VOUCHING FOR NITZ AS A "RELIABLE" INFORMANT TERRANOVA DECIDED TO WORK WITH NITZ AND TO CONTINUE ONWARD WITH THE DEAL HARVEY #83 ORIGINALLY MADE WITH NITZ ON 10-22-07 AT GLEN ELLYN P.d.

40. TONY CAME TO SEE NITZ THREE TIMES AT THE DUPAGE COUNTY JAIL AND THOUGH NITZ WAS ON A PSYCHIATRIC SUICIDE WATCH IN A SUICIDE/PSYCHIATRIC OBSERVATION STRIP CELL ON A 15 MIN. WATCH, A DEPUTY VAN HOUSE WITHOUT DOCTORS PRE-APPROVAL OR AUTHORITY NOT ONLY ALLOWED NITZ TO LEAVE THE SUICIDE CELL, BUT; ALSO TO LEAVE THE JAIL WITHOUT REQUIRING NITZ TO WEAR HANDCUFFS, FOOT SHACKLES, OR TO BE ACCOMPANIED BY ARMED POLICE ESCORT, WHICH IS AGAINST USUAL POLICY, PRACTICE, CUSTOM AND PROCEDURE OF THE HANDLING OF PRISONERS ON PAROLE WITH HISTORY OF PSYCHIATRIC ILLNESS AND HOSPITALIZATION FOR SUICIDE ATTEMPTS, UNDER A CURRENT SUICIDE WATCH AT THAT.

41. TERRANOVA THEN OUTSIDE OF THE JAIL; VERIFIED INFORMATION FROM HARVEY #83 AND DARBY WITH NITZ AND TOLD NITZ HE WAS GOING TO GET NITZ " NO-BOND I.d.o.c. DETAINER, HOLD & WARRANTS LIFTED" AND GET NITZ RECOGNIZANCE BOND APPROVED THROUGH STATES ATTORNEYS OFFICE, WHICH TONY ACCOMPLISHED IN PART.

# DUPAGE COUNTY JAIL
## INMATE REQUEST/GRIEVANCE FORM

FORM SO-00422
REVISED 12/06

PRINT
NAME: _____    DATE: _____

DOCKET
NUMBER: _____    HOUSING LOCATION: D/L _____ POD _____ CELL _____

<u>CHECK ONLY ONE ITEM PER SLIP</u>

---

**LEGAL**

☐ PUBLIC DEFENDER                     ☐ PROBATION

CASE # _____            COURT ROOM # _____

---

**ADMINISTRATIVE SERVICES**

☐ SEE WATCH SUPERVISOR               ☐ GRIEVANCE
☐ LAW LIBRARY                        ☐ COMMISSARY AUDIT
☐ OUTDATE/WARRANT CHECK              ☐ TRUSTY WORK REQUEST
☐ HAIRCUT                            ☐ OTHER _____
☐ LETTER OF INCARCERATION REQUEST

---

**JUST of DUPAGE SOCIAL/EDUCATIONAL SERVICES**

☐ ALCOHOLICS ANONYMOUS               ☐ JOB READINESS
☐ NARCOTICS ANONYMOUS                ☐ GED
☐ ADDICTION EDUCATION/12 STEP        ☐ BASIC COMPUTER TRAINING
☐ AL-ANON (FEMALE ONLY)              ☐ ANGER MANAGEMENT
☐ SUBSTANCE ABUSE COUNSELING         ☐ BOOK CLUB (FEMALE ONLY)
☐ DOCE PASOS DE VICTORIA             ☐ PARENTING (FEMALE ONLY)
☐ ONE ON ONE COUNSELING              ☐ TELEPHONE REQUEST
☐ RELAPSE PREVENTION/HEALING ADDICTIONS
☐ "TO COURT" LETTER (REQUEST OF ACTIVITIES ATTENDED)

---

**JUST of DUPAGE RELIGIOUS SERVICES**

☐ CATHOLIC WORSHIP                   ☐ SCRIPTURE REQUEST (TYPE) _____
☐ MUSLIM WORSHIP                     ☐ ESTUDIO DE LA BIBLIA EN ESPANOL
☐ CHRISTIAN WORSHIP/BIBLE STUDY      ☐ BIBLE STUDY CORRESPONDENCE COURSE
☐ CHAPLAIN, JUST of DUPAGE

---

**JAIL CHAPLAIN SERVICES**

☐ DEACON ANDREW, CHAPLAIN            ☐ FATHER GREG, ASS'T. CHAPLAIN

---

**DUPAGE COUNTY HEALTH DEPARTMENT**

☐ HEALTH EMPOWERMENT (FEMALES ONLY)
☐ OTHER _____

---

DESCRIBE (Use Reverse Side If More Space Is Needed)

_____
_____
_____
_____
_____
_____
_____
_____

42. TONY CAME BACK TO THE JAIL A SECOND TIME ("FIRST TWO VISITS BY TONY W/ NITZ WERE IN OCTOBER OF 2007 BETWEEN 10-23-07 AND 11-3-07") TONY TOLD NITZ THAT HE WAS ABLE TO GET NITZ "I.d.o.c. NO-BOND, DETAINER, HOLD & WARRANTS LIFTED WITH HELP OF THE STATE" etc. TONY ALSO GAVE NITZ HIS PRIVATE CELL PHONE # (630) 649-2375, TONY ALSO TOLD NITZ HE WAS AWAITING A PHONE CALL FROM THE STATE TO RECEIVE NEWS ON THE RECOGNIZANCE BOND SO NITZ COULD BE RELEASED AND GO BACK TO WORK WITH POLICE. TONY SAID NITZ PAROLE OFFICERS SUPERVISORS TOLD HIM NITZ WOULD HAVE TO REPORT "DAILY" THROUGH TONY PERSONALLY FROM POLICE DEPT. AT I.d.o.c. PHONE HOTLINE # 1-800-666-6744, TONY TOLD NITZ HE WOULD BE BACK SOON.

43. ON NOV. 2nd OR 3rd ("2007") TONY RETURNED TO AGAIN VISIT NITZ A THIRD AND FINAL TIME AT JAIL. SHERIFF DEPUTY SGT. LORRIGAN ALLOWED NITZ TO ONCE AGAIN LEAVE THE JAILS SECURITY PARAMETERS & CONFINES ("AGAIN BREACHING USUAL JAIL POLICIES") AND TO GO SPEAK TO TONY WITHOUT BEING REQUIRED TO WEAR HANDCUFFS, FOOT SHACKLES, OR TO BE ACCOMPANIED BY AN ARMED DEPUTY ESCORT, THE ONLY THING SGT. LORRIGAN SAID WAS... "REMEMBER WHERE YOU GOT HIM".. ONCE OUTSIDE, NITZ NOTICED TONY WAS HOLDING A COPY OF A "RELIEF FROM JUDGMENT PETITION NITZ FILED FROM PRISON PRIOR TO NITZ RELEASE FROM THE DIXON (STC) CORRECTIONAL CENTER (A PSYCHIATRIC PRISON NITZ WAS PAROLED 6-27-2007") NITZ FILED THAT PETITION ON 11-9-2006 PURSUANT TO 735 ILCS 5/2-1401 et seq. TONY BEGAN TO READ ALOUD PASSAGES FROM NITZ' PETITION WHERE NITZ HAD ALLEGED THAT HIS CONSTITUTIONAL RIGHTS HAD BEEN VIOLATED IN THE JUDICIAL PROCEEDINGS FROM ARREST TO SENTENCING AS WELL AS WROTE SPECIFIC ALLEGATIONS AGAINST TONY'S ("FRIEND") DU MEG AGENT DON DARBY, PROSECUTOR MR. THOMAS O'CONNOR, PUBLIC DEFENDER JOAN PANTSIOS REGARDING CASE # 2005-CF-2101 WHERE FOUR YEAR SENTENCE WAS IMPOSED BY JUDGE MARK A. DWYER PRESIDING IN COURTROOM # 4000 IN THE COURT OF THE 18th JUDICIAL CIRCUIT OF DUPAGE COUNTY, WHEATON, ILLINOIS, TONY WAS UPSET FOR THE ALLEGATIONS NITZ MADE ABOUT DARBY AND TONY ALSO TOLD NITZ THE STATE TOLD TONY TO TAKE A PASS ON WORKING WITH NITZ & NITZ WOULD PROBABLY FILE ANOTHER LAWSUIT AGAINST THEM IF POLICE BLUNDERED ANOTHER CASE, EVEN THOUGH NITZ STATEMENT WERE TRUE AS TONY KNEW FROM DARBY'S VERIFICATIONS REGARDING CHU-CHU A.K.A. "APRIL". NITZ TOLD TONY HE COULD'NT RETALIATE AGAINST HIM JUST BECAUSE NITZ EXCERCIZED HIS RIGHT TO FILE HIS PETITION. TONY SAID... "WATCH ME"... AND BARRED OUT.

44. BASED ON THE ABOVE INFORMATION, NITZ BELIEVES THERE IS A COMMON NUCLEUS OF RELATED VIOLATIONS BY KEY DEFENDANTS INVOLVED. AS IT IS A FACT THAT. TONY BASED HIS INITIAL DECISION TO WORK WITH NITZ AND TO GET NITZ "I.d.o.c. NO-BOND HOLD - DETAINER & WARRANTS LIFTED AS A DIRECT AND PROXIMATE RESULT THAT DARBY VOUCHED FOR NITZ & THAT NITZ ASSISTED AGENTS WITH THE PURCHASE OF CRACK COCAINE FROM "CHI-CHI" A.K.A. "APRIL" (A NAME ("APRIL") NITZ PREVIOUSLY DID NOT KNOW)" ALSO. THE PROSECUTOR MICHAEL PAUL, & NITZ COURT APPOINTED COUNSEL, MS. JOAN PANTSIOS DENIED THIS FACT AS WELL AS DENIED FACT THAT DARBY HAD ISSUED NITZ & NITZ CO-DEFENDANT "CARLOS M. ORTIZ" BOTH RECOGNIZANCE BONDS FROM THE GLENDALE HEIGHTS ILLINOIS POLICE STATION AND DROVE BOTH NITZ AND ORTIZ HOME TO 357 W. WINTHROP AV. ADDISON, IL 60101 IN DARBY'S PERSONAL VEHICLE. AND THEN ALSO PHONED DARBY FROM PAYPHONE AT ADDISON ILLINOIS LAUNDRY MAT ON MULTIPLE OCCASIONS AND FROM THE DISPATCHERS DESK AT THE VILLA PARK, IL POLICE DEPT. AND LATER AN AGENT ALSO NITZ TO RECEIVE A ("LOW") CASH BOND OF $500.— CASH ON 10-31-06 BY ORTIZ AT DUPAGE COUNTY JAIL EVEN THOUGH DARBY KNEW IT WAS ORTIZ WHO BLEW POLICE COVER AND NOT NITZ, ALSO NITZ' ("THAN") PAROLE OFFICER JIMMY DYE ACTUALLY SPOKE TO DARBY ON ONE OCCASION TO PERSONALLY TALK TO DARBY ABOUT NITZ WORKING WITH POLICE THE STATE. THE POLICE AND THE DUPAGE PUBLIC DEFENDERS OFFICE HAD ACCESS TO ALL OF THIS INFORMATION THROUGH ROUTINE DISCOVERY PROCEDURES BUT STILL LIED, WITHHELD WITNESS TESTIMONY OF DARBY, JIMMY DYE, CHI-CHI, CARLOS M. ORTIZ AND OTHERS AND THEMSELVES RELIED ON

## DUPAGE COUNTY JAIL
## INMATE REQUEST/GRIEVANCE FORM

FORM:SO-60422
REVISED:02/06

PRINT
NAME:_____    DATE:_____

DOCKET
NUMBER:_____    HOUSING LOCATION: D/L_____ POD_____ CELL_____

**CHECK ONLY ONE ITEM PER SLIP**

---

### LEGAL

☐ PUBLIC DEFENDER                          ☐ PROBATION

CASE # _____          COURT ROOM # _____

---

### ADMINISTRATIVE SERVICES

☐ SEE WATCH SUPERVISOR            ☐ GRIEVANCE
☐ LAW LIBRARY                            ☐ COMMISSARY AUDIT
☐ OUTDATE/WARRANT CHECK           ☐ TRUSTY WORK REQUEST
☐ HAIRCUT                                ☐ OTHER_____
☐ LETTER OF INCARCERATION REQUEST

---

### JUST of DUPAGE SOCIAL/EDUCATIONAL SERVICES

☐ ALCOHOLICS ANONYMOUS              ☐ JOB READINESS
☐ NARCOTICS ANONYMOUS               ☐ GED
☐ ADDICTION EDUCATION/12 STEP       ☐ BASIC COMPUTER TRAINING
☐ AL-ANON (FEMALE ONLY)             ☐ ANGER MANAGEMENT
☐ SUBSTANCE ABUSE COUNSELING        ☐ BOOK CLUB (FEMALE ONLY)
☐ DOCE PASOS DE VICTORIA            ☐ PARENTING (FEMALE ONLY)
☐ ONE ON ONE COUNSELING             ☐ TELEPHONE REQUEST
☐ RELAPSE PREVENTION/HEALING ADDICTIONS
☐ "TO COURT" LETTER (REQUEST OF ACTIVITIES ATTENDED)

---

### JUST of DUPAGE RELIGIOUS SERVICES

☐ CATHOLIC WORSHIP                  ☐ SCRIPTURE REQUEST (TYPE)_____
☐ MUSLIM WORSHIP                    ☐ ESTUDIO DE LA BIBLIA EN ESPANOL
☐ CHRISTIAN WORSHIP/BIBLE STUDY     ☐ BIBLE STUDY CORRESPONDENCE COURSE
☐ CHAPLAIN, JUST of DUPAGE

---

### JAIL CHAPLAIN SERVICES

☐ DEACON ANDREW, CHAPLAIN           ☐ FATHER GREG, ASS'T. CHAPLAIN

---

### DUPAGE COUNTY HEALTH DEPARTMENT

☐ HEALTH EMPOWERMENT (FEMALES ONLY)
☐ OTHER_____

DESCRIBE (Use Reverse Side If More Space Is Needed)

_____
_____
_____
_____
_____
_____
_____

PURJURED TESTIMONY AND USED FALSE STATEMENTS AS THE FACTUAL BASIS FOR RATIFYING NITZ GUILTY PLEA BY JUDGE DWYER, AND THOUGH NITZ WAS MENTALLY UNFIT AS HE HAD TRIED TO HANG HIMSELF, THEN LATER CUT BOTH OF HIS WRISTS AND THEN SWALLOWED THE RAZOR BLADE CAUSING NITZ TO BE HOSPITALIZED AND PLACED ON PSYCHOTROPIC MEDICATIONS AND IN A PSYCHIATRIC PRISON AND UNDER CARE OF PSYCHIATRISTS AND TO THEN APPLY FOR SOCIAL SECURITY DISABILITY THROUGH PSYCHIATRIST H. LANGNER'S RECOMMENDATION WHEREIN NITZ HIRED ATTORNEY ASHLEY S. ROSE TO HELP NITZ DO SO, (SEE EXHIBITS HERETO ATTACHED.) THOUGH NITZ WAS NOT MENTALLY FIT TO MAKE AN INTELLIGENT VOLUNTARY OR KNOWING PLEA OF GUILTY AND NITZ MENTAL INCOMPETENCE WAS DISCOVERABLE AND PANTSIOS WAS INFORMED ABOUT THIS BY NITZ, PANTSIOS INSTEAD OF ASKING FOR A FITNESS EVALUATION AND FITNESS HEARING PANTSIOS TRICKED NITZ WHO WAS MENTALLY UNFIT TO ENTER A VALID PLEA AT ALL, TO ALSO REFUSE NITZ LETTERS FROM STATEVILLE CORRECTIONAL CENTER AND FAILED TO RAISE THE ISSUE AND BURDEN PURSUANT TO 725 ILCS 5/104-10 et seq. PANTSIOS ALSO CAUSED NITZ TO LOSE HIS CHANCE TO WITHDRAW NITZ GUILTY PLEA, & TO HAVE HIS SENTENCE REDUCED PURSUANT TO ILLINOIS SUPREME COURT RULES 604(d) AND 605(b) AND OR 730 ILCS 5/5-8-1 (c) WITHIN 30 DAYS OF THE CONVICTION AND SENTENCE AND PANTSIOS ALSO CAUSED NITZ TO APPEAL AN ADVERSE DECISION AGAIN TO WHEN PANTSIOS REFUSED TO ANSWER NITZ LETTERS REQUESTING THAT SHE MOVE TO WITHDRAW NITZ GUILTY PLEA, & TO REDUCE HIS FOUR YEAR SENTENCE, THEREAFTER NITZ FILED HIS "RELIEF FROM JUDGEMENT" PETITION ON 11-9-06 FROM DIXON ("STC") CORRECTIONAL CENTER (A PSYCHIATRIC PRISON) PURSUANT TO 735 ILCS 5/2-1401 BUT, LATER MOVED TO WITHDRAW HIS 2-1401 PETITION AS HE WAS TOLD BY PRISON LAW LIBRARY PERSONNEL (ASIAN MALE) AND MS JILL STRAW (WHITE FEMALE) TO WITHDRAW (HIMSELF) THAT PETITION AS NITZ FAILED TO MAIL IT TO CLERK OF THE COURT PURSUANT TO RULE NEWLY ANNOUNCED MANDATING PRISONERS TO SEND THESE 2-1401 PETITIONS VIA REGISTERED OR VIA CERTIFIED MAIL, NITZ WAS TOLD TO WITHDRAW HIS PETITION FOR THAT REASON AND BECAUSE HE OMITTED THE IMPORTANT FACTS ABOVE, SO NITZ WOULD NOT BE SUBJECT TO RES JUDICATA OR WAIVER DOCTRINE NITZ SIMPLY WITHDRAW HIS PETITION, THEN AFTER SPEAKING TO TONY ON 11-2 OR 11-3 (" 2007") AT THE DUPAGE COUNTY JAIL AND FINDING OUT FROM TONY THAT DARBY ACTUALLY VOUCHED FOR NITZ REGARDING "CHI-CHI" AND TOLD NITZ DARBY & TONY UNWITTINGLY REVEALED TO NITZ THAT DARBY TOLD TONY "CHI-CHI" WAS REALLY "APPEL" CAUSED TONY TO MAKE HIMSELF A MATERIAL WITNESS TO VERIFIED FACTS THAT PROSECUTOR MICHAEL PAUL, AGENT DON DARBY, PUBLIC DEFENDERS JOAN PANTSIOS & JEFF YORK, TONY, AS WELL AS PAROLE AGENTS HAD PREVIOUSLY DENIED. AND RATIFIED BY JUDGE MARK A. DWYER IN CASE # 05-CF-2101, ALSO, BECAUSE JEFF YORK ALSO DENIED SAME FACTS AS PANTSIOS AND AS YORK AND PANTSIOS HAVE ALSO CONSPIRED AGAINST NITZ WITH SAME PARTY'S IN BOTH # 05-CF-2101 AND #07-CF-2821 AND ALSO AS PROSECUTOR WAS PROSECUTOR FOR BOTH # 05-CF-2101 AND #07-CF-2821 UNTIL THOMAS O'CONNOR REPLACED MICHAEL PAUL WHEN NITZ TOLD YORK NITZ REMEMBERED MICHAEL PAUL; SHOULD HAVE CAUSED YORK TO ACT ON NITZ BEHALF AND TO MOVE FOR DISCOVERY TO PROVE ABOVE CLAIMS, YORK HOWEVER REFUSED TO ADVOCATE NITZ DEFENSE AND CAUSED ACTUAL PREJUDICE TO BE ADDUCED AGAINST NITZ DEFENSE AT ANY CRITICAL STAGE OF THE ADVERSARIAL PROCEEDINGS. YORK ALSO MADE PREJUDICIAL COMMENTS AGAINST NITZ RIGHT IN FRONT OF JUDGE BURKE # 4010 ON 3-19-08, 3-21-08, 3-26-08 3-27-08 AND BEFORE JUDGE BAKALUS. # 4006 ON 3-31-08 AND 4-21-08 TOO NITZ ALSO ALLEGES THAT HE EXPLAINED ALL OF THE ABOVE FACTS IN DEPTH IN NITZ PRE-TRIAL MOTIONS, PETITIONS AND AFFIDAVITS, GRIEVANCES APPEALS etc. AND ALSO IN NITZ MANDAMUS PETITION PURSUANT TO 735 ILCS 5/14-101 CASE NO # 08-MR-700. NITZ ALSO SUBMITTED A POST-CONVICTION PETITION PURSUANT TO 725 ILCS 5/122-1 et seq. ON 4-1-2008 IN CASE NO # 05-CF-2101 TO ALLEGE ABOVE AS VIOLATIONS OF HIS CONSTITUTIONAL RIGHTS BUT BECAUSE NO ACTION IS BEING TAKEN ON NITZ BEHALF YET TO COLLECT THE PREJUDICE BEING ADDUCED TOWARD HIS DEFENSE IN #07-CF-2821 OR #08-CF-1049-1050 OR 1051

**DUPAGE COUNTY JAIL**
**INMATE REQUEST/GRIEVANCE FORM**

FORM:SO-00422
REVISED:02/06

PRINT
NAME:_____   DATE:_____

DOCKET
NUMBER:_____   HOUSING LOCATION: D/L_____ POD_____ CELL_____

**CHECK ONLY ONE ITEM PER SLIP**

---

**LEGAL**

☐ PUBLIC DEFENDER                              ☐ PROBATION

CASE #_____                     COURT ROOM #_____

---

**ADMINISTRATIVE SERVICES**

☐ SEE WATCH SUPERVISOR                    ☐ GRIEVANCE
☐ LAW LIBRARY                                      ☐ COMMISSARY AUDIT
☐ OUTDATE/WARRANT CHECK                 ☐ TRUSTY WORK REQUEST
☐ HAIRCUT                                              ☐ OTHER_____
☐ LETTER OF INCARCERATION REQUEST

---

**JUST of DUPAGE SOCIAL/EDUCATIONAL SERVICES**

☐ ALCOHOLICS ANONYMOUS                   ☐ JOB READINESS
☐ NARCOTICS ANONYMOUS                     ☐ GED
☐ ADDICTION EDUCATION/12 STEP           ☐ BASIC COMPUTER TRAINING
☐ AL-ANON (FEMALE ONLY)                      ☐ ANGER MANAGEMENT
☐ SUBSTANCE ABUSE COUNSELING          ☐ BOOK CLUB (FEMALE ONLY)
☐ DOCE PASOS DE VICTORIA                   ☐ PARENTING (FEMALE ONLY)
☐ ONE ON ONE COUNSELING                    ☐ TELEPHONE REQUEST
☐ RELAPSE PREVENTION/HEALING ADDICTIONS
☐ "TO COURT" LETTER (REQUEST OF ACTIVITIES ATTENDED)

---

**JUST of DUPAGE RELIGIOUS SERVICES**

☐ CATHOLIC WORSHIP                            ☐ SCRIPTURE REQUEST (TYPE)_____
☐ MUSLIM WORSHIP                                 ☐ ESTUDIO DE LA BIBLIA EN ESPANOL
☐ CHRISTIAN WORSHIP/BIBLE STUDY        ☐ BIBLE STUDY CORRESPONDENCE COURSE
☐ CHAPLAIN, JUST of DUPAGE

---

**JAIL CHAPLAIN SERVICES**

☐ DEACON ANDREW, CHAPLAIN                ☐ FATHER GREG, ASS'T. CHAPLAIN

---

**DUPAGE COUNTY HEALTH DEPARTMENT**

☐ HEALTH EMPOWERMENT (FEMALES ONLY)
☐ OTHER_____

**DESCRIBE (Use Reverse Side If More Space Is Needed)**

_____
_____
_____
_____
_____
_____
_____

NITZ BELIEVES SOME OFFICIALS HAVE RETALIATED AGAINST HIM BECAUSE HE FILED HIS COMPLAINTS IN ORDER TO SEEK REDRESS OF GRIEVANCES AND HAVE TAKEN MORE SUBSTANTIAL STEPS IN FURTHERANCE OF A CONSPIRACY TO OBSTRUCT JUSTICE AND TO DISCRIMINATE AND DENY HIS CONSTITUTIONAL RIGHT TO DUE PROCESS, EQUAL PROTECTION OF THE LAWS TO DENY HIM EFFECTIVE ASSISTANCE OF COUNSEL FOR HIS DEFENSE AS POLICE, PROSECUTION HAVE ENGAGED IN VINDICTIVE AND MALICIOUS PROSECUTION AND AS JUDGE BAKALIS REFUSES TO TAKE JUDICIAL NOTICE OF ABOVE FACTS AND REFUSES TO APPOINT OTHER COUNSEL OUTSIDE DUPAGE COUNTY PUBLIC DEFENDERS OFFICE IN LIGHT OF A REAL & EXISTING CONFLICT OF INTERESTS. AS YORK HAS EXHIBITED ON MULTIPLE OCCASIONS THAT HE IS NITZ ADVERSARY AS ACTUAL PREJUDICE HAS BEEN ADDUCED AGAINST NITZ BECAUSE YORK AND JUDGE BAKALIS, POLICE, PROSECUTION AND OTHERS NAMED ABOVE HAVE FORGED DOCUMENTS AND FILED UNAUTHORIZED MOTIONS TO CREATE AN CAUSE CALCULATED PREJUDICE THESE PUBLIC OFFICIALS HAVE CAUSED A MISCARRIAGE OF JUSTICE TO OCCUR AS THESE PERSONS HAVE REFUSED TO ALLOW NITZ TO COMPEL DISCOVERY TO NEGATE NITZ ACTUAL GUILT IN VIOLATION OF ILL. SUP. CT. RULE 412 (C) AND JENCKS V. UNITED STATES 353 U.S. 657, 1 L.ed. 2d 1103, 77 S.ct. 1007 (1957) OR PEOPLE V. SMITH, 268 ILL. APP. 3d 574, 645 N.E.2d 313, 206 ILL. DEC, 308, (1994). BRADY V. MARYLAND, 373 U.S. 83, 10 L.ed. 2d 215, 83 S.ct. 1194 (1963). AS NITZ ALLEGES THAT TO COMPEL SUCH EVIDENCE WOULD EXCULPATE HIM AND INCRIMINATE ABOVE PUBLIC OFFICIALS THAT THAN IS THE REASON WHY OFFICIALS REFUSE TO PRODUCE VIDEO TAPES, BUSINESS RECORDS, TO REFUSE TO HIRE AN EXPERT WITNESS TO SCIENTIFICALLY TEST FINGER PRINT EVIDENCE: FILM SURFACES OF AREAS FINGERPRINTS WERE DUSTED AT, TO REFUSE TO ORDER CHAIN OF CUSTODY OF EVIDENCE RECORDS, REFUSE TO COMPEL WITNESSES AND INDUCEMENT OF WITNESSES & STATEMENTS, OR WITNESS LOST, BILL OF PARTICULARS, THE ORIGINAL CHARGING INSTRUMENT IN # 07-CF-2821. ARREST WARRANTS, PHONE AND COMPUTER RECORDS, CRIME LAB REPORTS & DATA & VERBATIM REPORTS OF POLICE, WITNESSES, STATES ATTORNEYS OFFICE REGARDING WITNESSES THAT HAVE INFORMATION THAT WOULD NEGATE NITZ GUILT SUCH AS: CHI-CHI "APPEL" DON DARBY, TONY TERRANOVA, JEAN HARVEY #83, MICHAEL PAUL, JOAN DANTZIAS, PSYCHIATRISTS, MEDICAL RECORDS, CARLOS M. ORTIZ, KEN NITZ, LARRY NITZ, JOHN WISMANN, STEVE WISMANN, LAWRENCE F. NITZ, KENNETH C. NITZ, PAROLE AGENTS JIMMY DYE, AGENT HALL & SUPERVISORS, PHONE RECORDS, DOCUMENTS, COMPUTER RECORDS, PROFESSIONAL VISITORS RECORDS AS WELL AS TO COMPEL TESTIMONY OF DEPUTY VAN HOOSE, SGT. LORRIGAN AT THE DU PAGE COUNTY JAIL AND TO PRODUCE ANY AND ALL VIDEO TAPES OF 2ND AND 1ST FLOORS OF NEW JAIL AND ELEVATORS AND BASEMENT STORAGE AREA AND AT THE LAW LIBRARY & HALLWAY TO NEW BLDG. 2ND FLOOR TO ELEVATORS, AS WELL AS THE 1ST FLOOR OF OLD JAILS BLDG, HOLDING CELL AREA THAT NITZ WAS KEPT ON SUICIDE WATCH CELL AND SHOWING NITZ BEING TAKEN OUT DOOR AT WEST END OF OLD BLDG, FIRST FLOOR HALLWAY GOING TOWARD JAIL OFFICES OR LOBBY WEST OF BOOKING CHUTES AT METAL DOOR. OR ANY AND ALL OTHER EVIDENCE, DOCUMENTS, DATA, RECORDS, LOGS, MEMORANDS, NOTES, REPORTS ETC. TO BE PRODUCED FOR INSPECTION OR TESTING, COPYING, INSPECTION BY EXPERTS AT HEARINGS OR AT TRIAL.

