# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

HERMAN L. NITZ, )
)
    Plaintiff, )
) No. 08 C 334
    v. )
) The Honorable William J. Hibbler
JAMES CRAIG, K. SHANKS, CITY OF )
WHEATON, IL, ANTHONY TERRANOVA, )
DEPUTY MARY WESTER, and UNKNOWN )
DUPAGE COUNTY JAIL DENTIST, )
)
    Defendants. )

## MEMORANDUM OPINION AND ORDER

On October 10, 2008, Plaintiff Herman Nitz filed his Third Amended Complaint. In Count VII of his complaint, he alleges that Defendant Anthony Terranova, a Glen Ellyn police officer, retaliated against him for filing a petition for relief from a state court criminal judgment. He claims that Terranova's retaliation included: (1) backing out of an agreement to arrange for Nitz's release from jail in exchange for Nitz's cooperation as a police informant; (2) threatening Nitz; and (3) disclosing to other inmates that Nitz had provided information about their criminal activity, thereby subjecting Nitz to violence at the hands of those inmates. Nitz asserts that in committing these acts Terranova violated 42 U.S.C. § 1983, which prohibits the deprivation of federal rights under color of law. Terranova now moves for dismissal of Count VII of the complaint. For the reasons set forth below, the Court denies Terranova's motion.

### BACKGROUND

Nitz alleges the following relevant facts, which the Court must accept as true for the purpose of addressing this motion. *Disability Rights Wisc., Inc. v. Walworth County Bd. Of*

1

*Supervisors*, 522 F.3d 796, 799 (7th Cir. 2008). The incidents which form the basis of the complaint began in Wheaton, Illinois on October 22, 2007, when Wheaton police chased, arrested, and transported Nitz to the Wheaton police station. After about an hour there, Glen Ellyn police took Nitz to the Glen Ellyn police station. Officer John Perkins and Sergeant Jean Harvey then questioned him about alleged criminal activity. Based on Harvey's representations that she would obtain a personal recognizance bond and probation or work release for Nitz, he disclosed the names, locations, and identities of a number of criminals in the area. This information led directly to the arrests of these individuals several days thereafter. Harvey thanked Nitz and told him that a detective named Tony would later help him finalize the details of the deal she had promised him. Nitz was later transferred to the DuPage County Jail.

While in jail, Detective Anthony Terranova came to see Nitz on three occasions. During his first two visits, Terranova gave Nitz his cell phone number and took him out of the jail without handcuffs, telling him he could be released from jail to report to police as an informant. On his third visit, however, Terranova was very upset with Nitz. He said he had learned that Nitz made allegations against a friend of Terranova in a petition for relief from judgment Nitz filed in an unrelated state criminal matter. Terranova threatened to make Nitz's life a "living hell" and has since refused to speak with Nitz, who remains in jail.

Terranova then spread the word of Nitz's work as a police informant to some of the criminals about whom Nitz had provided information. Soon after Terranova threatened Nitz, one of these criminals was moved to a pod in the jail immediately next to Nitz's. He began to tell other inmates that Nitz had "snitched" on him and others. As a result, Nitz has been the subject of repeated beatings by his fellow inmates.

## DISCUSSION

Terranova moves to dismiss Nitz's complaint on three separate grounds. First, he argues that Nitz has failed to allege that Terranova deprived him of any federal right, as required by Section 1983. Second, he argues that even if Nitz was deprived of some right, Nitz fails to allege Terranova's personal involvement in any such deprivation. Finally, Terranova argues that the Court should dismiss this case because Nitz raises the same issues in a pending state action.

Motions to dismiss test the sufficiency, not the merits, of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a motion to dismiss under federal notice pleading, a plaintiff must "provide the grounds of his entitlement to relief" by alleging "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (internal quotation marks, brackets, and citation omitted). Specific facts are not necessary. *Erickson v. Pardus*, 551 U.S. 89, ----, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007). Moreover, a plaintiff need not plead legal theories. *Vidimos, Inc. v. Laser Lab, Ltd.*, 99 F.3d 217, 222 (7th Cir. 1996). In fact, the fact that a plaintiff misconceived the legal theory of the case does not preclude recovery under another theory. *Janke Constr. Co., Inc. v. Vulcan Materials Co.*, 527 F.2d 772, 777 (7th Cir. 1976). Thus, "[w]hile it may impose a heavy burden on the trial court to require it to search a complaint for any claim which may be stated therein, it is a burden which must be undertaken." *Rohler v. TRW, Inc.*, 576 F.2d 1260, 1264 (7th Cir. 1978). In doing so, the Court construes the complaint liberally, treating well-pleaded allegations as true, and drawing all reasonable inferences in the plaintiff's favor. *Disability Rights Wisc.*, 522 F.3d at 799.

