UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **HERMAN L. NITZ, JR. (#N-08438),** | )<br>) |
| **Plaintiff,** | )<br>) |
| | ) No. 08 C 0334 |
| v. | )<br>) Hon. William J. Hibbler |
| **JOHN DOE, et al.,** | )<br>) |
| **Defendants.** | )<br>) |

## MEMORANDUM OPINION AND ORDER

The plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff contends (among other claims not at issue in the scope of this motion), that the defendant, a Glen Ellyn police detective, retaliated against the plaintiff for statements he had made to the trial court in a filing in state criminal proceedings. This matter is before the court for ruling on the defendant's motion for summary judgment. For the reasons stated in this order, the motion is granted.

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Vision Church v. Village of Long Grove*, 468 F.3d 975, 988 (7th Cir. 2006). In determining whether factual issues exist, the court must view all the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Weber v. Universities Research Assoc., Inc.*, 621 F.3d 589, 592 (7th Cir. 2010). The court does not "judge the credibility of the witnesses, evaluate the weight of the evidence, or determine the

truth of the matter. The only question is whether there is a genuine issue of fact." *Gonzalez v. City of Elgin*, 578 F.3d 526, 529 (7th Cir. 2009), *citing Anderson v. Liberty Lobby*, 477 U.S. 242, 249-50 (1986).

However, Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Sarver v. Experian Information Solutions*, 390 F.3d 969, 970 (7th Cir. 2004) (citations omitted). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Egonmwan v. Cook County Sheriff's Dept.*, 602 F.3d 845, 849 (7th Cir. 2010), *quoting Faas v. Sears, Roebuck & Co.*, 532 F.3d 633, 640-41 (7th Cir. 2008).

## **UNDISPUTED MATERIAL FACTS**

Defendant Terranova filed a statement of uncontested material facts pursuant to Local Rule 56.1 (N.D. Ill.). Together with his motion for summary judgment, the defendant included a "Notice to Pro Se Litigant Opposing Motion for Summary Judgment" [document no. 135], as required by circuit precedent. That notice clearly explained the requirements of the Local Rules and warned the plaintiff that a party's failure to controvert the facts as set forth in the moving party's statement results in those facts being deemed admitted. *See, e.g., Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). The notice specifically provides:

Local Rule 56.1(b) requires a party opposing a motion for summary judgment to file:

> (3) a concise response to the movant's statement that shall contain
>
> (A) a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon, and
>
> (B) a statement, consisting of short numbered paragraphs, of any additional facts that require denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon.

L.R. 56.1(b).

The district court may require strict compliance with Local Rule 56.1. *See Ammons v. Aramark Uniform Serv., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004); *Bordelon v. Chicago School Reform Board of Trustees*, 233 F.3d 524, 527 (7th Cir 2000) (strict compliance with the local rules governing summary judgment is upheld given the importance of local rules that structure the summary judgment process). Although *pro se* plaintiffs are entitled to lenient standards, compliance with procedural rules is required. *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006); *see also Koszola v. Bd. of Educ. of the City of Chicago*, 385 F.3d 1104, 1108 (7th Cir. 2004). "We have ... repeatedly held that a district court is entitled to expect strict compliance with [Local] Rule 56.1." *Cichon v. Exelon Generation Co., L.L.C.*, 401 F.3d 803, 809 (7th Cir. 2005).

Despite these admonitions, the plaintiff has not responded to the defendant's statement of uncontested facts in the manner required. Instead, he has simply filed a cross-motion for summary judgment accompanied by some 177 pages of affidavits and random exhibits. The plaintiff does not cite any authority for any of the factual propositions he makes.

The court has no obligation to examine the plaintiff's voluminous exhibits. A district court is not required to "wade through improper denials and legal argument in search of a genuinely

disputed fact." *Bordelon v. Chicago School Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000). The court need not "scour the record to make the case of a party who does nothing." *Greer v. McCurry*, No. 02 C 4326, 2003 WL 21826549, *6 (N.D. Ill. Aug. 5, 2003) (Zagel, J.). And a mere disagreement with the movant's asserted facts is inadequate if made without reference to specific supporting material. *Edward E. Gillen Co. v. City of Lake Forest*, 3 F.3d 192, 196 (7th Cir. 1993).