45. NITZ ALLEGES THAT THE ABOVE DISCOVERY REQUESTS SHOULD BE COMPELLED TO BE PRODUCED BY DEFENDANTS AS THE EVIDENCE DISCLOSED WILL BE MATERIAL TO NITZ DEFENSE AND TO ALSO LAY AN ADEQUATE FOUNDATION OF FACTORS HE CAN USE TO SUPPORT HIS CLAIMS AS WELL AS TO IMPEACH WITNESSES AND TO ALSO COMPEL DISCOVERY MATERIAL TO THE QUESTION OF NITZ GUILT AND TO ALSO SUPPORT HIS ALLEGATIONS REGARDING THE VIOLATIONS OF HIS CIVIL AND CONSTITUTIONAL RIGHTS IN CONTRAVENTION OF U.S.C.A. CONST. AMENDS 4, 5, 6, 8 & 14. ALSO; ART. IV, § 2, CLAUSE ONE AND THE ILLINOIS CONST. OF 1970 ART. I § 2, 6, 5, 7, 8, 8.1, 9, 10, 11, 12 & 13 etc. NITZ ALLEGES THAT HIS COUNSEL HAS NOT MOVED FOR PRODUCTION OF ANY DISCOVERY IN THIS CAUSE #07-CF-2821 AND THAT BECAUSE THE PROSECUTION SUPPRESSED EVIDENCE AND WITNESSES AVAILABILITY IN #05-CF-2101 AS WELL AS

## DUPAGE COUNTY JAIL
## INMATE REQUEST/GRIEVANCE FORM

FORM:SO-48/22
REVISED:02/06

PRINT
NAME:_____    DATE:_____

DOCKET
NUMBER:_____    HOUSING LOCATION: D/L_____ POD_____ CELL_____

**CHECK ONLY ONE ITEM PER SLIP**

---

**LEGAL**

☐ PUBLIC DEFENDER                          ☐ PROBATION

CASE # _____                COURT ROOM # _____

---

**ADMINISTRATIVE SERVICES**

☐ SEE WATCH SUPERVISOR          ☐ GRIEVANCE
☐ LAW LIBRARY                   ☐ COMMISSARY AUDIT
☐ OUTDATE/WARRANT CHECK         ☐ TRUSTY WORK REQUEST
☐ HAIRCUT                       ☐ OTHER _____
☐ LETTER OF INCARCERATION REQUEST

---

**JUST of DUPAGE SOCIAL/EDUCATIONAL SERVICES**

☐ ALCOHOLICS ANONYMOUS                  ☐ JOB READINESS
☐ NARCOTICS ANONYMOUS                   ☐ GED
☐ ADDICTION EDUCATION/12 STEP           ☐ BASIC COMPUTER TRAINING
☐ AL-ANON (FEMALE ONLY)                 ☐ ANGER MANAGEMENT
☐ SUBSTANCE ABUSE COUNSELING            ☐ BOOK CLUB (FEMALE ONLY)
☐ DOCE PASOS DE VICTORIA                ☐ PARENTING (FEMALE ONLY)
☐ ONE ON ONE COUNSELING                 ☐ TELEPHONE REQUEST
☐ RELAPSE PREVENTION/HEALING ADDICTIONS
☐ "TO COURT" LETTER (REQUEST OF ACTIVITIES ATTENDED)

---

**JUST of DUPAGE RELIGIOUS SERVICES**

☐ CATHOLIC WORSHIP                      ☐ SCRIPTURE REQUEST (TYPE)_____
☐ MUSLIM WORSHIP                        ☐ ESTUDIO DE LA BIBLIA EN ESPANOL
☐ CHRISTIAN WORSHIP/BIBLE STUDY         ☐ BIBLE STUDY CORRESPONDENCE COURSE
☐ CHAPLAIN, JUST of DUPAGE

---

**JAIL CHAPLAIN SERVICES**

☐ DEACON ANDREW, CHAPLAIN               ☐ FATHER GREG, ASS'T. CHAPLAIN

---

**DUPAGE COUNTY HEALTH DEPARTMENT**

☐ HEALTH EMPOWERMENT (FEMALES ONLY)
☐ OTHER_____

DESCRIBE (Use Reverse Side if More Space is Needed)

_____
_____
_____
_____
_____
_____
_____

PREMISED ON KNOWING USE OF PERJURED TESTIMONY USED IN BOTH CASES #05-CF-2101 AND #07-CF-2821 AND #08-MR-700 WAS INTENTIONALLY DELAYED AND MISFILED TO CREATE CALCULATED PREJUDICE AGAINST NITZ BY PROSECUTOR MICHAEL PAUL WHO WAS PROSECUTOR IN #05-CF-2101 AND PART OF #07-CF-2821 AT CRITICAL STAGES OF INITIAL PROCEEDINGS AND AS TONY TERRANOVA AND DON DARBY WERE INVOLVED IN VERIFICATION OF FACTS OF BOTH CASES ABOVE INSTRUMENTAL IN CAUSING DEALS TO BE MADE CARRIED OUT IN PART AND THEN BROKEN AND THEN THOSE FACTS WERE DENIED BY DARBY, TERRANOVA, PAUL AND O'CONNOR, PANTSIOS AND YORK. AND AGAIN OVERLOOKED BY JUDGE BAKALIS AND DWYER AS WELL AS AFTER NITZ 11-NO-BOND I.D.O.C. DETAINERS HOLDS & WARRANTS WERE ACTUALLY LIFTED IN BOTH #05-CF-2101 AND #07-CF-2821 WHICH I.D.O.C. OFFICIALS ALSO HAD KNOWLEDGE OF. NITZ DEMANDS THAT THE ABOVE DISCOVERY WILL BE COMPELLED AND PRESERVED, PRODUCED, EXPOSED AND EXHIBITED FOR PURPOSES OF IMPEACHMENT, TO NEGATE GUILT, TO EXPOSE CRIMINAL CONDUCT SUCH AS PERJURY, OFFICIAL MISCONDUCT, FABRICATION PLANTING AND TAMPERING WITH EVIDENCE AND WITNESS AVAILABILITY AND INDUCEMENT OF WITNESSES FOR SUPPRESSION PURPOSES AND TO DISCOVER IF THE STATE HAS SUPPRESSED EVIDENCE FROM THE DEFENSE ETC; FOR INSPECTION TESTING, COPYING REVIEW AND LEARNING OF RETALIATION, CONSPIRACY, OBSTRUCTION OF JUSTICE OR OTHER CRIMINAL ACTIVITY BY PUBLIC OFFICIALS SUCH AS VIDEO TAPE PHONE RECORDS, COMPUTER RECORDS, REPORTS, MEMORANDA, STATEMENTS ETC, LOGS, DEPOSITIONS INTERROGATORIES OR ADMISSIONS ETC. SO DEFENDANT CAN PRESERVE RELEVANT DATA ON THE RECORD FOR A COURT OF REVIEW AT STATE OR FEDERAL LEVEL ON APPEAL OR COLLATERAL ATTACK OF FEDERAL HABEAS CORPUS REVIEW ESPECIALLY AS STATE AND COUNSEL HAVE FORCED PROCEDURAL DEFAULT WITHIN MEANING OF " CHAPMAN V. CALIFORNIA, 386 U.S. 18 (1967); CUYLER V. SULLIVAN, 446 U.S. 335 AT 340 (1980) QUOTING WALKER V. UNITED STATES, 422 F.2d. 374, 375 (C.A.3) (PER CURIAM), CERT. DENIED, 399 U.S. 915 (1970). TOWNSEND V. SAIN, 372 U.S. 293 AT 309 N. 6, 83 S.CT. AT 755, N.6, QUOTING BROWN V. ALLEN, 344 U.S. 443 AT 506 (1953) SEE ESPECIALLY N. 6 & 7 OF CUYLER DECISION AT 100 S.CT. 1708 AT 1715, 1716 QUOTING [" LISENBA, MOORE, GIDEON, JOHNSON, AND ARGERSINGER V. HAMLIN, 407 U.S. 25, 29-33, 92 S.Ct. 2006, 2008-2010, 32 L.Ed.2d 530 (1972)"  ALSO; KIMMELMAN V. MORRISON, 477 U.S. 365 (1986), ALSO; PADILLA V. GONZALEZ, 397 F.3d 1016 (2005) (7TH CIR.); PEOPLE V. BRIDDLE, 84 ILL. APP. 3d 523, 40 ILL. DEC. 205, 405 NE. 2d 1357 (2 DIST. 1980) CERT. DENIED, 450 U.S. 986 (1981) (FOR VIOLATIONS OF 720 ILCS 5/31-4 (A), (B), (C), (D) (1) AND ALSO 42 U.S.C. § 1985 (2) & (3).

46. NITZ REQUESTS THAT THE REQUESTS IN THE ABOVE 45 PARAGRAPHS AND EXHIBITS ATTACHED HERE HAVE REVEALED WILL BE GRANTED BY THIS HONORABLE COURT, NITZ ALSO REQUESTS THAT THIS COURT WOULD ALLOW NITZ TO AGAIN AMEND HIS COMPLAINT THROUGH COUNSEL ALREADY APPOINTED BY THE COURT TO ADD ABOVE NAMED PERSONS AS DEFENDANTS IN THIS CAUSE OF ACTION # 08-C-0334 NITZ V. TONY DOE, ET AL, AS THERE IS A COMMON NUCLEUS OF RELATED VIOLATIONS REGARDING CONSPIRACY, OBSTRUCTION OF JUSTICE, RETALIATION, ONGOING PATTERN OF HARASSMENT, REFUSAL TO COMPEL DISCOVERY DOCUMENTS, TANGIBLE THINGS, WITNESSES, EXPERTS, MATERIAL TO QUESTION OF NITZ, DEFENSE GUILT, SUPPRESSION OR EXCLUSION OF EVIDENCE PURSUANT TO FOURTH AND FIFTH, SIXTH AND FOURTEENTH AMENDMENT CLAIMS AND ART. IV, § 2 CLAUSE ONE, AS NITZ RIGHTS TO DUE PROCESS, TO HAVE EFFECTIVE ASSISTANCE OF CONFLICT FREE COUNSEL FOR HIS DEFENSE, TO PROTECTION FROM UNREASONABLE SEARCHES & SEIZURES AND PRIVACY INTERCEPTIONS AND TO MIRANDA & ESCOBEDO DOCTRINES OF 5TH AMENDMENT WERE ALSO BREACHED AND AS A RESULT OF CONSPIRACY TO DISCRIMINATE AND DENY EQUAL PROTECTION AND EQUAL PRIVILEGES AND IMMUNITIES HAVE AND ARE OBSTRUCTING JUSTICE NITZ REQUEST PERMISSION TO AMEND AND TO ADD THE ABOVE MENTIONED PERSONS AS DEFENDANT PURSUANT TO SOMDU. SPARKMAN 435 U.S. 349 (1978); PIERSON V. RAY, 386 U.S. 547 (1967); MONELL V. DEPT. OF CITY OF NEWYORK, 436 U.S. 658 (1978); MCLAUGHLIN V. TILENDIS, 398 F.2d 287 (7TH CIR. 1968) BOUNDS V. ILL. P. REV. BD., 556 F. SUPP. 675 (N.D.ILL. 1983) & APPROVED V. NEW JERSEY,

# DUPAGE COUNTY JAIL
## INMATE REQUEST/GRIEVANCE FORM

FORM:SO-06R22
REVISED:02/06

PRINT
NAME:_____     DATE:_____

DOCKET
NUMBER:_____     HOUSING LOCATION: D/L_____ POD_____ CELL_____

**CHECK ONLY ONE ITEM PER SLIP**

---

**LEGAL**

☐ PUBLIC DEFENDER                              ☐ PROBATION

CASE # _____              COURT ROOM # _____

---

**ADMINISTRATIVE SERVICES**

☐ SEE WATCH SUPERVISOR                        ☐ GRIEVANCE
☐ LAW LIBRARY                                 ☐ COMMISSARY AUDIT
☐ OUTDATE/WARRANT CHECK                       ☐ TRUSTY WORK REQUEST
☐ HAIRCUT                                     ☐ OTHER _____
☐ LETTER OF INCARCERATION REQUEST

---

**JUST of DUPAGE SOCIAL/EDUCATIONAL SERVICES**

☐ ALCOHOLICS ANONYMOUS                        ☐ JOB READINESS
☐ NARCOTICS ANONYMOUS                         ☐ GED
☐ ADDICTION EDUCATION/12 STEP                 ☐ BASIC COMPUTER TRAINING
☐ AL-ANON (FEMALE ONLY)                       ☐ ANGER MANAGEMENT
☐ SUBSTANCE ABUSE COUNSELING                  ☐ BOOK CLUB (FEMALE ONLY)
☐ DOCE PASOS DE VICTORIA                      ☐ PARENTING (FEMALE ONLY)
☐ ONE ON ONE COUNSELING                       ☐ TELEPHONE REQUEST
☐ RELAPSE PREVENTION/HEALING ADDICTIONS
☐ "TO COURT" LETTER (REQUEST OF ACTIVITIES ATTENDED)

---

**JUST of DUPAGE RELIGIOUS SERVICES**

☐ CATHOLIC WORSHIP                            ☐ SCRIPTURE REQUEST (TYPE)_____
☐ MUSLIM WORSHIP                              ☐ ESTUDIO DE LA BIBLIA EN ESPANOL
☐ CHRISTIAN WORSHIP/BIBLE STUDY               ☐ BIBLE STUDY CORRESPONDENCE COURSE
☐ CHAPLAIN, JUST of DUPAGE

---

**JAIL CHAPLAIN SERVICES**

☐ DEACON ANDREW, CHAPLAIN                     ☐ FATHER GREG, ASS'T. CHAPLAIN

---

**DUPAGE COUNTY HEALTH DEPARTMENT**

☐ HEALTH EMPOWERMENT (FEMALES ONLY)
☐ OTHER_____

---

**DESCRIBE (Use Reverse Side If More Space Is Needed)**

_____
_____
_____
_____
_____
_____
_____
_____

530. U.S. 466 (2000). AS NITZ RIGHTS ARE BEING OBSTRUCTED BY THE MISCONDUCT OF THE ABOVE NAMED OFFICIALS AND RETALIATORY AND OVERT ACTS AND TACIT AGGREEMENT OF ABOVE PERSONS TAKING SUBSTANTIAL STEPS IN FURTHERANCE OF A CONSPIRACY TO DENY NITZ CIVIL RIGHTS NITZ REQUESTS THE HELP OF THIS COURT TO PREVENT A MISCARRIAGE OF THE JUDICIAL PROCESS IN THE INTERESTS OF SUBSTANTIAL ADMINISTRATION OF JUSTICE.

HERMAN L. NITZ JR.
RESPECTFULLY SUBMITTED
Herman L. Nitz Jr.
I.R. # 42337
DUPAGE COUNTY JAIL
P.O. BOX 957
WHEATON, IL 60189-0957

DATE: 6-15-2008

---

PROOF / CERTIFICATE OF SERVICE - DECLARATION - VERIFICATION BY CERTIFICATION

I, HERMAN L. NITZ JR., I.R. # 42337 DECLARE UNDER PENALTY OF PERJURY PURSUANT TO 28 U.S.C. § 1746 & § 1651 (a), AND, 42 U.S.C. § 1983, § 1997 e(a), THAT PURSUANT TO THE ("P.L.R.A.") I HAVE EXHAUSTED AVAILABLE GRIEVANCE REMEDIES PRIOR TO FILING THIS DOCUMENT AND AFTER RECEIVING AN UNSATISFACTORY RESPONSE TO THAT GRIEVANCE, THEN APPEALED TO SHERIFF & HIS DESIGNEES, ZARUBA, MANION AND WOLFF AND THEN ALSO FORWARDED COPIES TO CHIEF JUDGES CHAMBERS TO BE THOROUGH.

I FURTHER DECLARE THAT ON THIS 15TH DAY OF JUNE 2008 I SUBMITTED THE ORIGINAL OF THIS DOCUMENT TO THE CLERK OF THIS COURT AND CONFORMED COPY TO THE DEFENDANTS COUNSEL MR. KNIGHT, BY CAUSING TWO SEPARATE PROPERLY ADDRESSED 1st CLASS POSTAGE PRE-PAID ENVELOPES TO BE DEPOSITED IN THE MAIL BOX AT JAIL'S 2-X-06 POD FOR DELIVERY TO ABOVE PERSON VIA THE U.S. POSTAL SERVICE.

I DECLARE ALSO THAT ALL STATEMENTS ABOVE AND THROUGHOUT THIS DOCUMENT ARE TRUE AND CORRECT IN SUBSTANCE AND IN FACT EXCEPT FOR ANY MATTER WHICH MAY BE BASED ON INFORMATION AND BELIEF AND AS TO SUCH MATTERS I, ATTEST, CERTIFY, VERIFY AND AFFIRM THAT I VERILY BELIEVE SAME TO ALSO BE TRUE.

I do NOT SUBMIT THIS DOCUMENT TO EMBARRASS OR HARASS ANY PERSON OR PARTY TO THIS ACTION OR TO CAUSE ANY UNNECESSARY DELAYS BUT I SUBMIT THIS DOCUMENT IN GOOD FAITH AS I BELIEVE I HAVE A COLORABLE AND MERITORIOUS CAUSE OF ACTION

HERMAN L. NITZ JR.
S/ Herman L. Nitz Jr.
I.R. # 42337
DUPAGE COUNTY JAIL
P.O. BOX 957
WHEATON, IL 60189-0957

DATE: 6-15-08

## DUPAGE COUNTY JAIL
## INMATE REQUEST/GRIEVANCE FORM

FORM:SO-0032
REVISED:02/06

PRINT
NAME:_____    DATE:_____

DOCKET
NUMBER:_____    HOUSING LOCATION: D/L_____ POD_____ CELL_____

CHECK ONLY ONE ITEM PER SLIP

---

**LEGAL**

☐ PUBLIC DEFENDER      ☐ PROBATION

CASE # _____      COURT ROOM # _____

---

**ADMINISTRATIVE SERVICES**

☐ SEE WATCH SUPERVISOR      ☐ GRIEVANCE

☐ LAW LIBRARY      ☐ COMMISSARY AUDIT

☐ OUTDATE/WARRANT CHECK      ☐ TRUSTY WORK REQUEST

☐ HAIRCUT      ☐ OTHER _____

☐ LETTER OF INCARCERATION REQUEST

---

**JUST of DUPAGE SOCIAL/EDUCATIONAL SERVICES**

☐ ALCOHOLICS ANONYMOUS      ☐ JOB READINESS

☐ NARCOTICS ANONYMOUS      ☐ GED

☐ ADDICTION EDUCATION/12 STEP      ☐ BASIC COMPUTER TRAINING

☐ AL-ANON (FEMALE ONLY)      ☐ ANGER MANAGEMENT

☐ SUBSTANCE ABUSE COUNSELING      ☐ BOOK CLUB (FEMALE ONLY)

☐ DOCE PASOS DE VICTORIA      ☐ PARENTING (FEMALE ONLY)

☐ ONE ON ONE COUNSELING      ☐ TELEPHONE REQUEST

☐ RELAPSE PREVENTION/HEALING ADDICTIONS

☐ "TO COURT" LETTER (REQUEST OF ACTIVITIES ATTENDED)

---

**JUST of DUPAGE RELIGIOUS SERVICES**

☐ CATHOLIC WORSHIP      ☐ SCRIPTURE REQUEST (TYPE)_____

☐ MUSLIM WORSHIP      ☐ ESTUDIO DE LA BIBLIA EN ESPANOL

☐ CHRISTIAN WORSHIP/BIBLE STUDY      ☐ BIBLE STUDY CORRESPONDENCE COURSE

☐ CHAPLAIN, JUST of DUPAGE

---

**JAIL CHAPLAIN SERVICES**

☐ DEACON ANDREW, CHAPLAIN      ☐ FATHER GREG, ASS'T. CHAPLAIN

---

**DUPAGE COUNTY HEALTH DEPARTMENT**

☐ HEALTH EMPOWERMENT (FEMALES ONLY)

☐ OTHER_____

DESCRIBE (Use Reverse Side If More Space Is Needed)

_____

_____

_____

_____

_____

_____

_____

CASE ON CALL

2169 (Rev. 12/04)

**NOTICE OF MOTION**

STATE OF ILLINOIS

UNITED STATES OF AMERICA

COUNTY OF DU PAGE

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT

People of the State of Illinois

**CASE NUMBER**

08 CF 4254

PLAINTIFF

-VS-

HERMAN L. NITZ,

DEFENDANT

File Stamp Here

## NOTICE OF MOTION

To: CHRIS KACHIROUBAS, CIRCUIT COURT CLERK      JOSEPH BIRKETT, SAO  Attn: DPCJ      2-4-08
(NAME)                                                     (ADDRESS)

WHEATON                        IL                        60187
(CITY)                         (STATE)                   (ZIP)

YOU ARE HEREBY NOTIFIED that on the      28th      day of      April      2008      9:00 A  M

as commonly to be heard, I shall appear before the Honorable      Judge Creswell
in Court Room No.      4014      , or any other judge as may be holding court in his/her absence, in the court room usually
occupied by him/her in the ☒ DuPage County Judicial Center, 505 North County Farm Road, Wheaton, Illinois

☐

and then and there

**TO TRANSFER TO 4000 PURSUANT TO LOWER CASE RULE, 07 OF 2024**

TRIAL

at which time and place you may appear as you see fit to do so

Name:      ANTHONY V. COCO                          ☐ PRO SE      Anthony V Coco
(Attorney for Plaintiff, Petitioner, Defendant, Respondent, Etc.)                    (SIGNATURE)

DuPage Attorney Number:      #100084

Address:      1503 N. COUNTY FARM RD.

City/State/Zip:

Telephone:      (630) 407-8000

## PROOF OF SERVICE

On      April      24      2008      I,      Maryeol Diaz                          on oath state that
(month)   (day)   (year)

☒ I served this notice by delivering a copy personally to each person to whom it is directed.

☐ I served this notice by mailing a copy to each person to whom it is directed and depositing the same in the U.S.

Mail at                                                    , Illinois, with the proper postage prepaid.