## I. Pending state action

The Court first addresses Terranova's argument regarding the matter pending in state court. At the end of his motion to dismiss, Terranova briefly mentions that Nitz has a claim pending in Illinois state court alleging the same facts and claims against Terranova and requests that this claim be dismissed on "principles of issue preclusion and judicial economy." This sort of cursory argument will not prevail on a motion to dismiss. Terranova has not provided the Court with sufficient information regarding the state court matter, or sufficient reason for why this Court should decline to hear a case that is within its jurisdiction. Despite the fact that Nitz pointed out the deficiencies in Terranova's argument, Terranova failed to include anything on this issue in his reply brief. The Court denies Terranova's motion to dismiss on this ground.

## II. Deprivation of a federal right

In order to state a claim under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution or the laws of the United States. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988); 42 U.S.C. § 1983. Terranova's primary argument is that Nitz failed to do so. Terranova argues that Nitz had no right to speak to Terranova, no right to have Terranova arrange for his release, and no right protecting him from Terranova's alleged threat to make his life a living hell.

In response, Nitz relies on his allegation that Terranova's actions were retaliation against Nitz for filing a petition for relief from judgment in state court. Nitz argues that he had a constitutional right to file that petition. However, he cites no case law or constitutional provision for support of this assertion. If this were the only right at stake, it seems Nitz's complaint would fail.

4

However, given the allegations set forth in the complaint, the Court notes that there are other federal rights potentially at stake here. If Terranova spread word of Nitz's cooperation with law enforcement with the intent of exposing Nitz to violence at the hands of his fellow prisoners, or the knowledge that he might be doing so, he may have violated Nitz's rights under the Eighth and Fourteenth Amendments.

For example, plaintiffs may state a claim under Section 1983 for the deprivation of their Fourteenth Amendment due process rights if they allege "state action that creates, or substantially contributes to the creation of, a danger or renders citizens more vulnerable to a danger tha[n] they otherwise would have been." *Reed v. Gardner*, 986 F.2d 1122, 1126 (7th Cir. 1993) (typographical error corrected) (citing *Ross v. U.S.*, 910 F.2d 1422 (7th Cir. 1990). Thus, police officers "may be subject to suit under section 1983 if they knowingly and affirmatively create a dangerous situation for the public and fail to take reasonable preventative steps to diffuse that danger." *Id.* at 1127. Here, Nitz alleges that Terranova intentionally created a dangerous situation for Nitz by telling inmates at the DuPage County Jail that Nitz was a police informant and subsequently ignoring Nitz entirely. These are sufficient allegations to support a cause of action under the theory described in *Reed*.

In addition, "[w]hen a correctional officer or prison official *intentionally* exposes a prisoner to a known risk of violence at the hands of another prisoner, he breaches the duty imposed upon him [by the Eighth and Fourteenth Amendments] and deprives the victim of the security to which he is constitutionally entitled, and thus subjects himself to suit under 42 U.S.C. § 1983." *Goka v. Bobbitt*, 862 F.2d 646, 649-50 (7th Cir. 1988) (emphasis in original). While Terranova is not a correctional officer or prison official, he was in an analogous position as far as his role as an agent of the state, as well as his ability to expose the prisoner to violence at the

5

hands of other prisoners. Nitz therefore made sufficient allegations to support a cause of action under this theory as well.

Nitz did not state either of these legal theories in his complaint. In his response to the motion to dismiss he only set forth an argument regarding his purported constitutional right to file a petition for relief from judgment. Thus, he may have even misconceived the legal theory of his case. However, as noted above, Nitz need not state legal theories in his complaint. *Vidimos*, 99 F.3d at 222. Nitz met his burden when he set forth a plain statement of facts in his complaint that supports at least two legal theories for how he was deprived of his federal rights. Thus, the Court rejects Terranova's argument that Nitz has failed to allege such a deprivation.

## III. Terranova's personal involvement

Finally, Terranova cites *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995), for the proposition that "a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right" under Section 1983. Terranova argues that Nitz failed to allege that Terranova was personally involved in a deprivation of Nitz's federal rights. The plaintiff in *Gentry*, a prisoner, complained that he was deprived of access to the materials he needed to file a brief in court. *Id.* at 557. Despite the fact that the defendant was the prison superintendent, and had not personally refused to give plaintiff those materials, however, the court denied the defendant's motion for summary judgment on this issue because the defendant had a policy of at least "turning a blind eye" to the denial of such materials to prisoners. *Id.* at 561 (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988)) (internal brackets omitted). The court held that a plaintiff satisfies the personal responsibility requirement of Section 1983 if he alleges "some causal connection or affirmative link between the action complained about and the official sued." *Id.* Terranova may not have beaten Nitz himself, but

Nitz does allege that Terranova intentionally created a dangerous situation by disclosing to Nitz's fellow inmates that he had provided the police with information. Thus, he has alleged a causal connection between Terranova and the violence towards Nitz. These allegations suffice to survive a motion to dismiss on the pleadings.

## CONCLUSION

For the above reasons, Defendant Terranova's motion to dismiss is DENIED.

IT IS SO ORDERED.

_7/24/09_
Dated

Hon. William J. Hibbler
United States District Court