Unsupported statements in a brief are not evidence and cannot be given any weight. *See, e.g., Walker v. Dart*, No. 09 C 1752, 2010 WL 3307079, *11 (N.D. Ill. Aug. 19, 2010) (Holderman, J.); *Topi v. Mukasey*, 264 Fed. Appx. 504, 506 (7th Cir. 2008). "[A] plaintiff cannot defeat summary judgment by submitting a self-serving affidavit that contains the bald assertion of the general truth of a particular matter." *Fanslow v. Chicago Mfg. Center, Inc.*, 384 F.3d 469, 483 (7th Cir. 2004) (citations omitted). "Rather, the affidavit must cite specific concrete facts establishing the existence of the truth of the matter asserted." *Ibid.* "Summary judgment is the 'put up or shut up' moment in a lawsuit. Once a party has made a properly-supported motion for summary judgment, the opposing party may not simply rest upon the pleadings but must instead submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Harney v. Speedway SuperAmerica, LLC*, 526 F.3d 1099, 1104 (7th Cir. 2008) (citations omitted).

The plaintiff is additionally advised, for future reference, that he must obtain leave of court to file a surreply brief. The court's briefing schedule, *see* Minute Entry of July 8, 2010, provided for a response and a reply brief. The plaintiff neither sought nor was granted leave to file a response (document no. 147) to the defendant's reply brief.

Because the plaintiff is proceeding *pro se*, the court has granted him some leeway and considered the factual assertions he makes in his summary judgment materials. However, the court will entertain the plaintiff's factual statements only to the extent that he could properly testify about the matters asserted. Among other things, a witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Fed. R. Evid. 602.

The following facts relevant to the plaintiff's claims against defendant Terranova are uncontested for purposes of this motion:

The plaintiff, Herman Nitz, currently a state prisoner, was a free citizen at the time of the events giving rise to this action. (Third Amended Complaint, ¶ 3; Change-of-Address Notice, document no. 68.) The defendant, Anthony Terranova, is and was, at all times relevant to this suit, a police detective employed by the Village of Glen Ellyn. (Third Amended Complaint, ¶ 6.)

On October 22, 2007, the plaintiff was arrested by Wheaton, Illinois, police officers. (Defendant' Exhibit B, Deposition of Herman Nitz, p. 115.) [The arresting officers are defendants in this lawsuit, but the plaintiff's claims against them are not germane to defendant Terranova's motion for summary judgment.] The plaintiff was taken to the DuPage County Jail, where he was held on an outstanding Illinois Department of Corrections warrant stemming from a reported parole violation. (*Id.*, p. 148.)

Shortly after he was arrested, the plaintiff was transported to the Glen Ellyn Police Station. (*Id.*, pp. 115-16.) At the station, the plaintiff was questioned by an Officer Jean Harvey [who is not a defendant to this lawsuit]. (*Id.*, pp. 118.)

During the meeting, the plaintiff indicated that he was a seasoned police informant and offered to give Harvey information about other crimes. (*Id.*, pp. 119-121, 131, 137.) The plaintiff had acted as a police informant on multiple prior occasions. (Id., pp. 132, 135, 137.) Accordingly, Harvey asked defendant Terranova to speak to the plaintiff about serving as an informant for the Glen Ellyn Police Department. (Defendant's Exhibit C, Deposition of Anthony Terranova, p. 26.)