Subscribed and sworn to before me

Date:      4-24-08

OFFICIAL SEAL
MARYEOL MORRO
Notary Public, State of Illinois
My Commission Expires 07/31/08

(SIGNATURE)

CHRIS KACHIROUBAS, CLERK OF THE 18TH JUDICIAL CIRCUIT COURT
WHEATON, ILLINOIS 60189-0707

*CASE ON CALL*

NOTICE OF MOTION

2169 (Rev. 12/04)

STATE OF ILLINOIS

UNITED STATES OF AMERICA

COUNTY OF DUPAGE

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT

| People of the State of Illinois | CASE NUMBER |
|---|---|
| PLAINTIFF | 08 CF 1049 |
| .VS. | |
| HERMAN I. NITZ | |
| DEFENDANT | The Stamp Here |

## NOTICE OF MOTION

To: CHRIS KACHIROUBAS, CIRCUIT COURT CLERK       JOSEPH BIRKETT, SAO Attn: DPCJ  2-4-08

WHEATON       IL       60187
(CITY)       (STATE)       (ZIP)

YOU ARE HEREBY NOTIFIED that on the 28th day of April 2008 at 9:00 A M, or as soon thereafter as counsel may be heard, I shall appear before the Honorable Judge Burke in Court Room No. 4010 , or any other judge as may be holding court in his/her absence, in the court room usually occupied by him/her in the ☑ DuPage County Judicial Center, 505 North County Farm Road, Wheaton, Illinois

and then and there

TO TRANSFER TO 4006 PURSUANT TO LOWER CASE RULE .07 CF 2821 .

at which time and place you may appear as you see fit to do so.

Name: JACQUELINE M. LACY          ☐ PROSE      *Jacqueline M. Lacy md*
(Attorney for Plaintiff, Petitioner, Defendant, Respondent, Prose)       (SIGNATURE)

DuPage Attorney Number: #100120

Address: 503 N. COUNTY FARM RD

City/State/Zip: WHEATON, IL 60187

Telephone: (630) 407-8300

## PROOF OF SERVICE

On April 24, 2008 I, Marysol Diaz on oath state that
(month) (day) (year)

☑ I served this notice by delivering a copy personally to each person to whom it is directed.

☐ I served this notice by mailing a copy to each person to whom it is directed and depositing the same in the U.S. Mail at , Illinois, with the proper postage prepaid.

Subscribed and sworn to before me

Date: 4-24 *Carol Caponigro*

*Carol Caponigro*
Notary Public - Circuit Clerk

"OFFICIAL SEAL"
CAROL I. CAPONIGRO
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires 07/31/08

*Marysol Diaz*
(SIGNATURE)

CHRIS KACHIROUBAS, CLERK OF THE 18TH JUDICIAL CIRCUIT COURT
WHEATON, ILLINOIS 60187



# OFFICE OF THE CIRCUIT COURT CLERK

## CHRIS KACHIROUBAS, CIRCUIT CLERK

### 18th JUDICIAL CIRCUIT COURT - DU PAGE COUNTY

May 6, 2008

Herman L. Nitz, Jr.
P.O. Box 957
Wheaton, IL 60187

Re: Herman L. Nitz, Jr. v. The Honorable George Bakalis, et al.
Case Number: 2008 MR 700

Mr. Nitz,

Please be advised that you case has been filed and assigned case number 2008 MR 700. The Summons you submitted for issuance are incorrect, enclosed you will find the Mandamus Summons, please fill out one Summons for each defendant and return to me for issuance.

In the mean time, your Application and Order for Indigency have been forwarded to Judge Wheaton for review and consideration; I will notify you once a decision has been rendered.

If you need further assistance please refer to the Code of Civil Procedure of the Illinois Compiled Statues. I am unable to assist you with any further information regarding this matter. The Clerk of the Circuit Court is prohibited by law from providing any legal advice.

Sincerely,

*Chris Kachiroubas* 503
Chris Kachiroubas
Clerk of the Court

By:

Melissa Drotziger
Deputy Clerk
Civil Division

**DUPAGE COUNTY JAIL**
**INMATE REQUEST/GRIEVANCE FORM**

PRINT
NAME:_____ DATE:_____

DOCKET
NUMBER:_____ HOUSING LOCATION: D/L_____ POD_____ CELL_____

CHECK ONLY ONE ITEM PER SLIP

---

**LEGAL**

☐ PUBLIC DEFENDER ☐ PROBATION

CASE # _____ COURT ROOM # _____

---

**ADMINISTRATIVE SERVICES**

☐ SEE WATCH SUPERVISOR ☐ GRIEVANCE

☐ LAW LIBRARY ☐ COMMISSARY AUDIT

☐ OUTDATE/WARRANT CHECK ☐ TRUSTY WORK REQUEST

☐ HAIRCUT ☐ OTHER _____

☐ LETTER OF INCARCERATION REQUEST

---

**JUST of DUPAGE SOCIAL/EDUCATIONAL SERVICES**

☐ ALCOHOLICS ANONYMOUS ☐ JOB READINESS

☐ NARCOTICS ANONYMOUS ☐ GED

☐ ADDICTION EDUCATION/12 STEP ☐ BASIC COMPUTER TRAINING

☐ AL-ANON (FEMALE ONLY) ☐ ANGER MANAGEMENT

☐ SUBSTANCE ABUSE COUNSELING ☐ BOOK CLUB (FEMALE ONLY)

☐ DOLCE PASOS DE VICTORIA ☐ PARENTING (FEMALE ONLY)

☐ ONE ON ONE COUNSELING ☐ TELEPHONE REQUEST

☐ RELAPSE PREVENTION/HEALING ADDICTIONS

☐ "TO COURT" LETTER (REQUEST OF ACTIVITIES ATTENDED)

---

**JUST of DUPAGE RELIGIOUS SERVICES**

☐ CATHOLIC WORSHIP ☐ SCRIPTURE REQUEST (TYPE)_____

☐ MUSLIM WORSHIP ☐ ESTUDIO DE LA BIBLIA EN ESPANOL

☐ CHRISTIAN WORSHIP/BIBLE STUDY ☐ BIBLE STUDY CORRESPONDENCE COURSE

☐ CHAPLAIN, JUST of DUPAGE

---

**JAIL CHAPLAIN SERVICES**

☐ DEACON ANDREW, CHAPLAIN ☐ FATHER GREG, ASS'T. CHAPLAIN

---

**DUPAGE COUNTY HEALTH DEPARTMENT**

☐ HEALTH EMPOWERMENT (FEMALES ONLY)

☐ OTHER_____

DESCRIBE (Use Reverse Side If More Space is Needed)

_____
_____
_____
_____
_____
_____
_____
_____

JOHN E. ZARUBA
SHERIFF

501 N. County Farm Road
Wheaton, Illinois 60187
Non-Emergency
24 Hr. (630) 407-2400
www.co.dupage.il.us/sheriff

## OFFICE OF THE SHERIFF
COUNTY OF DUPAGE

Reference Case # _____  Date: 5/16/08

☐ Enclosed please find the paperwork in the above referenced case, as it's being returned to you for the following reason(s):

☐ Address for service is located in _____ County. Please contact them for your civil process information.

☐ Sheriff's fees are payable in advance. Kindly remit the sum of $ _____

☐ Your check is for an incorrect amount. Please remit the sum of $ _____

☐ Please make your check payable to Sheriff of DuPage County.

☐ The Sheriff's Office will not attempt service at a P.O. Box or Rural Route address

☐ We are returning your check for $ _____. There is no fee for this service and your paperwork has been processed.

☐ Your Body Attachment has incomplete information, therefore cannot be processed. Our Warrants Division must have the defendant's sex, height, weight and date of birth OR drivers license number in order for the attachment to be placed into the L.E.A.D.S. System.

☐ Papers received too late for service. We require 10 business days to attempt service. Also please enclose a self addressed stamped envelope for your return.

☑ Additional Comments: _____

Paperwork returned by employee _____ ID# _____
Verified by employee _____ ID# 536

Employee please check one:
☐ Check returned with paperwork enclosed
☑ No check was enclosed with original paperwork

2007 _____ 428
COUNTRY WIDE INSURANCE
V. JAKUBOWSKI
$163,000.00   ?

Should you have any questions reference this matter, please call the Civil Division at 630-407-2060. Thank you.

# DUPAGE COUNTY JAIL
## INMATE REQUEST/GRIEVANCE FORM

FORM:SO-00422
REVISED:02/06

PRINT
NAME: _____  DATE: _____

DOCKET
NUMBER: _____  HOUSING LOCATION: D/L _____ POD _____ CELL _____

CHECK ONLY ONE ITEM PER SLIP

### LEGAL

- [ ] PUBLIC DEFENDER
- [ ] PROBATION

CASE # _____

COURT ROOM # _____

### ADMINISTRATIVE SERVICES

- [ ] SEE WATCH SUPERVISOR
- [ ] LAW LIBRARY
- [ ] OUTDATE/WARRANT CHECK
- [ ] HAIRCUT
- [ ] LETTER OF INCARCERATION REQUEST
- [ ] GRIEVANCE
- [ ] COMMISSARY AUDIT
- [ ] TRUSTY WORK REQUEST
- [ ] OTHER _____

### JUST of DUPAGE SOCIAL/EDUCATIONAL SERVICES

- [ ] ALCOHOLICS ANONYMOUS
- [ ] NARCOTICS ANONYMOUS
- [ ] ADDICTION EDUCATION/12 STEP
- [ ] AL-ANON (FEMALE ONLY)
- [ ] SUBSTANCE ABUSE COUNSELING
- [ ] DOLCE PASOS DE VICTORIA
- [ ] ONE ON ONE COUNSELING
- [ ] RELAPSE PREVENTION/HEALING ADDICTIONS
- [ ] "TO COURT" LETTER (REQUEST OF ACTIVITIES ATTENDED)
- [ ] JOB READINESS
- [ ] GED
- [ ] BASIC COMPUTER TRAINING
- [ ] ANGER MANAGEMENT
- [ ] BOOK CLUB (FEMALE ONLY)
- [ ] PARENTING (FEMALE ONLY)
- [ ] TELEPHONE REQUEST

### JUST of DUPAGE RELIGIOUS SERVICES

- [ ] CATHOLIC WORSHIP
- [ ] MUSLIM WORSHIP
- [ ] CHRISTIAN WORSHIP/BIBLE STUDY
- [ ] CHAPLAIN, JUST of DUPAGE
- [ ] SCRIPTURE REQUEST (TYPE) _____
- [ ] ESTUDIO DE LA BIBLIA EN ESPANOL
- [ ] BIBLE STUDY CORRESPONDENCE COURSE

### JAIL CHAPLAIN SERVICES

- [ ] DEACON ANDREW, CHAPLAIN
- [ ] FATHER GREG, ASS'T. CHAPLAIN

### DUPAGE COUNTY HEALTH DEPARTMENT

- [ ] HEALTH EMPOWERMENT (FEMALES ONLY)
- [ ] OTHER _____

DESCRIBE (Use Reverse Side if More Space is Needed)

**LAW OFFICE OF ASHLEY S. ROSE**
799 Roosevelt Rd., Building 6, Suite 104
Glen Ellyn, IL. 60137
630/790-9066
FAX: 630/790-9067

28 March 2008

Social Security Administration
1660 N. Farnsworth
Aurora, IL. 60505

RE: Herman Nitz, Jr.
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

**ATTN: Branch Manager**

Dear Sir or Madam:

This office has experienced serious and continuing losses by your office of files belonging to claimants whom we represent. The file for the claimant identified above is another example. I demand that our submissions be immediately placed of record and that the matter be expedited for reconsideration.

**PROOF OF MY REPRESENTATION IS AS FOLLOWS (COPIES OF DOCUMENTS PREVIOUSLY MAILED TO YOU ON 7. 25. 2007):**

    1. SSA-561-U2: Request for Reconsideration (signed by my client and me);
    2. SSA-1696-U4, Appointment of Representative Form (signed by my client and me);
    3. Attorney fee agreement (signed by my client and me);
    4. SSA-1695
    5. [Medical release forms were sent; no copies retained]
    6. [Disability Report; no copy retained].

I also enclose a copy of your letter to my client c/o the Du Page County jail which has precipitated this response, for your inspection.

Please furnish evidence that you have acted upon this submission.

Very truly yours,



Ashley S. Rose

cc: Regional Commissioner (without exhibits)



Case Number: 2005CF002101    From Date:    File Date: 07/25/2005    Legal Status: CLOSED    Next Court Date:

Assigned Location: 4000    Initiating Agency: GLENDALE HEIGHTS POLICE DEPT    Next Court Location:

Title: PEOPLE OF THE STATE OF ILLINOIS -VS- HERMAN L NITZ    Next Court Time:

Count: ALL

| | 0000 CASE LEVEL | | |
| 0001 POSSESSION OF CONTROLLED SUBSTANCE-OTHERAMOUNT 4 055592 CLOSED | | | |
| 0002 UNLAWFUL POSSESSION OF DRUG PARAPHERNALIA A 055592 CLOSED | | | |

| | | | | |
|---|---|---|---|---|
| ►12/14/2006 | 0000 | 0110 | WITHDRAWAL OF PLEADINGS | |
| ►12/06/2006 | 0001 | 1990 | COUNT LEGALLY CLOSED | |
| ►12/05/2006 | 0000 | 5195 | APPEARANCE FILED | |
| ►12/05/2006 | 0000 | 10920 | ATTORNEY OF RECORD | |
| ►11/30/2006 | 0000 | 1360 | PUBLIC DEFENDER APPOINTED | |
| ►11/30/2006 | 0001 | 1640 | CONTINUED FOR STATUS (NO NOTICE) | 12/14/2006  4000  08:30 AM |
| ►11/29/2006 | 0000 | 10330 | PRO SE ATTORNEY | |
| ►11/29/2006 | 0000 | 10010 | ADDRESS | |
| ►11/29/2006 | 0000 | 5190 | APPEARANCE FILED | |
| ►11/29/2006 | 0000 | 7900 | MOTION OR PETITION - WITHDRAW | |
| ►11/29/2006 | 0001 | 7840 | LETTER | |
| ►11/09/2006 | 0000 | 7740 | CERTIFICATE OF MAILING BY CLERK | |
| ►11/09/2006 | 0000 | 7740 | CERTIFICATE OF MAILING NOT BY CLERK | |
| ►11/09/2006 | 0001 | 7660 | AFFIDAVIT FILED | |
| ►11/09/2006 | 0001 | 7840 | LETTER | |
| ►11/09/2006 | 0001 | 7880 | MEMORANDUM OF LAW | |
| ►11/09/2006 | 0001 | 7840 | LETTER | |
| ►11/09/2006 | 0001 | 7375 | POST CONVICTION PETITION FILED | |
| ►11/09/2006 | 0001 | 7880 | MEMORANDUM OF LAW | |
| ►11/09/2006 | 0001 | 7840 | LETTER | |

| List | PageUp | PageDown | Filter | Details | Financials | Owners | XRef |
|---|---|---|---|---|---|---|---|
| View Image | Image History | Name Query | Payments | Messages | Cancel | | |

Page 1 of 7  1. Top of List



Case Number: 2007CF002921    From Date:           File Date: 10/16/2007    Legal Status: ACTIVE    Next Court Date:

Assigned Location: 4006    Initiating Agency: GLEN ELLYN POLICE DEPT    Next Court Location:

Title: PEOPLE OF THE STATE OF ILLINOIS -VS- HERMAN L NITZ    Next Court Time:

Count: ALL

0000 CASE LEVEL
0001 THEFT-UNAUTHORIZED CONTROL OF PROPERTY MORE THAN $300 UP TO $10,000 3 23728641733 ACTIVE
0002 BURGLARY 2 07-2021 ACTIVE

| 03/27/2008 | 0000 | | DRAFT CRIMINAL ORDER | | | |
| 03/27/2008 | 0000 | 2260 | MISCELLANEOUS ORDER | | | |
| 03/27/2008 | 0000 | 2270 | MOTION OR PETITION DENIED | | | |
| 03/27/2008 | 0000 | 7825 | INMATE COURT DISPOSITION | | | |
| 03/27/2008 | 0000 | 2270 | MOTION OR PETITION DENIED | | | |
| 03/28/2008 | 0000 | 7280 | NOTICE OF APPEAL | | | |
| 03/26/2008 | 0001 | 7840 | LETTER | | | |
| 03/25/2008 | 0000 | 9585 | NOTIFY VINE | | | |
| 03/24/2008 | 0000 | 2455 | SPEEDY TRIAL DEMAND TOLLED | | | |
| 03/24/2008 | 0000 | 7825 | INMATE COURT DISPOSITION | | | |
| 03/24/2008 | 0000 | 7900 | MOTION OR PETITION - SUBSTITUTION OF ATTY | | | |
| 03/24/2008 | 0000 | 1640 | CONTINUED FOR STATUS (NO NOTICE) | 03/31/2008 | 4006 | 01:30 PM |
| 03/24/2008 | 0000 | 30043 | DRAFT CRIMINAL ORDER | | | |
| 03/21/2008 | 0000 | 2270 | MOTION OR PETITION DENIED | | | |
| 03/21/2008 | 0000 | 2455 | SPEEDY TRIAL DEMAND TOLLED | | | |
| 03/21/2008 | 0000 | 7660 | AFFIDAVIT FILED | | | |
| 03/21/2008 | 0000 | 7825 | INMATE COURT DISPOSITION | | | |
| 03/21/2008 | 0000 | 2250 | MISCELLANEOUS ORDER | | | |
| 03/21/2008 | 0000 | 1545 | HOLD OVER | 03/24/2008 | 4006 | 08:30 AM |
| 03/21/2008 | 0000 | 30043 | DRAFT CRIMINAL ORDER | | | |

| List | PageUp | PageDown | Filter | Dismiss | Financials | Owners | XRef |

| View Image | Image History | Name Query | Payment | Messages | Cancel | | |

Page 1 of 5  1, Top of List

COMPLAINT                                   Glen Ellyn Police                                   1036 (Rev. 4/01)

**UNITED STATES OF AMERICA**
STATE OF ILLINOIS                                                                COUNTY OF DU PAGE
**IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT**

PEOPLE OF THE STATE OF ILLINOIS OR

A MUNICIPAL CORPORATION

-VS-

Herman L Nitz
                                    Defendant

Case Number

**COMPLAINT**

City, Village, Township

Glen Ellyn

File Stamp Here

In the name and by the authority of the People of the State of Illinois _____
Ofc. J. Perkins #55 _____ hereinafter called the complainant, on oath charges that at or about the
hour of __11:30am__ on or about the _____ 21st _____ day of _____ October, 2007 _____ in said County and State
_____ Herman L Nitz _____ hereinafter called the Defendant committed the offense of _____
_____ Burglary _____ in violation of
Chapter __720__ paragraph __5 / 19-1(a)__ of the Illinois Compiled Statutes in this, to wit: that the said Defendant
Without authority, knowingly entered Grace Lutheran Church, a place of worship, located at 493 Forest Ave, Glen Ellyn, IL, with
the intent to commit therein a theft.

Contrary to the form of the Statute in such case made and provided and against the peace and dignity of the People of the
State of Illinois

COMPLAINANT X _____ #55

L 60455698                Subscribed and sworn before me this __17th__ day of __April 2008__

DOCUMENT CONTROL NUMBER
Arresting Agency Must Enter          NOTARY PUBLIC- JUDGE S/ _____

**2385761962**                Copy of Complaint delivered to said defendant this __17__ day of __April, 2008__

Circuit Court
Internal Control Number              JUDGE - PEACE OFFICER _____ #55

THE PEOPLE OF THE STATE OF ILLINOIS          -VS-          Herman L Nitz

Address __LKA: 1145 Surrey Dr Apt G3__ City __Glen Ellyn__ State __IL__ Zip Code __60137__

Telephone __630 705-1996__ Date of Birth __7/28/1963__ Social Security No. __337623395__

Drivers License No./State __N32033263214__  ☒ Male ☐ Female   ON VIEW ARREST ☐ Yes ☒ No

Initialed Approval of S.A. __L. Nuckolls__ Originating Agency Number __071021034397__

WITNESS INFORMATION

| Name | Address | City | State | Zip Code | Telephone |
|---|---|---|---|---|---|
| Ofc. M. Campbell #25 | 535 Duane St | Glen Ellyn | IL | 60137 | 630 469-1187 |
| | | | | | |
| | | | | | |

JOEL A. KAGANN, CLERK OF THE 18TH JUDICIAL CIRCUIT COURT
WHEATON, ILLINOIS 60189-0707
**DEFENDANT COPY**

31

COMPLAINT                               **Glen Ellyn Police**                          1036 (Rev. 4/01)

## UNITED STATES OF AMERICA

**STATE OF ILLINOIS**                                                    **COUNTY OF DU PAGE**

### IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT

PEOPLE OF THE STATE OF ILLINOIS OR

A MUNICIPAL CORPORATION

                    -VS-

        Herman L Nitz
                            Defendant

Case Number

**COMPLAINT**

City, Village, Township
        Glen Ellyn

File Stamp Here

In the name and by the authority of the People of the State of Illinois _____

_____ Ofc. J. Perkins #55 _____ hereinafter called the complainant, on oath charges that at or about the

hour of __12:08am__ on or about the _____18th_____ day of _____July, 2007_____ in said County and State

_____ Herman L Nitz _____ hereinafter called the Defendant committed the offense of _____

_____ Criminal Damage To Property _____ in violation of

Chapter __720__ paragraph ___5 / 21-1(1)(a)___ of the Illinois Compiled Statutes in this, to wit; that the said Defendant

Knowingly damaged the property of PJ's Camera, being the front glass entry door, located at 662 Roosevelt Rd, Glen Ellyn, IL, without the consent of PJ's Camera, said damage being in excess of $300.00 but not in excess of $10,000.

Contrary to the form of the Statute in such case made and provided and against the peace and dignity of the People of the State of Illinois

                            COMPLAINANT (X) _____ #55

____L 604 55700____                   Subscribed and sworn before me this __17th__ day of __April 2008__

DOCUMENT CONTROL NUMBER               NOTARY PUBLIC - JUDGE S/ _____
Arresting Agency Must Enter

**2385760295**                        Copy of Complaint delivered to said defendant this __17__ day of __April, 2008__

        Circuit Court
    Internal Control Number             JUDGE - PEACE OFFICER _____ #55

THE PEOPLE OF THE STATE OF ILLINOIS        -vs-            Herman L Nitz

Address ___· LKA: 1145 Surrey Dr Apt Q3___  City ___Glen Ellyn___  State __IL__  Zip Code ___60137___

Telephone ___630 705-1996___  Date of Birth __7/28/1963__  Social Security No. ___337623395___

Drivers License No./State ___N32033263214___  ☒ Male ☐ Female   ON VIEW ARREST ☐ Yes ☒ No

        Initialed Approval of S.A. __L. Nuckolls__  Originating Agency Number ___070718023555___

**WITNESS INFORMATION**

| Name | Address | City | State | Zip Code | Telephone |
|---|---|---|---|---|---|
| Ofc. D. Sciuto #24 | 535 Duane St Glen Ellyn IL 60137 | | | | 630 469-1187 |
| | | | | | |
| | | | | | |

**JOEL A. KAGANN, CLERK OF THE 18TH JUDICIAL CIRCUIT COURT**
**WHEATON, ILLINOIS 60189-0707**
## DEFENDANT COPY

32

COMPLAINT                                    Glen Ellyn Police                                    1036 (Rev. 4/01)

**STATE OF ILLINOIS**    **UNITED STATES OF AMERICA**    **COUNTY OF DU PAGE**
**IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT**

PEOPLE OF THE STATE OF ILLINOIS OR

A MUNICIPAL CORPORATION

-VS-

Herman L Nitz
Defendant

Case Number

**COMPLAINT**

City, Village, Township
Glen Ellyn

File Stamp Here

In the name and by the authority of the People of the State of Illinois _____
_____ Ofc. J. Perkins #55 _____ hereinafter called the complainant, on oath charges that at or about the
hour of __4:05pm__ on or about the _____ 10th _____ day of ___September, 2007___ in said County and State
_____ Herman L Nitz _____ hereinafter called the Defendant committed the offense of _____
_____ Retail Theft _____ in violation of
Chapter __720__ paragraph ____5 / 16A-3(a)____ of the Illinois Compiled Statutes in this, to wit: that the said Defendant

Knowingly carried away certain merchandise offered for sale in a retail mercantile establishment, Malloy's Finest Wine and Spirits,
580 Roosevelt Rd, Glen Ellyn, IL, being five 750mL bottles of Patron Tequila, having a total value in excess of $150.00, with the
intention of depriving the merchant, Obistano De La Torre, permanently of the possession of such merchandise, without paying the
full retail value of such merchandise.

Contrary to the form of the Statute in such case made and provided and against the peace and dignity of the People of the
State of Illinois

COMPLAINANT X _____    #55

__L 60455 699__
DOCUMENT CONTROL NUMBER
Arresting Agency Must Enter

**2385761297**

Circuit Court
Internal Control Number

Subscribed and sworn before me this __17th__ day of ___April, 2008___

NOTARY PUBLIC- JUDGE  s/ _____

Copy of Complaint delivered to said defendant this ___17___ day of __April, 2008__

JUDGE - PEACE OFFICER _____    #55

THE PEOPLE OF THE STATE OF ILLINOIS        -VS-        Herman L Nitz

Address ___LKA: 1145 Surrey Dr Apt G3___ City ___Glen Ellyn___ State __IL__ Zip Code __60137__

Telephone ___630 705-1996___ Date of Birth __7/28/1963__ Social Security No. ___337623395___

Drivers License No./State ___N32033263214___ ☒ Male ☐ Female    ON VIEW ARREST ☐ Yes ☒ No

Initiated Approval of S.A. __L. Nuckolls__ Originating Agency Number _____070910029907_____

**WITNESS INFORMATION**

| Name | Address | City | State | Zip Code | Telephone |
|---|---|---|---|---|---|
| Sgt. K. Vavra #87 | 535 Duane St | Glen Ellyn | IL | 60137 | 630 469-1187 |
| Name | Address | City | State | Zip Code | Telephone |
| Name | Address | City | State | Zip Code | Telephone |

JOEL A. KAGANN, CLERK OF THE 18TH JUDICIAL CIRCUIT COURT
WHEATON, ILLINOIS 60189-0707
**DEFENDANT COPY**

24

DEMAND FOR SPEEDY TRIAL                                                    1068 (Rev. 03/05)

**UNITED STATES OF AMERICA**

STATE OF ILLINOIS                                              COUNTY OF DU PAGE
**IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT**

PEOPLE OF THE STATE OF ILLINOIS

-VS-

CASE NUMBER

*08 CF 1049*

*Herman L. Nitz*

DEFENDANT

File Stamp Here

## DEMAND FOR SPEEDY TRIAL

Date of Arrest: _ABOUT 4/17/08_

The named defendant hereby enters a Demand for Speedy Trial under the provisions of Illinois Compiled Statues 725 ILCS 5/103-5.