On or about November 3, 2007, Officer Terranova went to the DuPage County Jail to speak to the plaintiff. (Plaintiff's Dep., p. 141; Deft's Dep., pp. 34, 40.) The plaintiff furnished Terranova with information about drug dealers in both Cook and DuPage Counties. (Plaintiff's Dep., 145-46.) In return, Terranova promised that he would try and arrange for the plaintiff's "no bond" to be lifted, but noted that it would be difficult to do so. (*Id.*, pp. 146-47.) Terranova also told the plaintiff that he would have to verify the information the plaintiff had provided. (Deft's Dep., p. 39.) Terranova further cautioned that he needed to get permission from the State's Attorney to use the plaintiff as an informant, and to speak with IDOC parole about releasing the plaintiff on bond. (Plaintiff's Dep., p. 151; Deft's Dep., p. 39.)

After the meeting, Terranova successfully maneuvered for the Illinois Department of Corrections to lift the plaintiff's parole hold so that Terranova could use him as an informant. (Deft's Dep., p. 46.)

Terranova then approached Assistant State's Attorney Paul Marchese, the Supervisor of that office's Narcotics Unit. (*Id.*, p. 47.) According to Terranova, Marchese told him that the plaintiff was not credible and could not be used as an informant.[1] (*Id.*, p. 51; Plaintiff's Dep., p. 152.)

---

[1] The court recognizes that the remarks attributed to Marchese could be considered hearsay. However, the court includes the conversation only for context, not as evidence to prove
(continued...)

Marchese purportedly based his decision on a petition for relief from judgment the plaintiff had filed in connection with a prior criminal case. (Deft's Dep., p. 51.) In that petition, the plaintiff claimed that the police officers who interrogated him had coerced into giving a confession. (*Ibid.*) Because Marchese thought that the document "contained a lot of false information," he refused to sanction using the plaintiff as an informant. (*Ibid.*; *see also* ; Defendant's Exhibit E, "Narcotics Unit Potential Informant Internal Screening Form.") Marchese circled "DENIED" on the informant screening form and signed the document. (Exhibit E.)

Therefore, at Terranova's next meeting with the plaintiff, the detective informed him that the police department would not be able to use him as an informant. (Plaintiff's Dep., p. 152; Deft's Dep., pp. 53, 64.) During the encounter, Terranova produced the petition for relief from judgment the plaintiff had filed. (Plaintiff's Dep., p. 151; Deft's Dep., p. 54.) Terranova also told the plaintiff that he would have to call the IDOC back and have the parole hold reinstated. (Deft's Dep., p. 53.) The parole hold was reinstated because Terranova was unable to use the plaintiff as an informant. (*Ibid.*)

"Almost immediately" after the meeting took place, one of the individuals identified by the plaintiff during his disclosure session with Terranova was arrested and moved to a pod in the jail next to the plaintiff's. (Plaintiff's Dep., pp. 123, 125, 139; Third Amended Complaint, ¶ 32.) The inmate, Steve Weinan or Wieman (the spelling varies in the record), complained to the other

---

[1](...continued)
the truth of the underlying matters asserted. *See* Fed. R. Evid. 801(c). The court has no occasion to consider either whether the plaintiff was a credible informant or whether he made misstatements in his petition for relief from judgment. All that matters is that the State's Attorney had to give his approval for Terranova to use the plaintiff as a confidential informant, and that Marchese would not do so.

detainees that the plaintiff was a "snitch." (Plaintiff's Dep., p. 139.) The plaintiff declares that Weinan had in his possession a parole violation report reflecting that the plaintiff and his brother had provided information leading to the plaintiff's arrest. (*Id.*, pp. 139, 189.) Steve Weinan's brother John was also a police informant. (Deft's Dep., pp. 75-78.)

On November 9, 2007, two fellow detainees punched the plaintiff "a couple of times" in the stomach and face. (Plaintiff's Dep., p. 137-38.) The inmates attacked the plaintiff for being a "trick," i.e., a "stool pigeon." (*Id.*, p. 140, 188.) Although the plaintiff asserts that he complained to jail officials about the assault, there are no incident reports or grievances reflecting that such an incident occurred. (Defendant's Exhibit D, Plaintiff's Inmate File.) The plaintiff did not seek medical attention for his injuries. (Plaintiff's Dep., p. 138.) The plaintiff was in no other fights while housed at the DuPage County Jail. (*Id.*, p. 141.)