Defendant is        ☒ Incarcerated

☐ On bail or recognizance

Name: _MT_                                    Date: _4/17/08_

DuPage Attorney No.: _10031_

Attorney For: _Δ_                              _MT for Δ_

Address: _PDO_                                 Signature of Defendant

City/State/Zip: _____                          _____

Telephone: _____                              Attorney for Defendant

**CHRIS KACHIROUBAS, CLERK OF THE 18TH JUDICIAL CIRCUIT COURT©**
**WHEATON, ILLINOIS 60189-0707**

I
M
A
G
E
D

5
0
7
0
0
0
0
0
7

DEMAND FOR SPEEDY TRIAL                                          1088 (Rev. 03/05)

**UNITED STATES OF AMERICA**

**STATE OF ILLINOIS**                                    **COUNTY OF DU PAGE**

**IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT**

PEOPLE OF THE STATE OF ILLINOIS

CASE NUMBER

08 CF 1050

-vs-

*Herman L. Nitz*

DEFENDANT

File Stamp Here

### DEMAND FOR SPEEDY TRIAL

Date of Arrest: _ABOUT  4/17/08_

The named defendant hereby enters a Demand for Speedy Trial under the provisions of Illinois Compiled Statues 725 ILCS 5/103-5.

Defendant is        ☒ Incarcerated

☐ On bail or recognizance

Name: _MT_                                Date: _4/17/08_

DuPage Attorney No.: _100 131_

Attorney For: _Δ_                          _MT for Δ_
                                          Signature of Defendant
Address: _PD_

City/State/Zip: _____

Telephone: _____                          Attorney for Defendant

**CHRIS KACHIROUBAS, CLERK OF THE 18TH JUDICIAL CIRCUIT COURT ©**
**WHEATON, ILLINOIS 60189-0707**

DEMAND FOR SPEEDY TRIAL                                           1068 (Rev. 03/05)

**UNITED STATES OF AMERICA**
**STATE OF ILLINOIS**    **IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT**    **COUNTY OF DU PAGE**

PEOPLE OF THE STATE OF ILLINOIS

-VS-

*Herman L. Nitz*

DEFENDANT

CASE NUMBER

08 CF 1051

File Stamp Here

## DEMAND FOR SPEEDY TRIAL

Date of Arrest: _ABOUT  4/14/08_

The named defendant hereby enters a Demand for Speedy Trial under the provisions of Illinois Compiled Statues 725 ILCS 5/103-5.

Defendant is    ☒ Incarcerated

☐ On bail or recognizance

Name: _M T_

DuPage Attorney No.: _100131_

Attorney For: _Δ_

Address: _PDO_

City/State/Zip: _\_

Telephone: _____

Date: _4/17/08_

_M T for Δ_
Signature of Defendant

_____
Attorney for Defendant

CHRIS KACHIROUBAS, CLERK OF THE 18TH JUDICIAL CIRCUIT COURT ©
WHEATON, ILLINOIS 60189-0707

33

ARREST WARRANT                    Glen Ellyn Police                    1042 (Rev.05/00)

**STATE OF ILLINOIS**    **UNITED STATES OF AMERICA**    **COUNTY OF DU PAGE**

## IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT

PEOPLE OF THE STATE OF ILLINOIS OR

A MUNICIPAL CORPORATION

-VS-

Herman L Nitz

Defendant

CIRCUIT COURT
CASE NUMBER

**ARREST WARRANT**

File Stamp Here

### THE PEOPLE OF THE STATE OF ILLINOIS TO ALL PEACE OFFICERS IN THE STATE - GREETINGS
### YOU ARE HEREBY COMMANDED forthwith to arrest

Defendants Name _____ Herman L Nitz _____

Address _____ LKA: 1145 Surrey Dr Apt G3 Glen Ellyn, IL 60137 _____

for the offense of _____ Burglary _____ in violation of Chapter _____ 720 _____

section _____ 5 / 19-1(a) _____ of the Illinois Compiled Statutes, or city, or village ordinance, and without any unnecessary delay, bring him/her before this court or in the absence or inability of this court to act, the nearest or most accessible court in said county, or most accessible judge in the county where the arrest is made, to answer to the People of the State of Illinois on said charges and abide such further order as may be made concerning him/her.

Mileage Limitation (725 ILCS 5/107-9d8)

☐ Du Page, Lake, McHenry, Will, Kane, Cook
Counties, City of Chicago, Other _____

Bail fixed at $ _____

☐ Personal Recognizance Authorized

**WARRANT CONTROL** NO. **2385761997**

ISSUED IN SAID municipality, County and State this

_____ day of _____ A.D _____

☒ 10% Applies    ☐ Full Bond Required

s/ _____
JUDGE

| DEFENDANT INFORMATION | | Document Control Number | | | | FEES FOR SERVICE (SHERIFF) | |
|---|---|---|---|---|---|---|---|
| Nitz | Herman | L | w | | 7/28/1963 | | |
| Defendant's Name - Last | First | Middle | Race | | Birth date | Service .... _____ | |
| LKA: 1145 Surrey Dr Apt G3 | Glen Ellyn | IL | 60137 | | 630 705-1996 | Mileage .... _____ | |
| Defendant's Address | City | State | Zip | | Telephone | Return .... _____ | |
| N32033263214 | 337623395 | 5'10" | 165 | bro | bro | m | Total ...... _____ |
| Driver's License Number | State | Social Security No. | Ht. | Wt. | Eyes | Hair | Sex |

Peace Officer

| Originating Dept. or Municipal Number | 071021034397 | Executed the within Warrant by reading the same to and arresting the within named defendant and bringing him into the court before |
|---|---|---|
| COURT LOCATION | 4010 | this _____ day of _____ |
| SUGGESTED COURT DATES | | BOND POSTED<br>TYPE OF BOND POSTED: |
| 1. _____ 2. _____ 3. _____ | | ☐ Amount ☐ 10% ☐ Recognizance ☐ Individual Bond |
| COURT DATE SET | | ☐ Estate ☐ License ☐ Other _____ |

### JOEL A. KAGANN, CLERK OF THE 18TH JUDICIAL CIRCUIT COURT
### WHEATON, ILLINOIS 60189-0707
### DEFENDANT COPY

ARREST WARRANT                    Glen Ellyn Police                    1042 (Rev.05/00)

## UNITED STATES OF AMERICA

**STATE OF ILLINOIS**                                        **COUNTY OF DU PAGE**

### IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT

PEOPLE OF THE STATE OF ILLINOIS  OR

A MUNICIPAL CORPORATION

-VS-

Herman L Nitz

Defendant

CIRCUIT COURT
CASE NUMBER

**ARREST WARRANT**

File Stamp Here

### THE PEOPLE OF THE STATE OF ILLINOIS TO ALL PEACE OFFICERS IN THE STATE  -  GREETINGS
### YOU ARE HEREBY COMMANDED forthwith to arrest

Defendants Name _____ Herman L Nitz

Address _____ LKA: 1145 Surrey Dr Apt G3 Glen Ellyn, IL  60137

for the offense of _____ Criminal Damage To Property _____ in violation of Chapter _____ 720

section _____ 5/21-1(1)(a) _____ of the Illinois Compiled Statutes, or city, or village ordinance, and without any unnecessary

delay, bring him/her before this court or in the absence or inability of this court to act, the nearest or most accessible court in said

county, or most accessible judge in the county where the arrest is made, to answer to the People of the State of Illinois on said

charges and abide such further order as may be made concerning him/her.

Mileage Limitation (725 ILCS 5/107-9d8)

☐ Du Page, Lake, McHenry, Will, Kane, Cook
Counties, City of Chicago, Other _____

Bail fixed at $ _____

☐ Personal Recognizance Authorized

WARRANT
CONTROL NO. 2385760460

ISSUED IN SAID municipality, County and State this

_17th_ day of _____ A.D.___

☒ 10% Applies                    ☑ Full Bond Required

s/ _____
                    JUDGE

| DEFENDANT INFORMATION | Document Control Number | | | FEES FOR SERVICE (SHERIFF) |
|---|---|---|---|---|
| Nitz | Herman | L | 7/28/1963 | Service ...... _____ |
| Defendant's Name - Last | First | Middle | Race    Birth date | Mileage ...... _____ |
| LKA: 1145 Surrey Dr Apt G3 | Glen Ellyn | IL | 60137    630 795-1996 | Return ...... _____ |
| Defendant's Address | City | State | Zip    Telephone | Total ...... _____ |
| N32033263214 | 337623395 | 5'10"  165 | bro  bro  m | |
| Driver's License Number    State | Social Security No. | Ht.  Wt. | Eyes  Hair  Sex | Peace Officer |

| Originating Dept. or Municipal Number    070718023555 | Executed the within Warrant by reading the same to and arresting the within named defendant and bringing him into the court before |
|---|---|
| COURT LOCATION | this _____ day of _____ |
| SUGGESTED COURT DATES | BOND POSTED TYPE OF BOND POSTED: |
| 1. ____  2. ____  3. ____ | ☐ Amount  ☐ 10%  ☐ Recognizance  ☐ Individual Bond |
| COURT DATE SET | ☐ Estate  ☐ License  ☐ Other _____ |

JOEL A. KAGANN, CLERK OF THE 18TH JUDICIAL CIRCUIT COURT
WHEATON, ILLINOIS 60189-0707
**DEFENDANT COPY**

35

ARREST WARRANT                    Glen Ellyn Police                    1042 (Rev.05/00)

# UNITED STATES OF AMERICA

**STATE OF ILLINOIS**                                        **COUNTY OF DU PAGE**

## IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS OR<br><br>A MUNICIPAL CORPORATION<br><br>-VS-<br><br>Herman  L Nitz<br><br>Defendant | CIRCUIT COURT<br>CASE NUMBER<br>08CF1051<br><br>**ARREST WARRANT**<br><br>File Stamp Here |

### THE PEOPLE OF THE STATE OF ILLINOIS TO ALL PEACE OFFICERS IN THE STATE · GREETINGS
### YOU ARE HEREBY COMMANDED forthwith to arrest

Defendants Name _____ Herman  L Nitz _____

Address _____ LKA: 1145 Surrey Dr Apt G3 Glen Ellyn, IL  60137 _____

for the offense of _____ Retail Theft _____ in violation of Chapter _____ 720 _____

section _____ 5 / 16A-3(a) _____ of the Illinois Compiled Statutes, or city, or village ordinance, and without any unnecessary delay, bring him/her before this court or in the absence or inability of this court to act, the nearest or most accessible court in said county, or most accessible judge in the county where the arrest is made, to answer to the People of the State of Illinois on said charges and abide such further order as may be made concerning him/her.

Mileage Limitation (725 ILCS 5/107-9d8)

ISSUED IN SAID municipality, County and State this

☐ Du Page, Lake, McHenry, Will, Kane, Cook

Counties, City of Chicago, Other _____

_____ day of _____ A.D. _____

Bail fixed at $ _____

☐ Personal Recognizance Authorized        ☒10% Applies        ☐ Full Bond Required

WARRANT CONTROL NO. **2385761357**        s/ _____ JUDGE

| DEFENDANT INFORMATION | | Document Control Number | | | | FEES FOR<br>SERVICE (SHERIFF) |
|---|---|---|---|---|---|---|
| Nitz<br>Defendant's Name - Last | Herman<br>First | L<br>Middle | w<br>Race | 7/28/1963<br>Birth date | | Service .... _____ |
| LKA: 1145 Surrey Dr Apt G3<br>Defendant's Address | Glen Ellyn<br>City | IL<br>State | 60137<br>Zip | 630 705-1996<br>Telephone | | Mileage .... _____<br>Return .... _____ |
| N32033263214<br>Driver's License Number | State | 337623395<br>Social Security No. | 5'10"<br>Ht. | 165<br>Wt. | bro<br>Eyes | bro<br>Hair | m<br>Sex | Total ...... _____ |

Peace Officer

| | |
|---|---|
| Originating Dept. or Municipal Number _____ 070910029907<br><br>COURT LOCATION    4014<br><br>SUGGESTED COURT DATES<br>1.          2.          3.<br><br>COURT DATE SET _____ | Executed the within Warrant by reading the same to and arresting the within named defendant and bringing him into the court before<br><br>this _____ day of _____ _____ _____<br>BOND POSTED<br>TYPE OF BOND POSTED:<br>☐ Amount  ☐ 10%  ☐ Recognizance  ☐ Individual Bond<br>☐ Estate     ☐ License     ☐ Other _____ |

### JOEL A. KAGANN, CLERK OF THE 18TH JUDICIAL CIRCUIT COURT
### WHEATON, ILLINOIS 60189-0707
## DEFENDANT COPY

MITTIMUS - FAILURE TO GIVE BAIL

1041(Rev. 01/05)

**UNITED STATES OF AMERICA**

STATE OF ILLINOIS

IN THE CIRCUIT OF THE EIGHTEENTH JUDICIAL CIRCUIT

COUNTY OF DUPAGE

THE PEOPLE OF THE STATE OF ILLINOIS

-vs-

Herman ~~Metz~~

CASE NUMBER

O8CF1049

2Y

DEFENDANT

File Stamp Here

### TO THE SHERIFF OF DU PAGE COUNTY:

You are hereby commanded to receive the above Defendant into your custody, and safely keep for examination or arraignment before this Court and keep until, or unless discharged by due process of law; and for so doing, this shall be your sufficient warrant.

OFFENSE: _Burglary_

COURT DATE: _5/12/08_      TIME: _9 A_ M. ROOM NO.: _4010_

BAIL SET AT $ _50,000.00_

### Check box if status date is applicable to this Mittimus

☐ STATUS CHECK DATE _____ AT _____ M., COURTROOM 2002

LOCATION: 505 N. COUNTY FARM ROAD, WHEATON, ILLINOIS

DATE: _4/17/08_      ENTER: _____

JUDGE

---

### DEFENDANT INFORMATION

Document Control Number _____

| Defendant's Name - Last, | First | Middle | ☐ Male | ☐ Female | Race |
|---|---|---|---|---|---|

| Defendant's Address | City | State | Zip | Telephone |
|---|---|---|---|---|

Originating Department or Municipal Number: _____

Executed the within Mittimus by taking the body of the within named Defendant and delivering to the keeper of the common jail of said County _____

Peace Officer: _____

Jail Number: _____

Received the within named defendant into my custody, at the common jail of said County this ____ / ____ /

Jailer Fee: $ _____

Sheriff of Du Page County

**CHRIS KACHIROUBAS, CLERK OF THE 18TH JUDICIAL CIRCUIT COURTS**
WHEATON, ILLINOIS 60189-0707

ORIGINAL: CIRCUIT COURT   COPIES TO: STATE'S ATTORNEY   SHERIFF   DEFENDANT

MITTIMUS - FAILURE TO GIVE BAIL

1041(Rev. 01/05)

**UNITED STATES OF AMERICA**

STATE OF ILLINOIS

IN THE CIRCUIT OF THE EIGHTEENTH JUDICIAL CIRCUIT

COUNTY OF DU PAGE

THE PEOPLE OF THE STATE OF ILLINOIS

-VS-

*Harmon Hertz*

**CASE NUMBER**

08 CF 1051

*2 Y*

DEFENDANT

File Stamp Here

**TO THE SHERIFF OF DU PAGE COUNTY:**

You are hereby commanded to receive the above Defendant into your custody and safely keep for examination or arraignment before this Court and keep until, or unless discharged by due process of law; and for so doing, this shall be your sufficient warrant.

OFFENSE: _____ *Retail Theft* _____

COURT DATE: **5/12/08**   TIME: **1:30** P M.  ROOM NO. **4011**

BAIL SET AT $ **50,000 ="**

### Check box if status date is applicable to this Mittimus

☐ STATUS CHECK DATE _____ AT _____ M. COURTROOM 2002

LOCATION: 505 N. COUNTY FARM ROAD, WHEATON, ILLINOIS

DATE: **4/17/08**   ENTER: _____
JUDGE

**DEFENDANT INFORMATION**   Document Control Number _____

| Defendant's Name - Last, | First | Middle | ☐ Male | ☐ Female | Race |
|---|---|---|---|---|---|
| Defendant's Address | City | State | Zip | Telephone | |

| Originating Department or Municipal Number: | Executed the within Mittimus by taking the body of the within named Defendant and delivering to the keeper of the common jail of said County _____ |
|---|---|
| | Peace Officer: |
| Jail Number: _____ | Received the within named defendant into my custody, at the common jail of said County this _____ / _____ / _____ |
| Jailer Fee: $ _____ | _____ |
| | Sheriff of Du Page County |

**CHRIS KACHIROUBAS, CLERK OF THE 18TH JUDICIAL CIRCUIT COURT®**
**WHEATON, ILLINOIS 60189-0707**

ORIGINAL: CIRCUIT COURT   COPIES TO: STATE'S ATTORNEY   SHERIFF   DEFENDANT

MITTIMUS - FAILURE TO GIVE BAIL

1041 (Rev. 01/05)

STATE OF ILLINOIS

UNITED STATES OF AMERICA
IN THE CIRCUIT OF THE EIGHTEENTH JUDICIAL CIRCUIT

COUNTY OF DU PAGE

THE PEOPLE OF THE STATE OF ILLINOIS

-VS-

CASE NUMBER

*08CF1050*

2y

DEFENDANT

*File Stamp Here*

## TO THE SHERIFF OF DU PAGE COUNTY:

You are hereby commanded to receive the above Defendant into your custody, and safely keep for examination or arraignment before this Court and keep until, or unless discharged by due process of law; and for so doing, this shall be your sufficient warrant.

OFFENSE: _____ 10am to Present

COURT DATE: 5/12/08       TIME: 1:30 P.M. ROOM NO.: 4006

BAIL SET AT $ 50,000

### Check box if status date is applicable to this Mittimus

☐ STATUS CHECK DATE _____ AT _____ M., COURTROOM 2002

LOCATION: 505 N. COUNTY FARM ROAD, WHEATON, ILLINOIS

DATE: 4/17/08       ENTER: _George J. Stett_
                                    JUDGE

## DEFENDANT INFORMATION          Document Control Number _____

| Defendant's Name - Last, | First | Middle | ☐ Male | ☐ Female | Race |
|---|---|---|---|---|---|
| Defendant's Address | City | State | Zip | Telephone | |

Originating Department
or Municipal Number: _____

Executed the within Mittimus by taking the body of the within named Defendant and delivering to the keeper of the common jail of said County _____

Peace Officer; _____

Jail Number: _____

Received the within named defendant into my custody at the common jail of said County this ___/___/___

Jailer Fee: $ _____

Sheriff of Du Page County

CHRIS KACHIROUBAS, CLERK OF THE 18TH JUDICIAL CIRCUIT COURT
WHEATON, ILLINOIS 60189-0707

ORIGINAL: CIRCUIT COURT    COPIES TO: STATE'S ATTORNEY    SHERIFF    DEFENDANT

GRIEVANCE TO MARTY MANION
AND APPEAL RESPONSE

1. NITZ FILED PREVIOUS MOTIONS TO DISMISS THE CHARGES OF THE INDICTMENT AS WELL AS A VARIETY OF OTHER PRO SE MOTIONS IN ATTEMPT TO ADVOCATE HIS OWN CASE AS NITZ COURT APPOINTED COUNSEL PUBLIC DEFENDER ASSISTANT MR. JEFFREY B. YORK REFUSED TO ADOPT NITZ MOTIONS OR TO EVEN ALLOW NITZ TO READ HIS OWN DISCOVERY FOR 4 MO.

2. NITZ REALIZED THAT MR. YORK WAS PURPOSELY MISREPRESENTING SEVERAL DEFENSES THAT NITZ WANTED TO ARGUE. BUT YORK REFUSED TO ADOPT NITZ' MOTIONS THOUGH THERE WERE JUDGES IN TWO DIFFERENT COURTROOMS BURKE IN #4010 AND BAKALIS IN #4006 SEE RECORD OF PROCEEDINGS AND TRANSCRIPTS OF PROCEEDINGS AS FOLLOW: "BURKE COURTROOM# 4010 ON DATES 3-19-08, 3-21-08, 3-26-08, 3-27-08" AND BAKALIS COURTROOM# 4006 ON 3-31-08 AND 4-21-08". THAT THOUGHT NITZ MOTIONS HELD SOME MERIT.

3. AS CAN BE GLEANED FROM THE ABOVE MOTIONS AND SUBSEQUENT PROCEEDINGS ON THE ABOVE DATES BOTH JUDGES WERE OF THE OPINION THAT NITZ STATED VALID CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL AGAINST MR. JEFFREY A. YORK AS WELL AS OTHER RELEVANT CLAIMS.

4. NITZ ASSERTS THAT BASED ON YORKS DEFICIENT PERFORMANCE UNPROFESSIONAL JUDGMENT AND ERRORS AS WELL AS PREJUDICIAL STATEMENTS ON RECORD 3-31-08 # 4006 ETC. AND YORKS PREJUDICIAL ACTS AND OMISSIONS HAS ACTUALLY CAUSED A CONFLICT OF INTERESTS THAT BASICALLY FORCED MR. YORK TO LABOR UNDER DIVIDED LOYALTIES AND TO TRY TO SERVE TWO MASTERS. AS A DIRECT AND PROXIMATE RESULT MR. YORKS PERFORMANCE HAS FALLEN FAR SHORT OF AN OBJECTIVE STANDARD OF REASONABLENESS UNDER THE PREVAILING NORMS OF THOSE IN GOOD STANDING WITHIN THE LEGAL PROFESSION UNDER CURRENT LEGAL STANDARDS.

5. SINCE YORKS DEFICIENT PERFORMANCE HAS CAUSED NITZ AND YORK TO BECOME ADVERSARIES NITZ HAS BEEN DENIED HIS RIGHT TO HAVE THE EFFECTIVE ASSISTANCE OF COUNSEL FOR HIS DEFENCE WHICH HAS AFFECTED HIS RIGHT TO PROCEDURAL AND SUBSTANTIVE DUE PROCESS AND EQUAL PROTECTION OF THE LAW AS WELL AS TO VIOLATIONS OF HIS PROTECTED LIBERTY INTERESTS CREATED BY THE PRIVILEGES AND IMMUNITIES CLAUSES SEE U.S.C.A. CONST. AMENDS. 1, 4, 5, 6, 7, 8 AND 14 AND ARTICLE IV, §2 CLAUSE ONE. ALSO, THE ILLINOIS CONSTITUTION OF 1970 AT ARTICLE ONE SECTIONS 1, 2, 4, 5, 6, 7, 8, 9, 10, 12 AND 13; ALSO; SEE THE LIST OF CHRONOLOGICAL VIOLATIONS WHICH HAVE CREATED A DOMINOS EFFECT OF VIOLATIONS RESULTING FROM THE POLICE, PROSECUTION AND MR. YORKS FAILURE TO ADHERE TO THE MANDATORY LANGUAGE AND LEGISLATIVE INTENT OF THE FOLLOWING ILLINOIS STATUTES: 5/108-1 " 725 ILCS 114-1 (a)(1), (a)(3), (a)(4), (a)(5), (a)(9), (a)(11), (11)(b), (11)(c), (11)(d), ALSO; 725 ILCS 5/111-1 AND 5/111-2 (a)(b) AND (f), 5/111-5 (c),(d),(e), AND (f), ALSO; 725 ILCS 5/106-1, 5/106-2 AND 5/106-2.5 (a)(1) THROUGH (2)(d), ALSO; 725 ILCS 5/107-9, 5/107-10 AND 5/109-3 AND 5/109-3.1 AS WELL AS BLATANT FAILURE TO COMPLY WITH 5/114-2 OR 5/114-9, 10, 12 OR 13 IN A TIMELY OR EFFICIENT MANNER, PER; 725 ILCS 5/103-2 (b) AND (c) OR 5/103-3, 3.8, AND 5/103-4 AND 725 ILCS 5/103-5 RESPECTIVELY. NITZ HAS BEEN DILIGENT IN HIS REPEATED EFFORTS TO SEEK REDRESS OF GRIEVANCES BY SUBMITTING MANY PRO SE DOCUMENTS TO THE COURT, HOWEVER, NITZ HAS NOT EVER ONCE RECEIVED THE BENEFIT OR ASSISTANCE OF COUNSEL AS YORK HAS BEEN JUST AS DILIGENT IN HIS EFFORTS TO PREVENT NITZ FROM RECEIVING ANY HELP TO HAVE DOCUMENTARY EVIDENCE PRODUCED OR PRESERVED, TO HAVE WITNESSES TESTIFY AT ANY OF NITZ, PRE-TRIAL MOTION HEARINGS AND THUS NITZ DILIGENCE HAS BEEN PURPOSELY REDUCED AS A DIRECT CAUSE OF YORKS INEFFECTIVENESS NITZ DILIGENCE HAS BEEN PURPOSELY REDUCED TO MOOT EFFORTS WHICH HAS PREVENTED NITZ FROM OBTAINING ANY RESULTS WHICH NITZ BELIEVES

2.

• BEING HELD LIABLE FOR THE VIOLATIONS OF NITZ CONSTITUTIONAL RIGHTS AND HIS
PROTECTED LIBERTY INTERESTS.