The plaintiff believes that Terranova furnished Weinan or another inmate with the parole violation report identifying the plaintiff as an informant. (Plaintiff's Dep., p. 140.) However, the plaintiff has no evidence to support his suspicion that Terranova did so, nor any evidence that he directed the inmates to punch the plaintiff. (*Id.*, pp. 177-78, 189.) The plaintiff never saw Terranova speak to either Taglia or Edens. (*Id.*, p. 189.) The plaintiff's only basis for connecting Terranova to the inmates' actions is that the parole report "was exactly what [he] had told [Terranova]." (*Ibid.*)

Terranova testifies that he never spoke to either of the alleged assailants, (Deft's Dep., p. 94.), and that he never provided information about the plaintiff to the Weinan brothers or any other jail detainees. (*Ibid.*) Terranova was unaware of the alleged attack on the plaintiff prior to the initiation of this lawsuit. (*Id.*, p. 93.) Terranova did not even know of the existence of the

8

plaintiff's alleged assailants until after the lawsuit was filed and he reviewed the plaintiff's deposition testimony. (*Ibid.*)

## DISPUTED, NON-OUTCOME-DETERMINATIVE FACTS

The parties disagree as to the substance of Terranova's final conversation with the plaintiff. In his Third Amended Complaint, the plaintiff maintains that Terranova was angry during their final meeting because the plaintiff had made allegations against Terranova's "friends" on the police force. (Third Amended Complaint, ¶ 30.) The plaintiff also contends that Terranova threatened to make the plaintiff's life "a living hell." (*Ibid.*) Terranova denies that he ever threatened–or followed through on any threats–to punish the plaintiff on account of the allegations the plaintiff had made in his court filing. (Deft's Dep., p. 97.)

The parties also contest whether the Glen Ellyn Police Department ever used the information the plaintiff had provided. The plaintiff asserts that he knew the police relied on his tips "[b]ecause people got arrested and told everybody I told on them, is how." (Plaintiff's Dep., p. 127.) The plaintiff also claims that he received a second visit from Terranova, and that Terranova assured the plaintiff that the information he had provided had checked out and was "good enough" for the State to use. (Plaintiff's Dep., p. 150.) Terranova, in contrast, declares that he did not bother to investigate the plaintiff's leads before obtaining approval from the State's Attorney and the parole office, and that there was no reason to do so once the plaintiff was rejected as an informant. (Deft's Dep., p. 59.) Terranova further states that the Narcotics Unit never used the information the plaintiff had disclosed once he was rejected as a viable police source. (*Id.*, pp. 60, 91-92.)

9

The court may grant summary judgment if facts are in dispute, so long as those facts are not outcome determinative. *See, e.g., Outlaw v. Newkirk*, 259 F.3d 833, 840-41 (7th Cir. 2001); *Matter of Wildman*, 859 F.2d 553, 556 (7th Cir. 1988); *In re NeoPharm, Inc. Securities Litigation*, 705 F. Supp. 2d 946, 962 (N.D. Ill. 2010) (Lefkow, J.). In the case at bar, the contested facts are not outcome-dispositive.

## DISCUSSION

There is no genuine dispute as to any material fact relating to the plaintiff's claims against defendant Terranova, and the court concludes that Officer Terranova is entitled to judgment as a matter of law on Count VII of the Third Amended Complaint. Even assuming (without finding) that Terranova threatened to retaliate against the plaintiff for statements he had made in a prior lawsuit, the record does not support an inference that the plaintiff, in fact, suffered any retaliation at the hands of Terranova.

To prevail on a claim of retaliation under the First Amendment, a plaintiff must establish that: (1) he engaged in a protected activity; (2) he suffered a deprivation likely to prevent future protected activities; and (3) there was a causal connection between the two. *Purkey v. Marberry*, — F.3d —, 2010 WL 2775859, *3 (7th Cir. Jul. 13, 2010), *citing Watkins v. Kasper*, 599 F.3d 791, 794 (7th Cir. 2010); *see also Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). Here, the plaintiff has failed to submit sufficient evidence on prongs two and three for the matter to go to a jury.