6. FOR EXAMPLE. NITZ HAS ALLEGED PREVIOUSLY THAT THE POLICE, PROSECUTION, MR.
YORK AND THE COURT HAVE NOT GIVEN NITZ' CLAIMS THE PROPER ATTENTION WHICH DESERVE AS
THESE ASSERTED ALLEGATIONS HAVE SET FORTH WITH DETAILED SPECIFICITY MORE THEN ENOUGH
DETAIL TO STATE A PRIMA FACIE SET OF CLAIMS WHICH ON THE FACE THEN OF NITZ'
PRO SE FILINGS, MOTIONS, PETITIONS, COMPLAINTS, LETTERS, REQUEST SLIPS, AFFIDAVITS,
PHONE CALLS ETC. REQUIRED PROPER SCRUTINY TO FULLY OR FAIRLY DEVELOP THE FACTS
THAT THE POLICE, PROSECUTION AND MR. YORK ARE TRYING TO CONTINUE TO KEEP HIDDEN.
THUS, BECAUSE THE COURT HAS DONE NOTHING TO HELP NITZ TO CORRECT THIS THE
COURT HAS ABUSED IT'S DISCRETIONARY POWERS AND UNLAWFULLY USURPED THE JUDICIAL
POWER WHICH CONTINUES TO SUMMARILY DENY AND ARBITRARILY DEPRIVE NITZ OF HIS
RIGHT TO HAVE THE TRUE FACTUAL DETAILS PUT ON RECORD FOR A COURT OF REVIEW TO THUS
CREATE A PROCEDURAL DEFAULT AND A FALSE PRESUMPTION OF CORRECTNESS AND OR
RES JUDICATA OR COLLATERAL ESTOPPEL EFFECT ANTICIPATED ON STATE OR FEDERAL
REVIEW ON DIRECT APPEAL, CERTIORARI FEDERAL HABEAS CORPUS REVIEW, FEDERAL
REVIEW ON DIRECT APPEAL, CERTIORARI FEDERAL HABEAS CORPUS REVIEW, FEDERAL
APPELLATE REVIEW, POST-CONVICTION REVIEW OR OTHER METHOD OF COLLATERAL
ATTACK OR ON REVIEW OF THE UNITED STATES SUPREME COURT OR THE ILLINOIS
SUPREME COURT ON PETITION FOR LEAVE TO APPEAL ETC.

7. AS THE POLICE, PROSECUTION, COUNSEL AND JUDGE FAILED TO COMPLY WITH THE FOLLOWING
STATUTES NOR HELPED NITZ TO DEVELOP THE FACTS FULLY OR FAIRLY REGARDING THE SUBJECT
MATTER AND LEGISLATIVE INTENT HEREIN NITZ WAS DEPRIVED OF HIS RIGHT TO FUNDAMENTAL
FAIRNESS AT CRITICAL STAGES OF THE JUDICIAL AND ADVERSARIAL PROCESSES TO PRODUCE
OR HAVE PRODUCED RELEVANT DOCUMENTARY EVIDENCE OR THE RELEVANT WITNESS TESTIMONY
TO HELP NITZ PROVE HIS CLAIM OF ACTUAL INNOCENCE PURSUANT TO 725 ILCS 5/103-2
(b) AND (c) PERKINS AND HARVEY OF GLEN ELYN P.D. ON 10-22-07 RELIED ON SINISTER MEANS
TO OBTAIN EVIDENCE AND DENIED NITZ HUMANE TREATMENT AND MEDICAL CARE. ALSO UNDER 5/103-
3 WHEATON POLICE ON 10-22-2007 AS WELL AS GLEN ELYN P.D. PERKINS # 55 AND HARVEY # 83
AT 103-3 (a) AND (b) REFUSED TO ALLOW NITZ TO MAKE ANY PHONE CALLS TO HIS BROTHER OR TO
HIS ATTORNEY WHO HAD AN OFFICE RIGHT THERE IN GLEN ELYN ILLINOIS. PURSUANT TO 5/103-4
AS NITZ WAS AN ACCUSED AND WAS NOT ALLOWED TO CONSULT WITH ATTORNEY THE POLICE THEN
HAD AN OBLIGATION TO THEN HONOR NITZ' REQUEST FOR APPOINTMENT OF COUNSEL INSTEAD
REFUSED TO DO SO THUS NITZ RIGHTS UNDER THE "MIRANDA" AND "ESCOBEDO DOCTRINE" WAS
VIOLATED AS WELL AS NITZ STATE AND FEDERAL CONSTITUTIONAL RIGHTS AS CITED ABOVE.

8. ALSO, NITZ FILED A SPEEDY TRIAL MOTION UNDER 725 ILCS 5/103-5 AND THEN NITZ
WAITED TO SEE WHAT MR. YORK WOULD DO. YORK AT CRITICAL STAGE OF PROCEEDINGS ASKED FOR
UNNECESSARY CONTINUANCES ON OBJECTION BY NITZ SO THAT YORK COULD HAVE THE
PROSECUTION GO VERIFY FACTS WHICH YORK HAD ALREADY VERIFIED HIMSELF REGARDING
FACT THAT NITZ NO-BOND-J.D.O.C. NO-BOND HOLD & ARREST WARRANT HAD BEEN
LIFTED BY POLICE AS NITZ STATED. HOWEVER, YORK ASKED FOR A CONTINUANCE RATHER
THAN THE PROSECUTION WHICH WAS IMPROPER AND AS YORK DID NOT FILE PROPER MOTION
FOR A CONTINUANCE PURSUANT TO 5/114-4 MR. YORK ALSO ASKED FOR OTHER UNNECESSARY
CONTINUANCES ON MANY OTHER OCCASIONS OVER NITZ OBJECTIONS AND THESE DELAYS
SHOULD NOT BE HELD AS OCCASIONED BY THE DEFENDANT EITHER AS YORK ALSO FAILED
TO DO THE THINGS HE SAID HE NEEDED TO DO AS REASON FOR REQUESTING SAID
CONTINUANCES, THUS; NOTHING WAS AT ALL ACCOMPLISHED BY YORKS REQUEST BUT
INTENTIONAL DELAY DESIGNED TO IMPEDE ANY OF NITZ' DEFENSES. ALSO; PURSUANT TO
5/103-8 THE WHEATON P.D. AS WELL AS PERKINS # 55 AND HARVEY # 83 ARE GUILTY OF OFFICIAL
MISCONDUCT FOR FAILURE TO PERFORM THE REQUIRED ACTS SPECIFIED BY THESE OFFICERS
_____ ILCS. SEE SECTION 33.3 CRIMINAL CODE OF 1961.

3.

* 9. PURSUANT TO 725 ILCS 5/106-1, 5/106-2 AND 5/106-215 NITZ WAS
SEEKING TO RECEIVE GRANT OF IMMUNITY FOR THE INFORMATION HE GAVE TO PERKINS #55
HARLAV AND DETECTIVE TONY OF THE GLEN ELLYN P.D. AT POLICE STATION ON 10-23-2007
AND THEN AGAIN TO TONY SPECIFICALLY ON TWO DATES IN OCTOBER AND ONCE ON
NOVEMBER 2nd OR 3RD 2007 AT THE DUPAGE COUNTY JAIL. AS NITZ PROVIDED
TESTIMONY AGAINST STREETGANG MEMBERS AS WELL WHICH RESULTED IN ARRESTS NITZ SHOULD
HAVE RECEIVED IMMUNITY FOR PROVIDING SUCH INFORMATION. NITZ ALSO STATES THAT
ON TWO OF THE ABOVE DATES IN OCTOBER AND NOVEMBER 2007 DETECTIVE TONY ACTUALLY
ALLOWED NITZ TO LEAVE THE CONFINES OF THE DUPAGE COUNTY JAIL WITHOUT REQUIRING
NITZ TO WEAR HANDCUFFS, OR FOOT SHACKLES OR TO BE UNDER ARMED POLICE ESCORTS
NITZ AVERS THAT DEPUTY VAN HOOSE OF THE TACTICAL TEAM UNIT AT THE DUPAGE
COUNTY JAIL IN OCTOBER 2007 HAD NITZ REMOVED FROM HIS CELL WHERE NITZ
WAS ON SUICIDE WATCH BY PSYCHIATRIST AND WITHOUT DOCTORS RELEASE ESCORTED NITZ
OUT OF THE JAIL CONFINES TO GO TALK TO TONY. THEN ON NOVEMBER 2nd OR 3RD
2007 THE SAME THING OCCURRED AGAIN BUT THIS TIME NITZ WAS ESCORTED BY SARGEANT
LORRIGAN. BOTH OF THESE EVENTS WERE RECORDED ON THE JAILS SELF CONTAINED
VIDEO SURVEILLANCE CAMERAS ON THE FIRST FLOOR R & D RECEIVING AND NEAR THE
JAIL BOOKING AREA. ON THE SECOND OF THREE VISITS BY TONY AT THE JAIL TONY
DID NOT REMOVE NITZ FROM CONFINES OF THE JAIL BUT SPOKE TO NITZ IN A BOOKING
CAGE BY VOICE MONITOR THROUGH GLASS AND TONY GAVE NITZ HIS PRIVATE CELL
PHONE NUMBER IN TONY'S OWN HAND WRITING # (630) 649-2375.

10. PURSUANT TO 725 ILCS 5/107-9 AND 107-10 THE ARREST WARRANTS WERE ISSUED &
PREDICATED UPON THE FABRICATION OF PROBABLE CAUSE AND THUS WERE ALSO DEFECTIVE.
BECAUSE THE ARREST WARRANT FOR BURGLARY AND THEFT WAS PREDICATED UPON THE EXISTENCE
OF FABRICATION OF EVIDENCE AND PROBABLE CAUSE WAS ALSO FABRICATED AND BASED UPON
AND KNOWING USE OF PERJURED TESTIMONY THUS AFFECTING NITZ' SUBSTANTIAL STATE AND
FEDERAL CONSTITUTIONAL RIGHTS PURSUANT TO CONTRAVENTION OF U.S.C.A. CONST.
AMENDS. 1, 4, 5, 6, 8 & 14 AS WELL AS IL. CONST. OF 1970 ART. ONE § 1, 2, 4, 5, 6,
7, 8, 9, 10, 12 AND 13. AND BECAUSE MR. YORK WAS AWARE OF THE FACT THAT NITZ "I.D.O.C.
NO-BOND ARREST WARRANT AND NO BOND I.D.O.C. HOLD WAS ACTUALLY LIFTED BY
HARLAV #83, DETECTIVE TONY AND PERKINS #55 AND THE PROSECUTION VIA THE DUPAGE
COUNTY STATES ATTORNEYS OFFICE SPEAKING PERSONALLY TO NITZ' PAROLE OFFICERS I.D.O.C.
SUPERVISORS AT CHICAGO AND OR AURORA ILLINOIS OFFICES FOR THE SPECIFIC PURPOSE
OF REMOVING AND LIFTING THAT "NO-BOND DETAINER"& NO-BOND "HOLD" AND NO-BOND
"WARRANT" AS A DIRECT AND PROXIMATE RESULT OF NITZ PROVIDING HARLEY # 83
"STEVE PERKINS #55 AND DETECTIVE TONY INFORMATION WHICH LEAD TO ARRESTS OF "STEVE
PERKINS #55, AND DETECTIVE TONY INFORMATION WHICH LEAD TO ARRESTS OF WINFIELD P.D. FOR BURGLARY,
WISEMAN AND NITZ BROTHER LAWRENCE F. NITZ BY WINFIELD P.D. FOR BURGLARY,
THEFT, PARAPHERNALIA etc." NITZ HAD MORE THAN MET HIS PRIMA FACIE CASE TO ASSERT
LEGITIMATE STANDING FOR A MOTION TO DISMISS OR TO QUASH HIS ARREST AND TO
SUPPRESS ANY AND ALL EVIDENCE ILLEGALLY OBTAINED BY POLICE AND PROSECUTION AND
AS MR. YORK WAS AWARE OF THESE ABOVE FACTS, BUT REFUSED TO HELP NITZ TO DEVELOP
ON THE COURT RECORD THESE SUBSTANTIAL AND EXTREMELY VIOLATIVE AND INJURIOUS
ACTS AND OMISSIONS NITZ' ACTUAL INNOCENCE IS THUS BEING COMPROMISED AS YORK, POLICE,
PROSECUTION, I.D.O.C. OFFICIALS, etc. AND POSSIBLY EVEN THE COURT, JUDGE etc.
ARE CONSPIRING TO OBSTRUCT THE DUE COURSE OF JUSTICE VIA RETALIATORY ACTIONS
OMISSIONS, MOTIVES etc. IN ATTEMPT TO ESCAPE CRIMINAL AND OR CIVIL LIABILITY FOR
A VAST HOST OF VIOLATIONS ARE ATTEMPTING AND ARE ALMOST SUCCEEDING AT CREATING
VARIOUS PROCEDURAL DEFAULTS BY EVADING THE ABOVE ISSUES TO PREVENT NITZ FROM
DEVELOPING FACTS ON THE RECORD IN REGARD TO THE ABOVE VIOLATIONS etc. BY ENGAGING IN
TACIT AGREEMENTS IN FURTHERANCE OF THAT CONSPIRACY HAVE IMPEDED, THWARTED AND
THE ALLEGATIONS AND FACTS ABOVE FROM BEING INVESTIGATED OR HEARD AT ALL

11. MR. YORK MADE PHONE CALLS AND CHECKED COMPUTER RECORDS ETC. AND FOUND OUT
AND VERIFIED THAT THE ABOVE ALLEGATIONS WERE TRUE AND FACTUAL AND THAT NITZ
EXPLAINED TO MR. YORK, BASED UPON THESE FACTS. NITZ WAS TOLD BY YORK THAT MR. YORK
WAS GOING TO FILE A MOTION FOR A SPECIFIC PERFORMANCE. HOWEVER, YORK TOLD
NITZ THAT HE WAS GOING TO FIRST TALK TO PROSECUTOR MICHAEL PALL AND OR MR.
THOMAS O'CONNOR OF THE DUPAGE COUNTY STATES ATTORNEY'S OFFICE SO THAT THE PROSECUTION
COULD ALSO VERIFY FOR THEMSELVES THE SAME FACTS THAT MR. YORK HAD ALREADY
VERIFIED.   THIS MADE NO SENSE TO NITZ AS THE STATE'S ATTORNEYS OFFICE WERE
THE VERY PERSONS WHOM THE POLICE SPOKE TO IN ORDER TO HAVE NITZ' NO-BOND
HOLDS DETAINERS; AND WARRANTS LIFTED BY I.D.O.C. OFFICIALS IN THE FIRST
PLACE.   NITZ OBJECTED TO YORK'S REASONING BECAUSE YORK'S PLAN WOULD SERVE
NO REAL PURPOSE OTHER THAN TIP OFF THE PROSECUTORS THAT NITZ WAS AWARE OF
WHAT REALLY OCCURRED AND FOUND A WAY TO PROVE THAT HIS ALLEGATIONS WERE TRUE.
NITZ TOLD YORK NOT TO GO SPEAK TO THE STATE PROSECUTORS OR TO BREACH CONFIDENTIAL
CLIENT-ATTORNEY PRIVILEGE, BUT, TO INSTEAD SIMPLY FILE THE MOTION AS PLANNED
FOR A SPECIFIC PERFORMANCE AND HAVE THEREOF A HEARING WHERE THROUGH ROUTINE
PROCEDURAL FACTS WOULD BE DEVELOPED BY PRODUCTION OF DOCUMENTS OR OTHER
EVIDENCE AS WELL AS THROUGH WITNESS TESTIMONY ETC. HOWEVER, MR. YORK RAN
AND TOLD THE PROSECUTION ANYWAY AND THEN THE PROSECUTION COVERED THEIR TRACKS
AND CHANGED THEIR STORY AND TRIED TO TELL NITZ A DIFFERENT STORY. THIS
IS WHAT NITZ WAS AFRAID OF AND WAS PRECISELY THE REASON WHY HE DID NOT WANT
YORK TO BREACH THE ATTORNEY-CLIENT PRIVILEGE THAT SERVED NO REAL PURPOSE
EXCEPT TIPPED OFF THE STATE THAT NITZ WAS NOT ON THEIR TRAIL AND TO COVER
THEIR TRACKS....   BASED ON THE ABOVE FACTS MR. YORK BLEW IT ESSENTIALLY AND
SINCE YORK FAILED TO SPEAK UP ON NITZ' BEHALF, NOR EVER TOLD THE COURT ANY OF
THE ABOVE FACTS WHICH YORK HAD ALREADY VERIFIED HIMSELF NITZ WAS FORCED TO AGAIN
QUESTION MR. YORK'S REAL MOTIVES FOR CONTRADICTING HIMSELF AND DOING THE EXACT
OPPOSITE OF WHAT NITZ WAS TOLD WOULD BE THE RESULT OR BE ACTUALLY ACCOMPLISHED.

12. BASED ON THE ABOVE FACTS NITZ FILED A MOTION WHICH WAS RECEIVED AND FILED
BY THE CLERK CHRIS KACHIROUBAS ON MARCH 3RD OR 4TH 2008 AT 3:22 PM.,
ENTITLED: "MOTION FOR SUBSTITUTION OF COUNSEL OUTSIDE THE DUPAGE COUNTY PUBLIC
DEFENDERS OFFICE-ALSO; REQUEST FOR SUBSTITUTION OF JUDGE AND A CHANGE OF VENUE"
WHICH WAS FOLLOWED UP WITH SUBSEQUENT AFFIDAVITS, MOTIONS TO RECONSIDER AND
REQUESTS FOR INTERLOCUTORY APPEALS ETC. AGAIN HOWEVER, THINGS WERE NOT DONE IN
COMPLIANCE WITH LOGIC OR COMMON SENSE AS IT IS NITZ BELIEF THAT THE OUTCOME OF
THE ABOVE ISSUES WAS BEING CONTRIVED TO INTENTIONALLY IMPEDE, THWART, ALTER AND
PREVENT FACTS FROM BEING DEVELOPED ON RECORD IN ATTEMPT TO PREVENT CRIMINAL
AND OR CIVIL LIABILITY AND ALSO TO CAUSE AND ALLOW A PRESUMPTION OF CORRECTNESS
ETC. ON APPEAL OR STATE OR FEDERAL APPELLATE REVIEW, FEDERAL HABEAS CORPUS, CERTIORARI TO
THE UNITED STATES SUPREME COURT OR IN NITZ PENDING FEDERAL CIVIL RIGHTS ACTION
IN NITZ V. TONY ("DOE") ET AL # CASE NO. 08-C-0334 FILED UNDER 42 U.S.C.
§1983 AND §1985 IN U.S. DISTRICT COURT THE HON. WILLIAM J. HIBBLER, U.S. DIST.
COURT JUDGE PRESIDING.   JUDGE BOKALIS ORDERED NITZ MOTION TO BE HEARD
BY JUDGE BURKE IN COURT ROOM # 4010 ON PORTION OF NITZ' MOTION FOR
SUBSTITUTION OF JUDGE ONLY. BUT, BY DOING THIS NITZ' EFFORTS WERE AGAIN THWARTED
AS BECAUSE THE REQUEST FOR SUBSTITUTION OF COUNSEL THOUGH IT WAS THE FIRST MOTION
REQUEST ON TITLE AND ORDER OF THE THREE REQUESTS NITZ REQUESTS WERE HEARD OUT
OF ORDER AND MOTION FOR SUBSTITUTION OF JUDGE PORTION OF NITZ MOTION WAS HEARD
FIRST WHICH PREVENTED NITZ FROM RECEIVING MR. YORKS HELP AT ALL ON REQUEST FOR
SUBSTITUTION OF JUDGE AND NITZ AGAIN WAS PREVENTED FROM DEVELOPING FACTS

5.

AND WHEN MR YORK WAS ASKED BY JUDGE BURKE IF YORK HAD ANYTHING AT ALL TO SAY ON NITZ' BEHALF MR. YORK STATED "... IT'S HIS MOTION"... SEE RECORD OF PROCEEDINGS AND TRANSCRIPT BEFORE JUDGE BURKE ROOM # 4010 ON "3-19-08, 3-21-08, AND BEFORE JUDGE BAKALIS ROOM # 4000 ON 3-31-08 3-26-08 AND 3-27-08" AND ON REMAINING PORTION OF NITZ MOTION FOR SUBSTITUTION OF COUNSEL OUTSIDE THE DUPAGE COUNTY PUBLIC DEFENDERS OFFICE WHICH JUDGE BAKALIS ALSO DENIED.

13. NITZ ASSERTS THAT BASED ON THE ABOVE FACTS HIS MOTION'S SHOULD HAVE BEEN GRANTED AND BECAUSE NITZ WAS DENIED A FULL OR FAIR HEARING ON ANY OF THE MOTIONS NITZ AGAIN WAS DEPRIVED OF THE OPPORTUNITY TO DEVELOP MEANINGFUL FACTS ON THE RECORD AS HE DID NOT RECEIVE ANY HELP FROM MR. YORK TO PRESENT DOCUMENTARY EVIDENCE OR WITNESS TESTIMONY AT CRITICAL STAGE OF PROCEEDINGS AGAIN.

14. FURTHERMORE, ON 4-16-08 NITZ PRO BONO APPOINTED ATTORNEYS ON NITZ' §1983 CIVIL RIGHTS CASE CAME TO VISIT (I.E.) MR. EDMOND JASON TREMBLAY AND MS. NICOLE A. GROSS OF THE LAWFIRM ARNSTIEN & LEHR LLP 120 S. RIVERSIDE PLAZA SUITE # 1200 CHICAGO, IL 60606-3910 (# 312) 876-7100 THESE ATTORNEYS CAME TO TALK TO NITZ ABOUT HIS CIVIL RIGHTS CASE FILED AGAINST WHEATON PD, GLEN ELYN PD, AND DUPAGE COUNTY JAIL SHERIFFS DEPUTIES, SPECIFICALLY AGAINST PERKINS #55, HARVEY #83 AND DETECTIVE TONY # OF GLEN ELYN PD. FOR RETALIATION AND CONSPIRACY, DENIAL OF MEDICAL CARE ETC. WHEN NITZ' VISIT WITH MR. TREMBLAY AND MS. GROSS WAS OVER A DEPUTY ALVAREZ AND DEPUTY ZYBILSKI MADE DEROGATORY COMMENTS ABOUT NITZ AND THE SPECIFIC NATURE OF NITZ LAWSUIT THEN THE VERY NEXT DAY ON 4-17-08 OFFICER CAME TO THE DUPAGE COUNTY JAIL TO CHARGE NITZ WITH 3 MORE FELONY OFFENSES THAT NITZ HAD PREVIOUSLY BEEN ARRESTED FOR ON 7-18-07, 9-10-07 AND 10-21-07 BUT WAS RELEASED FOR MISTAKEN IDENTITY AND LACK OF EVIDENCE ETC. BY OFFICER PERKINS #55 AGAIN ON 4/17/08.

15. NITZ HAD CHALLENGED IN HIS PREVIOUSLY FILED MOTION STAMPED 3-4-08 AT 3:22 PM AND MOTIONS TO SUPRESS EVIDENCE ILLEGALLY OBTAINED AND TO QUASH THE ARREST THAT A FORENSIC FINGERPRINT EXPERT WITNESS SHOULD BE HIRED BY YORK TO DETERMINE BY SCIENTIFIC TESTING WHETHER ALLEGED FINGER PRINT EVIDENCE THAT WAS TAINTED BY COMPROMISED CRIME SCENE CASE AND THAT BECAUSE MR. YORK INSIDE OF A LOCKED AND CLOSED JEWELRY DISPLAY CASE HAD INTENTIONALLY LIED TO NITZ ABOUT THIS TOLD NITZ AN IMPOSSIBLE SET OF ALLEGATIONS WHICH CONTRADICTED WHAT THE POLICE TOLD NITZ AND CONTRADICTED WHAT THE POLICE REPORTS HAD TO SAY. YORK TRIED TO TELL NITZ THAT THE GLEN ELYN POLICE LIFTED NITZ' FINGER PRINTS ("2 OUT OF 27") FROM THE INSIDE OF A LOCKED DISPLAY CASE BUT THE POLICE HAD PREVIOUSLY ALREADY TOLD NITZ THAT A EMPLOYEE AT THE CHURCH CRIME SCENE CAUSED POLICE TO REPORT AN ALLEGED THEFT AND ALSO THAT BEFORE THE POLICE COULD ACTUALLY GET TO THE ALLEGED CRIME SCENE THE CHURCH EMPLOYEE HAD COMPROMISED THE ALLEGED CRIME SCENE BY CLOSING AND LOCKING THE DISPLAY CASE BEFORE THE POLICE COULD ACTUALLY GET THERE. BASED ON THAT KNOWLEDGE NITZ TOLD YORK HE WAS NOT TELLING NITZ THE TRUTH AND THAT YORK SHOULD READ THE POLICE REPORTS. ALSO, BECAUSE NITZ IS ACTUALLY INNOCENT AND BECAUSE NO EVIDENCE WAS RE-COVERED WHICH WAS ALLEGEDLY STOLEN ("I.E.") $1000.⁰⁰ IN SILVER NITZ WANTED YORK TO HIRE AN EXPERT TO SCIENTIFICALLY TEST THE ALLEGED INTEGRITY OF TAINTED EVIDENCE FROM A COMPROMISED CRIME SCENE. YORK REFUSED TO DO SO AND THEN ON 4-17-08 OFFICER PERKINS #55 MYSTERIOUSLY CAME TO GET 3 FULL SETS OF INKLED FINGER PRINTS AND A SINGLE PHOTOGRAPH OF NITZ WITHOUT REQUESTS FOR MR. YORK'S PRESENCE BEING GRANTED AND AS NITZ BELIEVES PERKINS IS TRYING TO PLANT EVIDENCE AND WHO HAVE REFUSED TO ALLOW NITZ TO SEE ALLEGED FINGER PRINTS

6.

PRIOR TO PERKINS MYSTERIOUSLY NEEDING TO TAKE 3 MORE SETS OF
"INKED" FINGERPRINTS AND A SINGLE PHOTOGRAPH WHEN THAT DATA WAS
ALREADY IN POLICE CRIME LAB AND DATA BASES ETC. IS SERIOUSLY SUSPECT AS
THE PROSECUTION AND MR. YORK AND JUDGE BAKALIS HIMSELF WERE AWARE
THAT NITZ HAD BEEN DILIGENT IN HIS REQUESTS TO SEE THE ALLEGED
FINGERPRINTS PRIOR TO PERKINS #55 COMING TO THE JAIL ON 4-17-08
AND FOR THE PAST 6 MONTHS NITZ REQUESTS TO SEE THE FINGER PRINTS
OR TO HIRE AN EXPERT HAVE BEEN DENIED FOR NO LEGITIMATE REASON.