The plaintiff can satisfy the first prong. It is well settled that inmates have a First Amendment right of access to the courts. *See, e.g., Bounds v. Smith*, 430 U.S. 817, 822 (1977); *Johnson v. Barczak*, 338 F.3d 771, 772 (7th Cir. 2003). It is equally well established that an act

taken against an inmate in retaliation for his exercise of his First Amendment rights may form the basis of a civil rights suit, even if the same act, when taken for a different reason, would be otherwise permissible. *See, e.g., Stanley v. Litscher*, 213 F.3d 340, 343 (7th Cir. 2000); *DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000); *Bridges*, 557 F.3d at 541. The plaintiff's filing of a post-judgment motion constituted activity protected by the First Amendment. Nevertheless, the plaintiff cannot demonstrate that Terranova committed any wrong against him.

Terranova was not, himself, personally responsible for rejecting the plaintiff as a police informant. It is undisputed that Terranova was required to get permission from the State's Attorney's Office to use the plaintiff as an informant. It is likewise uncontested that Assistant State's Attorney Paul Marchese denied that request. *See* Defendant's Exhibit E, Informant Screening Form.

The parties' dispute over the underlying motive is not outcome-dispositive. The plaintiff claims that he was spurned as an informant because he had exposed in court wrongdoing by Glen Ellyn police officers; the defendant contends that because the plaintiff's allegations of police misconduct were patently false, he lacked credibility as an informant. But whether or not Marchese's decision can be characterized as retaliatory in nature, the fact remains that it was Marchese, and not the named defendant, who made the decision not to use the plaintiff as an informant. The plaintiff cannot fault Terranova, who was not the final decision maker. Furthermore, because Marchese declined to employ the plaintiff as an informant, it necessarily followed that the parole hold be reinstated. The plaintiff has no triable claim against Terranova for his rejection as a confidential informant, as Terranova was not the moving force behind the action the plaintiff perceived to be retaliatory.

Turning to the alleged assault at the DuPage County Jail, the plaintiff cannot link Terranova to the incident. It should be noted that there is only the plaintiff's say-so that such an attack occurred. The plaintiff filed a sizeable number of grievances while at the jail, *see* Defendant's Exhibit D, but no jail records substantiate reflect a beating on the date in question.

For purposes of this motion, the court will accept as true that the assault happened. However, the plaintiff cannot show that Terranova orchestrated the assault. The plaintiff surmises that Terranova set him up, "but mere speculation is not sufficient to stave off summary judgment." *Soto v. Bertrand*, 328 Fed. Appx. 331, 333 (7th Cir. 2009), *citing Rockwell Automation, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 544 F.3d 752, 757 (7th Cir. 2008). The plaintiff points to the suspiciously close timing of Steve Weinan's arrest, coupled with his placement in a nearby pod, but "mere temporal proximity is not enough to establish a genuine issue of material fact." *Andonissamy v. Hewlett-Packard Co.*, 547 F.3d 841, 851 (7th Cir. 2008) (internal quotation omitted). The plaintiff has expressly conceded that he has no evidence to support his suspicion that Terranova directed the inmates to assault the plaintiff. (Plaintiff's Dep., pp. 177-78, 189.)

To the contrary, Terranova has affirmatively stated under oath that he did not know and never spoke to either of the plaintiff's alleged assailants. (Deft's Dep., Dep., p. 94.). Terranova also swears that he never provided information about the plaintiff to the Weinan brothers or any other jail detainees. (*Ibid.*) The plaintiff cannot controvert Terranova's testimony that he was unaware of the attack on the plaintiff prior to the initiation of this lawsuit. (*Id.*, p. 93.) Terranova is not a correctional officer at the DuPage County Jail, but rather a police detective. Moreover, the plaintiff had a history of serving as a police informant in the past, *see* Plaintiff's Dep., pp. 132, 135,

137, an assignment that undoubtedly engenders enmity and resentment among the criminal population.