16. FURTHERMORE, AS NITZ WAS ALREADY INDICTED FOR CASE NO# 2007-CF-2021
PERKINS SHOULD HAVE ALLOWED COUNSEL TO BE PRESENT FOR SEVERAL REASONS
WHERE AS THE INTEGRITY WHICH ARE OBVIOUS AND RELEVANT TO NITZ' DEFENSE.
OF FINGERPRINT EVIDENCE WAS AT ISSUE PERKINS #55 YORK, AND THE
PROSECUTION WERE AWARE THAT CHAIN OF CUSTODY OF EVIDENCE PROCEDURES
WOULD BE CLOSELY RECORDED AND FOLLOWED AS NITZ ACTUALLY RAISED THIS PRECISE
ISSUE IN HIS MOTIONS FILED 3-4-08 AT 3:22 PM & AFFIDAVITS AS WELL AS NITZ
MOTIONS TO OBTAIN THE ALERGY AND TO SUPPRESS EVIDENCE ILLEGALLY OBTAINED
AND AS YORK, REFUSED TO PURSUE EVIDENCE. FAILED TO EXPOSE EVIDENCE
OBSTRUCTED NITZ' RIGHT TO REVIEW EVIDENCE AND 6 MONTHS AFTER THE FACT
STILL HAD NOT ALLOWED NITZ TO REVIEW EVIDENCE NITZ ASSERTS THAT AS A DIRECT
AND PROXIMATE RESULT OF A CONSPIRACY THAT DUE TO A MEETING OF THE MINDS
PERKINS ACTIONS CONSTITUTED A SEIZURE AND FOR THE ABOVE STATED REASONS
ANY AND ALL ALLEGED FINGERPRINT EVIDENCE IS SUSPECT AS TAINTED FRUIT OF
THE POISONOUS TREE AND MUST BE SUPPRESSED AND EXCLUDED AS INADMISSIBLE
IN CLEAR CONTRAVENTION OF U.S.C.A. CONST. AMEND. 4, 5, 6 AND 14 AS WELL AS
ILL. CONST. OF 1970 ART. ONE § 2, 6 AND 8 SEE E.G. MAPP. V. OHIO, 367 U.S.
643, 81 S. Ct. 1684, 6 L. Ed. 2d 1081 (1961). ALSO BECAUSE THE ALLEGED EVIDENCE WAS
SUSPECT AND CALCULATED TO CREATE PREJUDICE IT MUST BE EXCLUDED SEE R.S.
PEOPLE V. CRUZ, 115 ILL. DEC. 795, 518 N.E. 2d 320, 164 ILL. APP. 3d 802 APPEAL DENIED,
121 ILL. 2d. 574 (1987), PEOPLE V. BROWN, 323 N.E. 2d, 379, 25 ILL. APP. 3d 377 (1974),
PEOPLE V. LUTZ, 59 ILL. DEC. 252, 431 N.E. 2d, 753, 103 ILL. APP. 3d, 976 (1982),
KUHOT V. THIRET, 867 F. 2d 351, C. A. 7 (ILL.) 1989 REH'S DENIED CERTIORARI DENIED
498 U.S. 874, U.S. V. DAVIS, C.A. 7 (ILL.) 1995, 48 F. 3d 277, PEOPLE V. HULLEY,
245 ILL. DEC. 826, 728 N.E. 2d 1183, 313 ILL. APP. 3d 16 (2000), PEOPLE V. WHITE,
131 ILL. DEC. 746, 508 N.E. 2d 1220, 241 ILL. APP. 3d 291 (ILL. APP. 2 DIST. 1993)
CHICAGO HOUSING AUTHORITY V. ROSE, 148 ILL. DEC. 534, 560 N.E. 2d 131, 203 ILL. APP. 3d 208
(1990); ILL. SIMMONS CO., INC. BY CEL, HARTFORD INS. GROUP V. FIRESTONE TIRE AND RUBBER
CO., 90 ILL. DEC. 955, 483 N.E2d 273, 108 ILL. 2d 106 (ILL. 1985), PEOPLE V. LEGARDO,
1968, 39 ILL. 2d 414, 237 N.E. 2d 484 AND PEOPLE V. DENHAM, 1968, 41 ILL. 2d 1,
241 N.E. 2d 415, CERT DENIED, 394 U.S. 1006.

17. ALSO ON APRIL 24th 2008 MARYSOL DIAZ FORGED TWO SIGNATURES OF
ANTHONY V. COCO AND JACQUELINE M. LACY BY FALSELY NOTARIZING
TWO LEGAL DOCUMENTS ENTITLED NOTICE OF MOTION IN CASE NO# 08-CF-1049
AND CASE NO# 08-CF-1051 AND NOTARY PUBLIC. CAROL I. CAPONIGRO
IMPROPERLY AND ILLEGALLY ALLOWED MARYSOL DIAZ TO FORGE THE SIGNATURES OF
COCO AND LACY FOR THE PURPOSE OF IMPROPERLY ALLOWING TWO MOTIONS TO BE FILED &
TO IMPROPERLY TRANSFER BOTH CASES FROM COURTROOMS #4010 JUDGE BURKE AND
#4014 CRESWELL TO BE ILLEGALLY TRANSFERRED TO #4006 JUDGE BAKALIS WHEN
PUBLIC DEFENDERS OFFICE HAD ALREADY RECEIVED NOTICE BY INMATE REQUEST FORM; SO-
00422 THAT NITZ DID NOT WANT CASES CONSOLIDATED IN JUDGE BAKALIS COURT ROOM
#4006 BUT WANTED CASES KEPT SEPARATE AND SEVERED UNTIL PROPER TIME. THEN

7.

• FILING AN INDIVIDUAL IDENTIFIED AS "M T" FORGED AN IMPROPER SIGNATURE FOR NITZ WHICH NITZ did NOT AUTHORIZE ON NINE FORMS ENTITLED DEMAND FOR SPEEDY TRIAL PURSUANT TO (CASE NO.S) #08-CF-1049 - 1050 AND 1051 NOTICE OF MOTION ORDER AND MITTIMUS FAILURE TO GIVE BAIL REGARDING SAME CASE NUMBERS.

18. NITZ ALLEGES THAT HE did NOT REQUEST THE PUBLIC DEFENDER TO REPRESENT HIM ON CASE NO # 08-CF-1049 - #08-CF-1050 OR #08-CF-1051 AND NITZ ALSO did NOT AUTHORIZE ANY MOTIONS TO BE FILED ON HIS BEHALF NOR does NITZ WANT THE CASES TO BE TRANSFERRED TO JUDGE BAKALIS' COURTROOM # 4066 THEREFORE MARYSOL DIAZ AND CAROL I. CAPONIERO THE PROSECUTION AND JUDGE AS WELL AS THE DUPAGE COUNTY PUBLIC DEFENDERS OFFICE HAVE ACTED CONTRARY TO THE LAW AND WITHOUT NITZ CONSENT AND BECAUSE THE ABOVE PERSONS ACTED IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES UNDER THE COLOR OF STATE LAW AND KNOWINGLY AND WITHOUT AUTHORITY OR LEGAL JUSTIFICATION SUBMITTED FORGED AND IMPROPERLY ACQUIRED DOCUMENTS WITH INTENT TO ELICIT A RESULT BENEFICIAL TO THE PROSECUTIONS CASE AND TO HELD POLICE PERKINS # 55, HARLEY #83 DETECTIVE TONY OF GLEN ELLYN P.d. PROSECUTORS MICHAEL PAUL AND THOMAS O'CONNOR, PUBLIC DEFENDER MR. MILLER, DEPUTY P.d. ROCKY HOLMAN AND NITZ ATTORNEY ASST. P.d. MR. YORK, AND JUDGE BAKALIS. IN FURTHERANCE OF A CONSPIRACY TO OBSTRUCT JUSTICE AND RETALIATE HAVE MADE A TACIT AGREEMENT TO TAKE FURTHER SUBSTANTIAL STEPS IN FURTHERANCE OF A CONSPIRACY WHERE PURSUANT TO A MEETING OF THE MINDS ARE ATTEMPTING TO CONTROL THE OUTCOME OF THE ABOVE PROCEEDINGS TO PRODUCE A PROCEDURAL DEFAULT AND TO PREVENT CRIMINAL PROCEEDINGS TO STATE AND FEDERAL LAW. SEE ATTACHED AND OR CIVIL LIABILITY PURSUANT TO STATE AND FEDERAL LAW. SEE ATTACHED EXHIBITS HERETO.

19. PURSUANT TO 725 ILCS 5/108-2 AS CREATED BY PUBLIC ACT 87-1005 AND 5/108-11 THE POLICE AND PROSECUTION HAD A DUTY TO RETAIN CHAIN OF CUSTODY AND DISPOSITION OF THINGS SIEZED AND TO INVENTORY ALL INSTRUMENTS ARTICLES OR THINGS SEIZED WHICH WAS NOT GIVEN TO NITZ UPON ARREST NOW NITZ ASSERTS THAT SINCE CUSTODY AND DISPOSITION OF ARTICLES WAS NOT HANDLED OR DISPOSED OF IN ACCORDANCE WITH SAID STATUTES NITZ AVERS THAT SUCH INVENTORY MUST BE TENDERED TO HIM AND PURSUANT TO ILLINOIS SUPREME COURT RULE 412 (a)(i) THROUGH (a)(vi), (b), (c), (d), (e)(i) AND (ii); (f), (g), AND; PURSUANT TO 725 ILCS 5/114-9 (a) & 5/114-10, 11, AND 12 PEOPLE v. MOSES, 11 ILL 2d 84, 142 N.E. 2d 1 (1957) THE PROSECUTION FAILED TO PRESENT A WITNESS LIST AND PRIOR STATEMENTS OF ANY WITNESSES, TO HARVEST FRUITS OF DISCOVERY PRIOR TO TRIAL TO GIVE TIMELY INVESTIGATION OF THE CASE TO PREVENT UNTIMELY INTERRUPTIONS AT TRIAL INCLUDING VERBATIM REPORTS ETC. AND BECAUSE MR. YORK HAS DONE NOTHING TO ENSURE COMPLIANCE WITH ANY OF THE ABOVE PROVISIONS NITZ ASSERTS THAT HIS RIGHT TO TIMELY REVIEW ABOUT MATERIALS IS BEING INTENTIONALLY OBSTRUCTED TO PREVENT NITZ FROM LEARNING ABOUT RESULTS, ETC. THAT TEND TO NEGATE GUILT PURSUANT TO S. Ct. RULE 412 (c).

20. AS NITZ WAS DENIED A PRELIMINARY HEARING PURSUANT TO 725 ILCS 5/109-3 OR 5/109-3.1 (b)(12) AS DEFENDANT WAS NOT INDICTED FOR THE CHARGE HE WAS TAKEN INTO CUSTODY FOR NITZ CONTENDS THAT HE SHOULD HAVE RECEIVED A PRELIMINARY EXAMINATION AND BECAUSE NITZ NEVER RECEIVED A COPY OF THE ORIGINAL CHARGING INSTRUMENT OR INDICTMENT ON CASE NO # 07-CF-2821 AND NITZ ALSO SO MOTION FOR A BILL OF PARTICULARS WAS IGNORED BY THE COURT AND HE, YOUR NITZ ALLEGES THAT HE WAS NOT RECEIVED FAIR NOTICE OF THE NATURE OF THE CHARGES BY WHICH TO PREPARE HIS DEFENSE IN _____ F.3d ___ 4066 (2000) AND CASE MUST BE DISMISSED.

8.

21. PURSUANT TO 725 ILCS 5/111-1 (a) NITZ WAS INITIALLY CHARGED WITH A THEFT BY OFFICER AT GLEN ELLYN P.D. NITZ WAS LATER CHARGED WITH A BURGLARY BY INDICTMENT AND THE THEFT ALSO WAS CHARGED ANEW BY INDICTMENT TOO. HOWEVER MR. YORK TOLD NITZ THAT NITZ WAS ARRESTED FOR AN ARMED ROBBERY FOR WHICH NITZ WAS NEVER CHARGED, ALSO BECAUSE NITZ DID NOT WAIVE A PRELIMINARY HEARING PURSUANT TO 5/111-2 (b) o.r (f) AND AS 5/111-6 WAS NOT COMPLIED WITH THIS CASE SHOULD BE DISMISSED TO PREVENT A MISCARRIAGE OF JUSTICE. AS NITZ ALSO REQUESTED A BILL OF PARTICULARS IN WRITING PURSUANT TO 725 ILCS 5/111-6 AND 5/114-2 BUT NITZ' MOTION WAS ALSO IGNORED BY MR. YORK AND THE COURT. NITZ DUE TO CLAIM OF INEFFECTIVE ASSISTANCE OF YORK AND ABUSE OF DISCRETION OF THE COURT; NITZ ASSERTS THAT HE HAS BEEN DENIED HIS SUBSTANTIAL RIGHTS TO DUE ACCESS AND EQUAL PROTECTION OF THE LAW AS A RESULT OF NITZ CLASSIFICATION AS AN INDIGENT PRISONER AND WAS BECOME AFFECTED BY DISCRIMINATION AND BIAS OF THE COURT AND COUNSEL.

22. THE PROSECUTION MR. O'CONNOR AND NITZ' ATTORNEY MR. YORK ON 3-31-08 IN COURTROOM # 4006 SHOWED NITZ A TRANSCRIPT OF A STATEMENT OF SOME SORT WHICH THEY DID NOT ALLOW NITZ TO READ BUT MERELY USED TO INTIMIDATE NITZ NITZ DOES NOT KNOW WHAT THAT TRANSCRIPT CONTAINED BUT YORK WOULD'NT LET NITZ READ IT WHEN HE BROUGHT IT TO THE HOLDING AREA OUTSIDE OF THE COURTROOM OF # 4006. MR. YORK AND MR. O'CONNOR CONFERRED TOGETHER OFF THE RECORD WHILE NITZ WAS SPEAKING TO THE COURT ON HIS OWN BEHALF AND MR. YORK WOULD'NT TELL NITZ WHAT O'CONNOR SAID. BUT JUDGE BAKALIS MENTIONED THAT MR. YORK SHOULD ALLOW NITZ TO SEE THE ALLEGED FINGER PRINTS THAT WERE LIFTED ALLEGEDLY 2 OUT OF 27 PRINTS MATCHED NITZ BUT NITZ STATES THAT THERE IS NO WAY NITZ' FINGER PRINTS COULD HAVE BEEN LIFTED FROM INSIDE THE JEWELRY DISPLAY CASE AND TOLD YORK SO. THEN LATER ON APRIL 17TH 2008 OFFICER PERKINS CAME TO THE JAIL TO TAKE 3 FULL SETS OF "INKED" FINGERPRINTS AND A SINGLE PHOTOGRAPH OF NITZ, AS NITZ WAS ALREADY INDICTED IN CASE NO# 07-CF-2821 AND WOULD NOT ALLOW NITZ TO HAVE COUNSEL PRESENT PRIOR TO QUESTIONING THOUGH YORK WAS IN THE NEXT BUILDING, PERKINS THREATENED NITZ WHEN NITZ REFUSED TO ALLOW HIMSELF TO BE PHOTOGRAPHED AND FINGER PRINTED BY PERKINS #55 AS PERKINS WOULD'NT TELL NITZ WHY PERKINS NEEDED NITZ' PHOTO & PRINTS, THEN BECAUSE NITZ WAS NOT ALLOWED TO SEE THE ALLEGED PRINTS PRIOR TO 4-17-08 THOUGH NITZ REQUESTED TO SEE THEM FOR THE PAST 6 MONTHS SINCE 10-22-2007 AND HAS BEEN DENIED TO CHANCE TO TEST THE INTEGRITY OF THE FINGERPRINTS THROUGH AN EXPERT WITNESS ORTO SEE THE DISCOVERY (i.e." ORIGINAL CHARGING INSTRUMENTS, A WITNESS LIST, BILL OF PARTICULARS ALLEGED STATEMENTS etc. NITZ DECLARES THAT THE ARREST SHOULD BE QUASHED AND THE EVIDENCE SUPPRESSED AS IT WAS ILLEGALLY OBTAINED IN VIOLATION OF THE FOURTH AND SIXTH AND 14TH AMENDMENTS OF THE UNITED STATES CONSTITUTION OF ILL; CONST. OF 1970 ART. ONE § 2, 6 AND 8 IN CLEAR CONTRAVENTION OF BRADY V. MARYLAND, THE JENCKS ACT, ILL. S. CT. RULE 412, AS WELL AS 725 ILCS 5/114-10-11-12 AND 13. ALSO; CONTRARY TO NITZ RIGHT TO PRODUCE. TO PRESERVE, AND EXPOSE, ILLEGALLY OBTAINED EVIDENCE, ALSO; BECAUSE YORKS FAILURE TO ALLOW NITZ TO SEE DISCOVERY MATERIALS OR TO PRODUCE, PRESERVE OR EXPOSE SUCH EVIDENCE WAS NOT A TACTICAL DECISION WITHIN YORKS DISCRETION PURSUANT TO PEOPLE V. SMITH, 268 ILL. APP. 3d 574, 579-80, 206 ILL. DEC. 308, 312-13, 645 N.E. 2d 313, 317-18 (1994). PEOPLE V. HAMPTON, 44 ILL. 2d 41, 253 N.E. 2d 385 (1969), AND PURSUANT TO ILL. S. CT. RULE 615 (a). PEOPLE V. BROWN, 1996, 214 ILL. DEC. 133, 169 ILL. 2d 132, 661 N.E. 2d 287. BECAUSE MR. O'CONNOR, MR. YORK AND THE COURT ARE ATTEMPTING TO CREATE A PROCEDURAL DEFAULT ON QUESTION REGARDING NITZ' MOTION TO QUASH AND TO SUPPRESS EVIDENCE ILLEGALLY OBTAINED BY FORCING NITZ TO DEFEND

AND; NITZ' CLAIMS THAT NITZ HAS BEEN DENIED A FULL AND FAIR HEARING TO PRESENT OR
TO DEVELOP RELEVANT FACTS WITH THE ASSISTANCE OF AN ATTORNEY TO ASSIST NITZ TO
ZEALOUSLY AND VIGOROUSLY PROPERLY INVESTIGATE OR PROPERLY ABSENT VERIFIED FACT J;
WILL BE MANIFESTLY ERRONEOUS IN LIGHT OF THE VIOLATIONS OF NITZ' CONSTITUTIONAL
RIGHTS ALLEGED AGAINST THE PROSECUTION, POLICE, MR. YORK AND THE COURT, PEOPLE V.
MULLENS, APP. 1 DIST. 1978, 23 ILL. DEC. 342, 66 ILL. APP. 3d 748, 383 N.E. 2d
1369 AND; PEOPLE V. WILSON, APP. 1 DIST. 1978, 23 ILL. DEC. 378, 66 ILL. APP. 3d
330, 384 N.E. 2d J4. And; PEOPLE V. WRENT, APP. 2 DIST. 1987, 113 ILL. DEC. 35,
161 ILL. APP. 3d 967, 514 N.E. 2d 817, APPEAL DENIED 117 ILL. DEC. 231, 118 ILL. 2d 551,
520 N.E. 2d 392.

23. IN REGARD TO ALLEGATIONS IN PARAGRAPH 22 ABOVE NITZ ALSO STATES IN SUPPORT
OF HIS CLAIM, THAT; BECAUSE HE HAS BEEN DENIED CHANCE TO PRODUCE, PRESENVE, AND EXPOSE
THE ILLEGALY OBTAINED EVIDENCE THROUGH COUNSEL IN ACCORDANCE WITH PRINCIPALS OF
FUNDAMENTAL FAIRNESS OR PROCEDURAL DUE PROCESS THAT HIS RIGHTS THEN AND BEING
OBSTRUCTED AS NITZ HAS AN ABSOLUTE RIGHT TO PETITION THE COURT FOR A REDRESS OF
GRIEVANCES WHICH HE HAS ATTEMPTED TO ACCOMPLISH ALL ALONG, HOWEVER; NITZ' RIGHT TO
EQUAL PROTECTION OF THE LAW HAS ALSO BEEN OBSTRUCTED WHICH IS A DIRECT AND
PROXIMATE CAUSE IS AFFECTING AND INFRINGING NITZ' OTHER SUBSTANTIAL RIGHTS BY
BEING SUBJECTED TO THE TACIT DISCRIMINATORY POLICIES, PRACTICES AND PROCEDURES
OF; O'CONNOR, YORK, PERKINS, HARVEY, DETECTIVE TONY AND JUDGE BAKALIS WHERE
NITZ IS NOT BEING TREATED AS AN EQUAL TO THOSE SIMILARLY SITUATED DUE TO HIS
CLASSIFICATION AS AN INDIGENT PRISONER AS NITZ HAS BEEN DENIED A PROPER HEARING
BY WHICH TO THROUGH PRODUCTION OF DOCUMENTS AND WITNESS TESTIMONY, THAT IS,
WITH THE ASSISTANCE OF A COMPETENT ATTORNEY WHO HAS NOT BECOME INEFFECTIVE SUCH
AS MR. YORK OR LABORS UNDER DIVIDED LOYALTIES SUCH AS MR. YORK OR WHOM ENGAGES
IN TACIT AGREEMENTS OF RETALIATION AND CONSPIRACY TO OBSTRUCT JUSTICE SUCH AS
O'CONNOR, PERKINS #55, HARVEY # 83 DETECTIVE TONY, MR. YORK WHO HAVE ALSO
SUMMARILY AND ARBITRARILY OR PURPOSELY CAUSED THE JUDGE TO BECOME BIASED AND
PREJUDICED AS IS COMMON MISTAKE OF A JADED AND OVERBURDENED JUDICIAL SYSTEM.
NITZ ALLEGED ABOVE THAT ABOVE PERSONS HAVE ATTEMPTED TO ESCAPE LIABILITY FOR THEIR
MISCONDUCT, AND THROUGH ACTS, AND PREJUDICIAL OMISSIONS AND FROM THEIR DESIRES OF
SELF PRESERVATION HAVE NOT CONSIDERED THAT NITZ' HEART HOLDS THAT SAME DESIRE,
BUT; BECAUSE IT IS ALSO NITZ RIGHT TO RECEIVE THE BENEFIT OF CONSTITUTIONAL
PROTECTIONS THIS COURT CAN NO LONGER CONTINUE TO TURN A BLIND EYE TOWARD
THE OBVIOUS PREJUDICIAL ACTS AND OMISSIONS DESCRIBED ABOVE AND THROUGHOUT
THE HISTORY OF THIS CASE AS NITZ CONTENDS THAT HE CAN PROVE HIS ALLEGATIONS ARE BOTH
TRUE AND CORRECT IN SUBSTANCE, FACT AND GOOD FAITH BELIEF IF NITZ WERE GIVEN THE
PROPER FULL AND FAIR HEARING TO DO SO WITH THE ASSISTANCE OF AN ATTORNEY WHO
ACTUALLY CARED ABOUT PROTECTING NITZ' RIGHTS INSTEAD OF HIS OWN SELFISH DESIRES
OR NEED TO SAVE FACE, AND ALSO BECAUSE THE POLICE OFFICERS HAVE FAILED TO COMPLY WITH
THE LEGISLATIVE INTENT OF PUBLIC ACT 93-605 REGARDING 725 ILCS (a) OR (b)
OF 5/114-13 BY JRR THIS COURT THEN HAS THE DUTY TO PERFORM A MINISTERIAL
DUTY WHICH NITZ BY RIGHTS DICTATED BY THE ABOVE CONSTITUTIONAL AND
STATUTORY PRINCIPLES, ILLINOIS SUPREME COURT RULES, AS WELL AS CLEARLY ESTABLISHED
STATE AND FEDERAL LAWS HAS THE AUTHORITY TO HAVE COMPLIED WITH REGARD TO THE
ABOVE ACTIONS.

24. ALSO; PURSUANT TO THE LEGISLATIVE INTENT OF 725 ILCS 5/115-32 AND 5/115-21
5/116-3 AND 5/116-4 (CREATED OR AMENDED BY PUBLIC ACTS 93-605, 90-141;
91-871 AND 92-459 MANDAMUS RELIEF IS THE PROPER REMEDIAL METHOD TO COMPEL

25. PURSUANT TO HAINES V. KERNER, 404 U.S. 519 (1972) REHEARING DENIED 405 U.S. 948 (1972) AND ILL. CONST. OF 1970 ART. VI, § 9 THE ABOVE CITED STATUTES FOR OBTAINING MANDAMUS AS WELL AS DECLARATORY AND INJUNCTIVE RELIEF NITZ STATES THAT THIS COURT SHOULD DECLARE THAT NITZ HAS THE RIGHT TO THE RELIEF SOUGHT IN LIGHT OF HIS CONSTITUTIONAL RIGHTS AND PROTECTED LIBERTY INTERESTS PROMULGATED BY THE ABOVE STATE, FEDERAL STATUTORY AND CONSTITUTIONAL PROVISIONS ARTICULATED BY THE CASELAW HEREIN CITED.

26. NITZ REQUESTS MANDAMUS AND INJUNCTIVE RELIEF TO COMPELL THE PERFORMANCE OF MINISTERIAL DUTIES WHICH BY RIGHT THE LAW AUTHORIZES NITZ TO THE ENTITLEMENT OF SPECIFIC PERFORMANCE AND AN INJUNCTION TO ENFORCE RELIEF WHICH THE LAW DECLARES. MANDAMUS IS ISSUED FROM A COURT OF COMPETENT JURISDICTION AND COMMANDS THE OFFICER TO WHOM IT IS ADDRESSED TO PERFORM SOME SPECIFIC DUTY AND WHICH THE PARTIES OWING THE DUTIES HAVE FAILED TO PERFORM, PEOPLE V. DONNELLY EX REL. V. MCHENRY CO. SHERIFF'S MERIT COMMISSION, 83 ILL. APP. 3d 957, 39 ILL. DEC. 442, 404 N.E.2d 1033 (2nd DIST. 1980).