It is, of course, **conceivable** that Terranova is lying, that he arrested Weinan on the basis of information provided by the plaintiff, and that he somehow enlisted jail officials' help to set the plaintiff up for a beating by placing Weinan near the plaintiff and unveiling the plaintiff's cover. However, the **possibility** that Terranova did so, without more, is not enough to go to trial.

In order to defeat a motion for summary judgment, the nonmovant "must do more than baldly deny the reasonable inferences and facts presented" by the party seeking summary judgment. *Lorillard Tobacco Co., Inc. v. A & E Oil, Inc.*, 503 F.3d 588, 594 (7th Cir. 2007), *citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (explaining that an opponent of summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts"). "There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Lorillard*, 503 F.3d at 588, *quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). The circumstantial evidence against Terranova is far too tenuous for a trier of fact to find that the detective engineered an attack on the plaintiff.

In short, the plaintiff alleges two injuries stemming from Terranova's supposed retaliatory animus: (1) the plaintiff's rejection as a police informant and concomitant reinstatement of his parole hold; and (2) an attack by fellow inmates at the DuPage County Jail. But the plaintiff has failed to submit any competent evidence tending to suggest that Terranova was personally responsible for either injury.

Having failed to show any actual injury, the plaintiff cannot prevail on the basis of unrealized threats. If Terranova threatened to make the plaintiff's life "a living hell" for making allegations of misconduct against other Glen Ellyn police officers, such a rebuke was unprofessional and inexcusable. Nevertheless, "[m]ere words or threats, however violent, do not amount to an actionable assault under Section 1983." *Burt v. Walker*, No. 07 C 4284, 2008 WL 4874133, *4 (N.D. Ill. Jul. 14, 2008) (Hibbler, J.) (citations omitted).

The court can envision a scenario where an atmosphere of pervasive threats or harassment could arguably cause an inmate to sense that he should not pursue court action in the future for fear of reprisal. *Compare Kaba v. Stepp*, 458 F.3d 678, 684-85 (7th Cir. 2006), noting with approval, in the context of administrative exhaustion, the Second Circuit's observation that "threats or other intimidation by prison officials may well deter a prisoner of 'ordinary firmness' from filing an internal grievance [though probably not lawsuits]." *Hemphill v. New York*, 380 F.3d 680, 688 (2d Cir. 2004). But the instant case presents a single, possibly heated conversation, which the plaintiff cannot establish was followed by any adverse action. No reasonable jury could find, on the basis of one [contested] threat, that the plaintiff was the victim of retaliation.

In sum, the plaintiff has failed to adduce sufficient evidence of retaliation to go to a jury. It is undisputed that an Assistant State's Attorney, and not the named defendant, made the decision not to use the plaintiff as a police informant. Furthermore, the plaintiff cannot demonstrate that the defendant was behind an alleged inmate assault at the DuPage County Jail. The plaintiff has failed to present a triable issue as to whether (a) he suffered a deprivation likely to prevent future protected activities or (b) there was a causal connection between his availing himself of the court and adverse action on the part of Terranova. As the record does not support a finding that the

14

defendant was responsible for either injury, Terranova is entitled to judgment as a matter of law. Consequently, defendant Terranova's motion for summary judgment is granted as to Count VII of the Third Amended Complaint. Terranova is terminated as a defendant pursuant to Fed. R. Civ. P. 56.

## CONCLUSION

For all of the foregoing reasons, defendant Terranova's motion for summary judgment [#132] is granted. At the close of the case, the clerk is directed to enter summary judgment in favor of defendant Terranova pursuant to Fed. R. Civ. P. 56. Anthony Terranova is terminated as a defendant.

Enter: *[signature]*

WILLIAM J. HIBBLER
United States District Judge

Date: 11/18/10