27. BASED ON A RELIABLE SOURCE AS WELL AS ON INFORMATION AND BELIEF NITZ HAS GOOD FAITH THAT THE PROSECUTION HAS MADE A DEAL WITH THOMAS GOEBIS, CARLOS M. ORTIZ, TOM PRATER AND OTHERS FOR LENIENCY IN THEIR CRIMINAL CASES IN EXCHANGE FOR INFORMATION REGARDING NITZ AND THAT EMPLOYEES OF THE DUPAGE COUNTY JAIL / SHERIFFS OFFICE ("i.e.") DEPUTIES. SALSBURY, ALVAREZ, WESTER, ZIBILSKI AND OTHERS, AS WELL AS; EMPLOYEES OF THE GLEN ELLYN POLICE DEPARTMENT OFFICERS ("i.e.") PERKINS #55, HORVEY #83, DETECTIVE TONY AS WELL AS EMPLOYEES OF THE DUPAGE COUNTY STATES ATTORNEYS OFFICE - ("i.e.") A.S.A. MICHAEL PAWL AND A.S.A. THOMAS O'CONNOR AND OTHERS HAVE WORKED TOGETHER AND SEPARATELY WITH VARIOUS EMPLOYEES OF OTHER AGENCIES AND PERSONS ACTING IN THEIR INDIVIDUAL AND OFFICAL CAPACITIES UNDER THE COLOR OF STATE LAW AND PURSUANT TO SUPREME COURT RULES OF ILL. 412, 415(c) et seq. THE JENCKS ACT, BRADY V. MARYLAND AND 725 ILCS 5/114-13 AND CASES AND STATUTES CITED BY NITZ ON PAGES 8 AND 9 PARAGRAPHS 22, 23 AND 24 ABOVE IN THIS DOCUMENT NITZ DEMANDS PURSUANT TO 725 ILCS 5/115-21 - 5/116-3 AND 4 THAT NITZ WOULD BE TENDERED PURSUANT TO LEGISLATIVE INTENT OF PUBLIC ACTS "93-605, 90-141, 91-871 AND 92-459", THAT; THE PROSECUTION THROUGH THE DUPAGE COUNTY STATES ATTORNEYS OFFICE WILL MAKE AVAILABLE TO DEFENSE COUNSEL FOR USE AT A HEARING OR TRIAL IN THE CRIMINAL ACTIONS PENDING IN CASE NOS# 07-CF-2821 #08-CF-1049 #08-CF-1050, #08-CF-1051 OR # 05-CF-2101 PURSUANT TO 412 (a)(i) THROUGH (vi); (b), (c), (d), (e), (e)(i) AND (ii), (9) (h) et seq. A WITNESS LIST AND A BILL OF PARTICULARS AS WELL AS THE IDENTITY AND OR COPIES OF TRANSCRIPTS, REPORTS, MEMORANDA AND STATEMENTS OF WITNESSES FOR THE PROSECUTION WHICH AFFECT THEREOF NITZ' CONSTITUTIONAL RIGHT TO EQUAL PROTECTION AS WELL AS DUE PROCESS OF THE LAW AND OR NITZ' CONSTITUTIONAL RIGHT TO DISCOVER THE IDENTITY OF OTHER PERPETRATORS AS WELL AS TO HAVE DISCLOSED THE IDENTITY AND OR RECORD OF A PRIOR CONVICTION OF ANY PERSON THE STATE INTENDS TO CALL AS WITNESSES OR ANY INDUCEMENTS OF WITNESSES AT A HEARING OR AT A JURY TRIAL SO MATERIALS CAN BE OBTAINED FOR INSPECTION, TESTING, TO BE COPIED OR PHOTOGRAPHED WHICH MAY OR MAY NOT BE SUBJECTED TO EXAMINATION OR TESTING, SCIENTIFIC OR OTHERWISE BY AN EXPERT WITNESS etc. OR IN REBUTTAL NOT LESS THAN 7 DAYS BEFORE DATE SET FOR HEARING OR TRIAL PURSUANT TO ILL.S.CF. RULE 412 AND 615 SEE ALSO PEOPLE V. SMITH, 268 ILL. APP. 3d 574, 579-80, 206 ILL. DEC. 308, 312-13, 645 N.E.2d 313, 317-18 (1994) NITZ HAS THE RIGHT TO CHALLENGE THE ALLEGED FACTUAL BASIS OF THE CASES THE STATE IS PROSECUTING AGAINST NITZ AND TO CHALLENGE THE VALIDITY OF WITNESS STATEMENT OR TESTIMONY AS WELL IN SUFFICIENCY OF THE STATES EVIDENCE NITZ ALSO HAS THE RIGHT TO THAT ARE SUBJECT TO EXAMINATION, SUPPRESSION OR TESTING etc. NITZ HAS THE RIGHT TO DIRECT EXAMINATION, CROSS THAT HIS ACCUSERS AND TO SUBJECT WITNESSES FOR THE PROSECUTION TO EXAMINATION AT A HEARING OR JURY TRIAL.

11.

28. MANDAMUS IS DESIGNED TO COMPEL ACTION; PEOPLE EX REL. ELMORE V. AILMAN, 382 Ill. 156, 46 N.E. 2d 974 (1943). ALONG THE LINES MAPPED OUT BY THE LAW, PURSUANT TO THE POINTS AND AUTHORITIES CITED BY NITZ THROUGHOUT THIS DOCUMENT, THE ABOVE NAMED PERSONS WERE DUTY BOUND AND MANDAMUS LIES TO COMPEL THESE PUBLIC OFFICERS TO ACT IN ACCORDANCE WITH THE CHARACTER OF THEIR OFFICE AND THE QUALITY AND NATURE OF THE ACTS WHICH NITZ SEEKS TO HAVE COMPELLED AS THOSE SOUGHT AFTER DUTIES. WHICH NITZ SEEKS TO HAVE COMPELLED ARE STATUTORY DUTIES AND ARE DICTATED BY THE DOCTRINE OF STARE DECISIS THAT IS DICTATED BY THE STATE AND FEDERAL CONSTITUTIONS AND ALSO CLEARLY ESTABLISHED STATE AND FEDERAL PROVISIONS PROMULGATED BY RELEVANT CASE LAW TOO. SEE; E.G. PEOPLE EX REL. V. BUSSE, 141 Ill. APP. 218, 1908 WL 1729 (1st Dist. 1908) 238 Ill. 593, 87 N.E. 840 (1909); PEOPLE EX REL. ENGLISH V. BOWERS, 34 Ill. APP. 2d 40, 180 N.E. 2d 45 (2nd Dist. 1962); STEVENS V. LAKE COUNTY, 24 Ill. APP. 3d 51, 320 N.E. 2d 263 (2nd Dist. 1974); GIVOTT V. ORR, 321 Ill. APP. 3d 78, 254 Ill. DEC. 53, 746 N.E. 2d 810, 153 Ed. LAW REP. 713 (1st Dist. 2001).

29. THE POLICE ("i.e.") WHEATON P.d. OFFICERS; CRAIG, SHANKS AND DETECTIVE TED AND OTHERS ("i.e.") GLEN ELLYN P.d. OFFICERS; PERKINS #55, HARVEY #63 AND DETECTIVE TERRY, HAD MANDATORY-NON-DISCRETIONARY-DUTIES PROMULGATED BY STATUTE, THE STATE AND FEDERAL CONSTITUTIONS AND CLEARLY ESTABLISHED STATE AND FEDERAL CASE LAW PURSUANT TO NITZ SUBSTANTIAL RIGHTS AND PROTECTED LIBERTY INTERESTS MARKED OUT BY THE ILLINOIS CODE OF CRIMINAL PROCEDURE ("725 ILCS") 5/103-1 AND 103-2 (b) AND (c) AS POLICE OBTAINED STATEMENTS BY NITZ BY ILLEGAL MEANS VIA COERCION THROUGH PROMISES ETC. AND ALSO IN VIOLATION OF 5/103-3 (a) AND (b) WHERE NITZ REQUESTED TO PHONE HIS ATTORNEY AND BROTHER AND IN VIOLATION OF 103-4 REFUSED TO LET NITZ CONSULT WITH HIS ATTORNEY MR. ASHLEY S. ROSE, OR APPOINTED ATTORNEY PURSUANT TO NITZ REPEATED VERBAL REQUESTS AT BOTH WHEATON P.d. AND AT GLEN ELLYN P.d. ON OCTOBER 22ND 2007. NITZ WAS ALSO DENIED MEDICAL CARE FOR INJURIES HE SUSTAINED BY WHEATON P.d. SHANKS OFFICER CRAIG ETC. NITZ WAS ALSO DENIED HIS RIGHT TO A SPEEDY TRIAL PURSUANT TO 5/103-5 AND DENIAL OF NITZ MOTION IS A VOID ORDER THAT SHOULD BE EXPUNGED PURSUANT TO PEOPLE EX REL. ELMORE V. AILMAN, 382 Ill. 156, 46 N.E. 2d 974 (1948); SEE LEGISLATIVE INTENT OF PUBLIC ACTS 81-1509; 87-1005; 85-293; 86-1210; 87-281; 90-705; AND 91-123 THEN A PERSON ONLY IDENTIFIED AS "MT" DUPAGE ATTORNEY NO# "100131" OF PUBLIC DEFENDERS OFFICE ("P.D.O") WITHOUT NITZ' CONSENT OR AUTHORIZATION ON 4-17-08 FILED SPEEDY TRIAL DEMANDS AGAINST NITZ' WISHES IN CASE NO.# 08-CF-1049, #08-CF-1050 AND #08-CF-1051 ON 4-21-08 NITZ COMPLAINED TO MR. YORK ABOUT THIS BUT MR. PERKINS UPSET WITH NITZ BECAUSE NITZ CALLED THE PUBLIC DEFENDERS OFFICE AND ALSO SENT REQUEST SLIPS TO PUBLIC DEFENDERS OFFICE TO COMPLAIN ABOUT MR. YORK AND REQUESTING A.R.D.C. FORMS ETC. MR. YORK TOLD NITZ HE DIDN'T CARE ABOUT NITZ' RIGHTS AND THAT NITZ WOULD SOON BE SORRY FOR CAUSING PROBLEMS FOR HIM, AS A RESULT NITZ FILED A COMPLAINT WITH MR. RICKY HOLMAN AND THE ARDC AS WELL AS WITH THE AMERICAN BAR ASSOCIATION ABOUT MR. YORK AS WELL AS TRIAL COMPLAINTS NITZ HAD ABOUT THE INCIDENTS ON 4-16-08 AND ON 4-17-08 WITH OFFICER PERKINS #55 COMING TO THE DUPAGE COUNTY JAIL ON 4-17-08 TO TAKE A SINGLE PHOTOGRAPH OF NITZ AND 3 FULL SETS OF "INKED" FINGERPRINTS WITHOUT ALLOWING NITZ TO HAVE HIS ATTORNEY MR. YORK, PRESENT TO ENSURE NITZ RIGHTS WERE PROTECTED ETC., AND BECAUSE NITZ HAD A LEGITIMATE COMPLAINT ABOUT THE FACT THAT FOR THE LAST 6 MONTHS FROM 10-22-07 TO 4-17-08 NITZ HAD BEEN TRYING DILIGENTLY TO GET MR. YORK TO PRESERVE, EXPOSE, AND TO PRODUCE ALLEGED FINGERPRINTS AND MR. YORK AND MR. O'CONNOR ETC. HAD SUPPRESS AND TO PRODUCE ALLEGED FINGERPRINTS, FOUND IT STRANGE THAT PERKINS WOULD ADAMANTLY REFUSED TO ALLOW NITZ TO SEE PRINTS, FOUND IT STRANGE THAT NITZ HAD BEEN INDICTED NEED TO COME BACK TO THE COUNTY JAIL 6 MONTHS LATER AFTER NITZ HAD "INKED" FINGERPRINTS IN #07-CF-2821 THAT PERKINS SUDDENLY NEEDED 3 FULL SETS OF "INKED" FINGERPRINTS, NITZ' ATTORNEY PRESENT TO ENSURE

12.

TO ALLOW A FINGERPRINT EXPERT TO CONDUCT SCIENTIFIC TESTING PRIOR TO TRIAL
AT A HEARING OF THE FINGERPRINTS AND THE JEWELRY DISPLAY CASE THAT AN EMPLOYEE
HAD SHOT AND ILLEGALLY LOCKED PRIOR TO POLICE ARRIVING AT THE CRIME SCENE OR WHICH
TO TRIAL IS A VIOLATION OF 5/114-13 (a) AND (b) PUBLIC ACT 93-605 IN NITZ SUBSTANTIVE
RIGHTS HAS BEEN INFRINGED AND VIOLATED BY THE PERSONS NAMED ABOVE AND PERKINS #55. YORK
AND PROSECUTION AND JUDGES HAVE FAILED TO COMPLY WITH THE LAWS GOVERNING NITZ
RIGHTS, AND PURSUANT TO THE VIOLATIONS DESCRIBED ABOVE THE EVIDENCE IN THIS CASE IS
SUSPECT AS COMPROMISED, TAINTED AND COMPROMISED SUGGESTIVE FRUIT OF THE POISONOUS TREE
AND MUST BE SUPPRESSED FOR REASONS STATED ISSUE.

30. NITZ AVERS THAT BECAUSE OF THE ABOVE DESCRIBED ILLEGAL CONDUCT MR. YORK WAS
OBLIGATED AND DUTY BOUND TO ACT ON NITZ BEHALF AND SHOULD HAVE MOVED TO QUASH NITZ
ARREST AND TO SUPPRESS THE EVIDENCE ILLEGALLY OBTAINED BY POLICE YORK HAS FAILED TO
TAKE ANY ACTION ON NITZ' BEHALF AT ANY CRITICAL STAGE OF COUNSEL AT ALL FOR HIS
THUS NITZ HAS BEEN DENIED HIS RIGHT TO HAVE THE ASSISTANCE OF COUNSEL AT ALL FOR HIS
DEFENSE WHICH HAS CAUSED NITZ TO DEFEND HIMSELF DUE TO YORKS DEFICIENT PERFORMANCE
UNPROFESSIONAL ERRORS AND YORKS PREJUDICIAL STATEMENTS, ACTS AND OMISSIONS
NITZ DEFENSE HAS BEEN SUBJECT TO ADVANCEMENT OF PREJUDICE AND "BUT- FOR" YORKS
DEFICIENT PERFORMANCE THE OUTCOME WOULD HAVE PRODUCED A DIFFERENT RESULT
BENEFICIAL TO THE DEFENSE. BECAUSE YORK HAS ABANDONED NITZ ARGUMENTS AND NITZ
DEFENSE NITZ IS BEING FORCED TO DEFEND HIMSELF AND BECAUSE OF DOCTRINES OF
RES JUDICATA, COLLATERAL ESTOPPEL, DELIBERATE BY PASS LANGUAGE AND TH. S. CT.
RULES 615(a) et seq. NITZ NEEDS TO PRESERVE ALL OF THE ABOVE ISSUES FOR STATE
OR FEDERAL APPELLATE REVIEW CERTIORARI, FEDERAL HABEAS CORPUS REVIEW PURSUANT TO
28 U.S.C.A. § 2241 (c) AND $ 2254 et seq. AS VALID DEFENSES YORK SHOULD HAVE
RAISED BY NOW STILL REMAIN EXTERNAL TO NITZ DEFENSE. BECAUSE NITZ RIGHT TO
HAVE THE EFFECTIVE ASSISTANCE OF COUNSEL FOR HIS DEFENSE HAS BEEN DENIED AS A RESULT
OF THE ABOVE DESCRIBED VIOLATIVE ACTS AND INJURIOUS OMISSIONS OF YORK' FAILING TO
ADVOCATE ANY DEFENSE FOR NITZ, NITZ ASSERTS HIS RIGHTS ARE BEING VIOLATED PURSUANT
TO U.S.C.A.1,4, 5, 6, & 14; ALSO; ILL. COURT OF 1970 ART. ONE § 2, 6, & 8 AND MORRISON
CUYLER V. SULLIVAN, 100 S. CT. 1708 (1980) AND KIMMELMAN V. MORRISON
106 S. CT. 1986 at 2574. BRADY V. MARYLAND, MAPP V. OHIO, AND STRICKLAND V.
WASHINGTON, 104 S. CT. 2052 (1984) AS YORKS INEFFECTIVENESS HAS REPEATEDLY UPSET
THE ADVERSARIAL BALANCE AS A DIRECT AND PROXIMATE RESULT OF YORKS REFUSAL TO ACT AT
AM, AND OR AT ANY CRITICAL STAGE OF THE JUDICIAL PROCEEDINGS NITZ DEMANDS THAT THIS
COURT WILL ORDER MANDAMUS RELIEF TO DIRECT THAT JUDGE BAKALIS APPOINT DIFFERENT
COUNSEL TO REPRESENT NITZ' CASE AND TO ADVOCATE NITZ' DEFENSE TO PROTECT NITZ RIGHTS
OR WOULD DISMISS THIS CASE WITH PREJUDICE FOR UNLAWFUL JUDICIAL USURPATION OF
POWER AND ABUSE OF DISCRETION.

31. FURTHERMORE, NITZ ATTEMPTED TO MOVE FOR SUBSTITUTION OF COUNSEL, SUBSTITUTION
OF JUDGES AND A CHANGE OF VENUE BY FILING A MOTION RECEIVED BY CIRCUIT CLERK
CHRIS KACHIROUBAS ON 3-4-08 AT 3:22 PM. NITZ MOTION AND MOTIONS TO RECONSIDER
AND NOTICE OF APPEAL WERE DENIED. THEN ON 4-17-08 OFFICER PERKINS #55 CAME TO THE
JAIL 6 MONTHS AFTER THE FACT TO TAKE SINGLE PRINT PALM OF NITZ AND 3 FULL SETS OF
"INKED" FINGERPRINTS OF NITZ AFTER NITZ WAS ALREADY INDICTED AND BEING REPRESENTED BY
MR. YORK ON CASE NO # 07-CF-2821. THEN ON APRIL 24th, 2008 NOTARY PUBLIC
CAROL I. CAPONIERO ALLOWED MARYJO DIAZ TO FORGE SIGNATURES OF JACQUELINE M. LACY
ON NOTICE OF MOTION IN #08-CF-1049 AND ANTHONY V. COCO' SIGNATURE ON NOTICE OF
MOTION ALSO DATED APRIL 24th, 2008 IN CASE NO# 08-CF-1051 TO TRANSFER BOTH CASES TO
COURTROOM# 4006 WITHOUT CONSULTING NITZ AT ALL. THEN ON 4-17-08 ATTORNEY IDENTIFIED
__ __ ILLINOIS ATTORNEY NUMBER # 100131" FILED DEMANDS FOR SPEEDY TRIAL IN CASE NO#
__ __ DUPAGE COUNTY PUBLIC DEFENDER WAS

13.

ALSO APPOINTED TO REPRESENT NITZ, THOUGH NITZ MADE NONE OF THE ABOVE REQUESTS
THE DUPAGE COUNTY PUBLIC DEFENDERS OFFICE HAS AGAIN INFRINGED NITZ RIGHTS IN A
SUMMARY AND ARBITRARY MANNER. NITZ FINDS IT ODD AND OFFENSIVE THAT THOUGH NITZ
PREVIOUSLY SOUGHT SUBSTITUTION OF COUNSEL AND SUBSTITUTION OF JUDGE THAT MR.
YORKS OFFICE IN LIGHT OF CLAIMS BY NITZ OF INEFFECTIVE ASSISTANCE OF COUNSEL AND A
CONFLICT OF INTERESTS AGAINST YORK AS WELL AS ABUSE OF DISCRETION, WOULD TAKE IT UPON
HERSELF OR HIMSELF TO IMPOSE UPON NITZ IN SUCH A MANNER AND TO ASSUME AND TO
FORGE THROUGH A TRAINED NOTARY PUBLIC SIGNATURES OF TWO DIFFERENT MEMBERS OF THE
PUBLIC DEFENDERS OFFICE TO INTENTIONALLY CAUSE CASES TO BE TRANSFERRED FROM ROOMS
#4010 AND #4014 TO #4006 AFTER NITZ HAD ALREADY REQUESTED SUBSTITUTION OF
JUDGE AND SUBSTITUTION OF COUNSEL PREVIOUSLY AND SPECIFICALLY REQUESTED AND THEN ALSO
REQUEST SLIP TO MR. MILLER THAT NITZ WANTED CASES TO REMAIN SEVERED AND THEN ALSO
REFUSED TO ALLOW NITZ TO RECEIVE AN ACTUAL COPY OF THE MOTIONS ATTACHED TO NOTICE
OF MOTIONS FOR THE EXPRESS PURPOSE OF PREVENTING NITZ FROM TIMELY OBJECTING TO
PREVENT THE PUBLIC DEFENDERS OFFICE FROM IMPOSING THEMSELVES AGAIN ON NITZ, TO OBSTRUCT
NITZ RIGHT TO HAVE A DIFFERENT JUDGE AND PROSECUTOR AND ATTORNEY FROM INTERPRETING
THE ISSUES NITZ HAS RAISED THE WAY THE LETTER OF THE LAW WAS ACTUALLY WRITTEN AND
PURSUANT TO ILL.S.CT.RULE 615 AND THE MANDAMUS STATUTES. NITZ ASSERTS THAT THE
ABOVE FACTS ARE PRECISELY WHY DIFFERENT COUNSEL SHOULD HAVE BEEN APPOINTED PURSUANT
TO NITZ PREVIOUS REQUESTS AND SHOULD BE COMPELLED NOW TO APPOINT OTHER COUNSEL FOR NITZ
FOR THE ABOVE STATED REASONS AS ORDERS ABOVE ARE VOID IN TOTO AND AB INITIO AS THIS
IS AFFECTING NITZ SUBSTANTIAL RIGHTS NITZ REQUESTS SUBSTITUTION OF COUNSEL AND JUDGE
ANEW PURSUANT TO 5/114-5 (a) AND (d) AND 5/114-6 (a) (b), (d), (e) AND 5/114-8 (a), AS IT
IS OBVIOUS FROM THE CHRONOLOGY OF EVENTS FAMILIAR FACT PATTERNS, DIRECT AND INDIRECT
EVIDENCE THAT THERE HAS BEEN A MEETING OF THE MINDS AND ONE CAN DEDUCE AND
CONCLUDE AND DRAW THE REASONABLE INFERENCE THAT A CONSPIRACY IS AFOOT WHICH IS
OBSTRUCTING THE DUE COURSE OF JUSTICE AND IS BEING FUELED BY VINDICTIVE AND RETALIATORY
MOTIVES AS WELL AS THE DESIRE OF SELF - PRESERVATION BY WHICH TO ATTEMPT TO ESCAPE LIABILITY
FOR THE ILLEGAL ACTIONS RESULTING FROM A TACIT AGREEMENT TO TAKE STEPS SUBSTANTIAL IN
FURTHERANCE OF THE CONSPIRACY.

32. NITZ ASSERTS THAT AS A RESULT OF THE PREJUDICIAL ACTS, OMISSIONS AND INFLAMMATORY
STATEMENTS MADE BY MR. YORK BEFORE JUDGE BURKE REGARDING CASE NO# 07-CF-2821 AND
ON 3-19-08, 3-21-08, 3-26-08 AND 3-27-08 IN BURKES COURTROOM # 4010 AND
BEFORE JUDGE BAKALIS ALSO REGARDING CASE NO# 07-CF-2821 ON 3-31-08 AND 4-21-08 IN
BAKALIS COURTROOM # 4006 THAT IT IS OBVIOUS NITZ AND MR. YORK ARE ADVERSARIES AND
MR. YORK MUST BE SUBSTITUTED BY DIFFERENT COUNSEL OUTSIDE OF THE DUPAGE COUNTY
PUBLIC DEFENDERS OFFICE DUE TO YORKS DIVIDED LOYALTIES. THE SERVING OF TWO MASTERS,
A CONFLICT OF INTERESTS WHICH HAVE ALLOWED & CAUSED PREJUDICE TO BE ADDUCED
TOWARD NITZ AND "BUT FOR" YORKS UNPROFESSIONAL ERRORS & JUDGMENTS, AS WELL AS
PREJUDICIAL ACTS AND OMISSIONS AND INFLAMMATORY COMMENTS THE OUTCOME OF THE ABOVE
PROCEEDINGS WOULD HAVE PRODUCED A DIFFERENT RESULT AS NITZ WOULD NOT HAVE BEEN
PREVENTED FROM HAVING DOCUMENTARY EVIDENCE OR ANY WITNESS TESTIMONY AVAILABLE TO
THE HEARINGS TO SUPPORT NITZ LEGAL POSITIONS REGARDING NITZ PRO SE ALLEGATIONS CONTAINED
IN THE MOTIONS AND THE AFFIDAVITS NITZ HAS FILED IN SUPPORT OF HIS VARIOUS FILINGS
THROUGHOUT THIS CASE AND MANDAMUS AS WELL AS DECLARATORY AND INJUNCTIVE RELIEF IS
THE PROPER REMEDY IN THIS ACTION TO FORCE ABOVE OFFICIALS TO PERFORM THEIR OFFICIAL OR JUDICIAL
ALSO, FIDUCIARY DUTIES AS NITZ IS CLEARLY ENTITLED TO HAVE REMEDY AND JUSTICE
BY BEING FULLY AND FAIRLY REPRESENTED BY EFFECTIVE COUNSEL TO HELP NITZ BE ASSURED THAT
THAT THE TRIER OF FACTS JUDGE BAKALIS WITH REMAIN UNBIASED, FAIR AND IMPARTIAL AND
SHOULD HAVE THE FACTS AS THEY OCCURRED PROPERLY PRESENTED TO A FULL AND FAIR HEARING
REGARDING NITZ STATEMENTS ABOVE. SEE; SKINNER, 32 ILL.APP.2d 187, 177 N.E.2d 1st (2nd DIST
.... 120B AT 1717-18, 446 U.S. 335 AT 340-41 (1980).

14.

33. MANDAMUS IS AN EXTRAORDINARY REMEDY PEOPLE EX REL. WALKER V. MCKOSKI, 195
ILL. 2d 393, 254 ILL. DEC. 729, 748 N.E. 2d 175 (2001), IT IS ALSO A SUMMARY AND
DRASTIC REMEDY, MACHNIS V. BOARD OF ELECTION COM'RS FOR CITY OF CHICAGO, 164
ILL. APP. 3d 763, 115 ILL. DEC. 745, 538 N.E. 2d 270 (1987) AND HIAWATHA COMM.
UNIT SCHOOL DIST. #426 OF DE KALB, BOONE, OGLE AND WINNEBAGO COUNTIES V.
SKINNER, 32 ILL. APP. 2d 187, 177 N.E. 2d 15 (2nd DIST. 1961). NITZ ASSERTS THAT HE IS
IN A PRECARIOUS AND VERY SERIOUS SITUATION WHICH CALLS FOR THE EXTRAORDINARY AND
DRASTIC REMEDY OF MANDAMUS ACTION! NITZ ASSERTS THAT HE HAS BEEN TRYING TO CHALLENGE THE
FACTUAL BASIS OF THE STATES CASE OF THEFT AND BURGLARY SINCE HIS ORIGINAL ARREST FOR THEFT
ONLY SINCE OCTOBER 22nd 2007 BY WHEATON P.d. NITZ WAS LATER INDICTED FOR BURGLARY
AND THEFT AND WAS NEVER GIVEN A COPY OF THE CHARGING INSTRUMENT ON 10-22-07
BUT WAS TOLD BY WHEATON P.d. THAT HE WAS BEING ARRESTED FOR A BUNCH OF WARRANTS
MAINLY THEFT, FAILURE TO APPEAR FOR A PUBLIC INTOXICATION TICKET NITZ RECEIVED BY PERKINS #55
AND FOR AN "I.d.o.c. BASED NO-BOND-DETAINER & HOLD" ISSUED BY I.d.o.c. FOR NITZ
FAILURE TO REPORT TO NITZ' PAROLE OFFICER IN CHICAGO FOR FOUR MONTHS. AS EXPLAINED BY NITZ
PREVIOUSLY NITZ' REQUESTS FOR COUNSEL WERE DENIED AT BOTH THE "WHEATON P.d. BY
DETECTIVES TED, ETC., AND OFFICERS CRAIG AND SHANKS, THEN ABOUT AN HOUR LATER, AT GLEN ELLYN
P.d., BY PERKINS #55 AND HARVEY #83", PERKINS AND HARVEY TOLD NITZ THAT NITZ' FINGER-
PRINTS WERE ALLEGEDLY LIFTED FROM THE CRIME SCENE ("ONLY 2 OF NITZ' PRINTS WERE ALLEGED
TO HAVE BEEN LIFTED OUT OF 27 OTHER POSSIBLE SUSPECTS") PERKINS AND HARVEY TOLD NITZ THAT
PRIOR TO POLICE ARRIVAL AT THE CRIME SCENE A CHURCH EMPLOYEE HAD CLOSED AND LOCKED THE
JEWELRY DISPLAY CASE THUS COMPROMISING THE CRIME SCENE AND TAINTING THE EVIDENCE, BASED
ON THE ABOVE FACTS ALONE NITZ HAS GROUNDS TO FILE A MOTION TO QUASH THE ARREST AND TO
SUPPRESS THE EVIDENCE. ALSO, NONE OF THE ALLEGEDLY STOLEN ITEMS WERE EVER RE-COVERED.
HARVEY #83 MADE A DEAL WITH NITZ IN EXCHANGE FOR INFORMATION WHICH NITZ ACTUALLY
PROVIDED, HARVEY GAVE NITZ HER PHONE # (630) 469-1187 AND TOLD NITZ IT WAS TOO LATE AT
NIGHT THEN TO DO ANYTHING FOR NITZ AND BECAUSE NITZ HAD A NO-BOND HOLD / WARRANT
FROM I.d.o.c. THAT NITZ WOULD GO TO THE COUNTY JAIL UNTIL SHE COULD ARRANGE FOR
"A DETECTIVE-TONY" TO GO SEE NITZ AT THE JAIL TO GET NITZ RELEASED ON AN INDIVIDUAL
PERSONAL RECOGNIZANCE BOND AS THE DEAL SHE ORIGINALLY MADE WITH NITZ IN EXCHANGE
FOR THE INFORMATION NITZ PROVIDED ABOUT MANY PERSONS WAS TO GET NITZ OUT OF JAIL ON
I-BOND SO NITZ COULD CONTINUE WORKING WITH POLICE TO ASSIST IN THE ARREST'S OF
DRUG-DEALERS, BURGLARS & THIEVES INCLUDING BUT NOT LIMITED TO, "STEVE & JOHN WIEMANN
BROTHERS AND NITZ' BROTHER LARRY F. NITZ, ETC." ... DETECTIVE TONY CAME TO THE JAIL THREE
("3") TIMES TWICE IN OCTOBER AND ONCE ON OR ABOUT NOVEMBER 2nd OR 3rd, 2007
ON TONY'S FIRST VISIT AT THE JAIL TONY WAS WITH ANOTHER PERSON AND NITZ AND TONY WENT OVER
THE INFORMATION THAT NITZ ORIGINALLY GAVE TO HARVEY #83 ON 10-22-07 AT GLEN ELLYN P.d.
TONY TOLD NITZ THAT NITZ WOULD BE OUT SOON, AS SOON AS HE SPOKE TO NITZ PAROLE OFFICERS
SUPERVISORS AT CHICAGO & AURORA I.d.o.c. PAROLE HEADQUARTERS. IT SHOULD BE NOTED THAT NITZ
WAS ON A PSYCHIATRIC SUICIDE WATCH ON TONY'S FIRST VISIT AND THAT DEPUTY VAN HOOSE
REMOVED NITZ FROM THAT SUICIDE WATCH CELL TO GO SPEAK TO TONY WITHOUT A DOCTORS ORDERS
VAN HOOSE, ALLOWED NITZ TO ACTUALLY ALSO LEAVE THE JAIL CONFINES WITHOUT, HAND CUFFS
SHACKLES, OR AN ARMED POLICE ESCORT." THIS SHOULD HAVE BEEN CAPTURED ON JAIL VIDEO-
TAPE ALSO. ON TONY'S SECOND OCTOBER VISIT IN THE JAIL, TONY ONLY SPOKE TO NITZ BRIEFLY IN
A JAIL BOOKING CHUTE TO GIVE NITZ HIS PRIVATE CELL PHONE # (630) 649-2375 AND TO
TELL NITZ THAT NITZ' BROTHER "LARRY NITZ AND STEVE WIEMANN HAD BEEN ARRESTED BY
WINFIELD P.d., FOR THEFT, RESIDENTIAL BURGLARY & PARAPHERNALIA ETC. AND THAT NITZ' BROTHER
LARRY WAS RELEASED AS HE WROTE A STATEMENT AGAINST WIEMANN AS PART OF THE DEAL NITZ MADE;
TONY ALSO TOLD NITZ THAT AS NITZ HAD DONE ("GOOD-WORK") AS PROMISSED THAT TONY SPOKE TO
I.d.o.c. OFFICIALS AND GOT NITZ' " I.d.o.c. NO-BOND DETAINER HOLD & WARRANT LIFTED "
BY STATES ATTORNEYS OFFICE & I.d.o.c. OFFICIALS; TONY ALSO TOLD NITZ THAT NITZ WAS GOING TO
HAVE TO REPORT DAILY TO I.d.o.c. OFFICE HOTLINE # 1-800-666-6744 THROUGH TONY OF POLICE
DIVISION THEN TONY TOLD NITZ HE HAD SPOKE TO PROSECUTORS OFFICE AND WAS WAITING FOR

15.

A CERTAIN EMPLOYEE OF THE DUPAGE COUNTY STATES ATTORNEYS OFFICE TO GET NITZ' I-BOND
APPROVED SO NITZ WOULD BE RELEASED. THEN, ON TONY'S THIRD VISIT WITH NITZ AT THE
JAIL ON NOVEMBER 2nd OR 3rd, 2007 "A SARGEANT CORRIGAN" ALLOWED NITZ IN
AGAIN LEAVE THE CONFINES OF THE DUPAGE COUNTY JAIL WITHOUT ARMED SHERIFF ESCORT OR
REQUIRING NITZ TO WEAR HANDCUFFS OR SHACKLES EITHER. TONY WHO WAS ALSO WITH
ANOTHER PERSON WAS ALSO HOLDING A COPY OF "A RELIEF FROM JUDGEMENT PETITION
NITZ HAD PREVIOUSLY FILED FROM THE DIXON CORRECTIONAL CENTER IN CASE NO#
05-CF-2101 FILED NOVEMBER 9th, 2006 UNDER 735 ILCS 5/2-1401 WITH CLERK
CHRIS KACHIROUBAS AND WITHDRAWN BY NITZ ON NOVEMBER 29th, 2006"... TONY READ
SOME PASSAGES OUT OF NITZ' PETITION ALOUD WHICH STATED AND ALLEGED THAT AGENT DON DARBY
OF THE "DUPAGE METROPOLITAN DRUG ENFORCEMENT GROUP (DU-MEG") AS WELL AS A GLENDALE
HEIGHTS POLICE OFFICER AND A.S.A. PROSECUTOR MICHAEL PAUL AND NITZ PUBLIC DEFENDER
ASST. MS. JEAN PANSIOS HAD KNOWINGLY PERJURED THEMSELVES. WITHELD WITNESS TESTIMONY
AND COERCED NITZ TO PLEAD GUILTY AND CONSPIRED TO OBSTRUCT JUSTICE. INTER ALIA"...
TONY UNWITTINGLY REVEALED TO NITZ THAT DARBY VERIFIED TO TONY THAT A BLACK FEMALE
DRUG DEALER KNOWN ONLY TO NITZ AS "CHI-CHI" THAT DARBY TOLD TONY HER REAL NAME WAS
"APRIL" AND THAT SHE ACTUALLY DELIVERED COCAINE TO AGENTS THROUGH NITZ' INTRODUCTION OF
IN 2005 CASE, THOUGH A.S.A. MICHAEL PAUL AND ASST. P.D. HAD PREVIOUSLY LIED TO
CAROL STREAM, ILLINOIS AT THE COVERED BRIDGES APARTMENT COMPLEX. APARTMENT NO# 1,
JUDGE DOYER AND NITZ ABOUT THESE FACTS AND TRICKED NITZ TO PLEAD GUILTY AS MR. PAUL
AND MRS. PANSIOS HAD TOLD NITZ ON THE COURT RECORD BEFORE JUDGE DOYER ON RECORD
DARBY DENIED NITZ HAD HELPED POLICE AND. PAUL AND PANSIOS LIED TOO. BASED ON THESE
IN CASE NO# 05-CF-2101 COURTROOM# 4000 THAT NITZ DID NOT DO. AS TONY AND
NEWLY PRESENTED FACTS AND NEWLY DISCOVERED EVIDENCE NITZ FILED A NEW "POST-CONVICTION
[PURSUANT TO 725 ILCS 5//122-1] AT JOG" WITH CLERK. ON APRIL 1st 2008 AS
THROUGH THIS INFORMATION NITZ COULD PROVE THAT THERE WAS KNOWING USE OF PERJURED
TESTIMONY BY MR. PAUL AND MRS. PANSIOS. WAS A CONSPIRACY TO OBSTRUCT JUSTICE
AND RETALITORY MOTIVES AFOOT BY ALL RELEVANT PARTIES AS WELL AS A REAL AND EXISTING
CONFLICT OF INTERESTS. DIVIDED LOYALTIES ETC. AS TONY TOLD NITZ THAT THE PROSECUTOR
TOLD HIM NOT TO WORK WITH NITZ AND "TO TAKE A PASS" AS NITZ MAY FILE ANOTHER
LAWSUIT AGAINST THEM TOO. NITZ TOLD TONY THAT HE COULD NOT LEGALLY RETALIATE
AGAINST NITZ JUST BECAUSE HE HAD PREVIOUSLY FILED HIS RELIEF FROM JUDGMENT
PETITION.... TONY SAID.. "WATCH ME", AND LEFT... AND NITZ ASSERTS THAT BASED
ON ALL OF THE ABOVE INFORMATION THAT MANDAMUS RELIEF MUST BE GRANTED AND
PURSUANT TO MR. YORK'S VIOLATION OF A.B.A. CODE OF PROFESSIONAL RESPONSIBILITY
"EC5-15 AND. DR5-105" AND COMMON LAW ETC. THAT DUE TO OBVIOUS OFFICIAL
MISCONDUCT AND JUDGE BAKALIS ABUSING HIS DISCRETIONARY POWER HAS UNLAWFULLY
USURPED HIS JUDICIAL POWER BY REFUSING TO APPOINT OTHER COUNSEL FOR NITZ ALSO
FAILING TO ADDRESS NITZ MOTIONS TO QUASH THE ARREST AND SUPPRESS EVIDENCE
ILLEGALLY OBTAINED IN LIGHT OF ALL OF THE FACTS ABOVE REQUIRES THE GRANT OF
MANDAMUS RELIEF BY THIS HONORABLE COURT TO PROTECT NITZ RIGHT TO THE PROVISIONS
CITED BY NITZ ABOVE.

34. GLENDALE HEIGHTS POLICE AND AGENT DON DARBY ALSO ARRESTED NITZ AND NITZ' CO-DEFENDANT
IN CASE NO# 05-CF-2101 CARLOS M. ORTIZ OF 357 W. WHITETAIL AV. ADDISON, IL 60101
TO ALSO WORK FOR" DU-MEG" AND ASSIGNED NITZ THE ALIAS IDENTITY "JASON SLATER" AND
ORTIZ THE ALIAS IDENTITY "ED COOK". PANSIOS OF THE DUPAGE COUNTY PUBLIC DEFENDERS
OFFICE AND "AGAIN" A.S.A. PROSECUTOR MR. MICHAEL PAUL. CONSPIRED TOGETHER TO OBSTRUCT THE
DUE COURSE OF JUSTICE AND FUELED BY RETALITORY MOTIVES. INEFFECTIVE ASSISTANCE OF COUNSEL. DIVIDED
LOYALTIES. CONFLICT OF INTERESTS. OFFICIAL MISCONDUCT. PROSECUTORIAL MISCONDUCT. AS WELL AS VINDICTIVE
AND MALICIOUS PROSECUTION HAS ALSO CORRUPTED THE INTEGRITY AND CONDUCT OF OTHER PERSONS
AND CONCEALS IN NITZ NEW CASE# 07-CF-2821 AND WILL MOST LIKELY AGAIN OCCUR IN BRAND NEW

16.

* SEVERAL INTERESTING DETAILS WHICH ALSO REVEALED TO NITZ THAT NITZ COUNSEL ASST. ASA.
MR. JEFFREY A. YORK IS INEFFECTIVE, AS PERKINS #55 SUGGESTED TO NITZ THAT MR. YORK WAS
AT THE DUPAGE COUNTY JAIL 1st. FLOOR OFFICE AT PRISONER BOOKING AREA THAT MR. YORK AND
THE ACTUAL PERSON WHO CAUSED PERKINS #55 TO TAKE NITZ "INKED" FINGER PRINTS AND
THE SINGLE PHOTOGRAPH OF NITZ AND BECAUSE THOSE ACTIONS ARE "MANIFESTLY ERRENOUS"
AND IMPERMISSIVELY SUGGESTIVE SO AS TO ALLOW TAINTED AS WELL AS COMPROMISED EVIDENCE
TO BE USED TO IDENTIFY NITZ PRIOR TO NITZ BEING ALLOWED TO VIEW THE EVIDENCE
OF ALLEGED "FINGER PRINTS" IN CASE NO # 07-CF-2821 OR TO HAVE AN EXPERT FORENSIC WITNESS
OF FINGER PRINTS DO SCIENTIFIC TESTING OF AN ADMITTEDLY COMPROMISED AND TAINTED CRIME
SCENE IS IMPERMISSIVELY SUGGESTIVE AS FOR THE SIX MONTHS PRIOR TO 4-17-08 FROM 10-22-07
TO BE EXACT NITZ HAS TRIED TO COMPEL YORK THROUGH JUDGE BAKALIS, MR. PAUL AND MR.
O'CONNOR TO ALLOW NITZ TO VIEW AND TEST THE EVIDENCE THROUGH AN EXPERT WITNESS AND ONLY TO
HAVE THOSE REASONABLE REQUESTS OBSTRUCTED AND THWARTED IS INDICATIVE OF PROBABILITY
THAT NITZ RIGHT TO REVIEW AND TEST DISCOVERY MATERIAL PRIOR TO 4-17-08 SHOULD
COMPEL THIS COURT TO DEDUCE AND CONCLUDE FROM REASONABLE INFERENCE THAT IN LIGHT OF THE
CHRONOLOGY OF EVENTS. FAMILIAR FACT PATTERNS AS WELL AS DIRECT AND INDIRECT EVIDENCE THAT
THERE HAS BEEN A MEETING OF THE MINDS AND TAINTED EVIDENCE IS UNDULY SUGGESTIVE AND
MUST BE SUPPRESSED AND ARREST QUASHED FOR WHEATON P.D. AND GLEN ELLYN P.D. DETECTIVE
POE AND PERKINS #55 AND HARVEY #83 NON - COMPLIANCE 725 ILCS 5/103-1, 103-2,
(b) AND (C). 103-2.1 (a) (i), (a) (ii) (C), (d), AND 5/103-3 (a) AND (b), 103-4 AND OR AS POLICE &
THE PROSECUTION FAILED TO COMPLY WITH: 725 ILCS 5/103-5, 5/107-4, 107-6, 107-8,
107-9, 107-10, 5/109-3 AND 5/109-3.1, 5/112-1 et seq, 112-1, 112-2 AND 112-4,
112-5, 112-8, 5/114-2 AND 114-9, 10, 11 OR 12, AS WELL AS THE PROSECUTION AND POLICE &
MR. YORKS AND BAKALIS FAILURE TO ENFORCE PROSECUTION AND YORK'S FAILURE TO COMPLY WITH
ABOVE PROVISIONS OR WITH ILLINOIS SUPREME COURT RULE 412 OR 615 (a), AND OR
725 ILCS 5/114-1, 5/114-4 OR 5/114-13 IN VIOLATION OF MIRANDA V. ARIZONA,
ESCOBEDO V. ILLINOIS, MAPP V. OHIO, BRADY V. MARYLAND, CUYLER V. SULLIVAN, STRICKLAND V.
WASHINGTON, U.S.C.A. CONST. AMENDS. 1, 4, 5, 6, 8 AND 14 OR; ILLINOIS CONSTITUTION
OF 1970 At ART, ONE § 1, 2, 4, 5, 6, 7, 8, 9, 10, 12 AND 13 THE OUTCOME OF THE PROCEEDINGS
WILL BE MANIFESTLY ERRONEOUS AND CONTRARY TO PEOPLE V. CONNOR, APP. 1st DIST. 1978.
15 ILL. DEC. 338, 57 ILL. APP. 3d 607, 373 N.E. 2d 684 CERTIORARI DENIED 99 S. Ct. 617,
439 U.S. 1005, 58 L.Ed. 2d 681. AND PEOPLE V. WHITE, 131 ILL. DEC. 746, 508 N.E. 2d 1220,
241 ILL. APP. 3d 291 AS EVIDENCE IS UNRELIABLE TOO.

35. FOR THE ABOVE STATED REASONS NITZ WOULD LIKE THIS HONORABLE COURT TO ENTER
DECLARATORY RELIEF IN THE ABOVE MATTER TO SET FORTH WITH CLARITY WHAT THE STATUTES CITED
ABOVE AND STATUTES, ILL. S. Ct. RULES AND CONSTITUTIONAL PROVISIONS AND STATE AND
FEDERAL CASELAW DICTATE NITZ RIGHTS ACTUALLY ARE PURSUANT TO THAT LAW. NITZ ALSO
REQUESTS INJUNCTIVE RELIEF TO STOP THE ABOVE PERSONS FROM CONTINUING TO VIOLATE NITZ
STATE AND FEDERAL CONSTITUTIONAL RIGHTS AND PROTECTED LIBERTY INTERESTS AND FOR
AN ORDER OF MANDAMUS WOULD BE MADE TO COMPEL ABOVE OFFICERS TO PERFORM THE
MINISTERIAL DUTIES THE ABOVE CITED PROVISIONS ENTITLE BY RIGHT NITZ TO ACTUALLY
RECIEVE PURSUANT TO 735 ILCS 5/114-101 et seq AND ILL. CONST. OF 1970 At
ART. VI., § 9 AND THE PRIVILEDGES AND IMMUNITIES CLAUSES OF U.S.C.A. CONST. AMENDS.
14 AND ARTICLE IV., § 2 CLAUSE ONE.

PRAYER FOR RELIEF

36. WHEREFORE: THE PETITIONER PRAYS THAT THIS HONORABLE COURT WILL GRANT THE ABOVE
REQUESTED RELIEF AND WILL ALLOW NITZ TO PROCEED INFORMA PAUPERIES PURSUANT TO
ILL. S. Ct. RULE 298 AS HE DOES NOT HAVE FUNDS TO PAY THE COST OF THESE PROCEEDINGS.
_____ THAT THE CLERK WILL PREPARE FOR THE SERVICE OF SUMMONS TO BE SERVED
_____ YORK PERKINS & HARVEY....

37. Nitz would like this Honorable Court Declare that Nitz rights as promulgated in the above 36 paragraphs has been clearly established by state and federal constitution, state and federal statutory provisions, the Illinois Supreme Court Rules and state and federal caselaw cited above.

38. Nitz has the right to have his constitutional rights and protected liberty interests and to order those persons so named above to be compelled to conduct themselves in a manner consistent to that clearly established law in accordance with stare decisis doctrine and principles of fundamental fairness consistent with; " due process and equal protection of the laws; freedom of speech, the right to assemble and petition for a redress of grievances; to protection against unreasonable searches and seizures and privacy interceptions; to fair notice by valid indictment and to a preliminary hearing, to rights after indictment; bail & habeas corpus. Against self incrimination; the right to remedy and justice and to equal privileges and immunities under these entitlements.

39. Nitz asserts that the actions of the above persons have infringed and violated his constitutional rights to the provisions cited above and because Nitz rights cited above have been defined as inherent and inalienable rights Nitz asserts that the ineffective assistance of Nitz' attorney Mr. Jeffrey A. York of the DuPage County public defenders office is infective Nitz' ability to receive the full protection of his above cited rights and protected liberty interests promulgated by CUYLER V. SULLIVAN, 100 S.Ct. 1708 (1980) and STRICKLAND V. WASHINGTON 104 S.Ct. 2052 (1984) as well as MAPP V. OHIO, and BRADY V. MARYLAND, and TOWNSEND V. SAIN, 83 S.Ct. 745 (1963) and KIMMELMAN V. MORRISON, 106 S.Ct. 2574 (1986); and PEOPLE V. JIMERSON, 209 Ill. Dec. 738, 652 N.E. 2d 278 (Ill. 1995). Also because Nitz to receive a full or full hearing on all of the above issues has been obstructed due to Judge Bakalis abuse of discretion and failing to appoint conflict free counsel Nitz right to review discovery and to timely have evidence subjected to scientific testing by a qualified expert or experts pursuant to 725 ILCS. 5/114-13 and Ill.S.Ct. Rules 412 and 415(a) in a timely fashion Nitz right to review and to timely challenge tainted, compromised and impermissive suggestive, inadmissible evidence prior to 4-17-08 by Perkins #55. York, O'Connor and Judges failure to act within confines of the law cited in the above 39 paragraphs has subjected one who is actually innocent to be exposed to risk of a miscarriage of justice resulting from an unlawful judicial usurpation of power which has infringed on Nitz rights to procedural and substantive due process to have effective assistance of counsel for his defense and equal protection of the laws above cited. Nitz requests that the illegal action of the notary public Carol L. Caponigro and Marysol Diaz and the individual known only as "MT" on attached exhibits was an intentional and illegal act of the DuPage County public defenders office and another substantial step in furtherance of the conspiracy to obstruct justice where pursuant to a meeting of the minds of the above named persons as well as their agents and co-workers have engaged in a tacit agreement to impede, thwart, hinder, obstruct and delay the judicial proceedings and meaningful access to the courts; to prevent Nitz from receiving benefit of opportunity to develop facts on the record through counsel outside the DuPage County public defenders office before an unbiased, fair and impartial factfinder and because Mr. York, prosecutors O'Connor and Michael Baar and Judge Bakalis, written act, verbals, deviltres and others as well as the DuPage County public defenders office have obstructed justice fueled by retaliatory motives have



# OFFICE OF THE SHERIFF
## COUNTY OF DUPAGE

**JOHN E. ZARUBA**
SHERIFF

501 N. COUNTY FARM ROAD
WHEATON, ILLINOIS 60187
ADMINISTRATION (630) 682-7269
CIVIL DIVISION (630) 682-7250

TO      :  Inmate Herman Nitz 2X-6

FROM :  Deputy Martin C. Manion Special Services Manager

DATE :  12 June, 2008

**RE      :  Grievance**

In response to your submitted grievance regarding filing a civil law suit. Be advised that per Sgt. Malone, the DuPage County Civil Division refused to file your suit due to cover letter on civil suit did not match case number. There were two different case numbers. You must contact Civil Division in order to clear up this matter. Sgt. Malone stated that she explained this matter to you previously.

Copy:
Chief Wulff
Grievance File
Inmate File
File