MHN

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM J. HIBBLER | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 0334 | **DATE** | December 7, 2010 |
| **CASE TITLE** | Herman L. Nitz, Jr. (#N-08438) vs. Tony Doe, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's "motion requesting court's assistance in serving subpoenas" [#164] is denied. On the court's own motion, the plaintiff is granted thirty days to serve on opposing counsel requests for any information or records not yet obtained through prior discovery and disclosures. No further extensions of time will be granted to prolong the discovery process in this 2008 case.

■ **[For further details see text below.]** Docketing to mail notices.

## STATEMENT

The plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that Wheaton police officers used unjustified force when they arrested him, and that a staff dentist at the DuPage County Jail acted with deliberate indifference to the plaintiff's serious medical (dental) needs. This matter is before the court for ruling on the plaintiff's "motion requesting court's assistance in serving subpoenas." For the reasons stated in this order, the motion is denied.

There are only two remaining–and very straightforward–issues in this case. Subpoenaing information from the Glen Ellyn Police Department, the Social Security Administration, the DuPage County Court Reporters Office, the DuPage County Public Defender, the Chicago Tribune, the Coroner's Office, the Central Intelligence Agency, the U.S. Inspector General, the Winfield Police Department, the U.S. Federal Communications Commission, the Aurora Parole Office, and others named in the motion would serve no conceivable purpose whatsoever.

On the court's own motion, the plaintiff is granted thirty days to serve on opposing counsel any final requests for information or records not yet obtained through prior discovery and disclosures. The discovery requests must be narrowly tailored to address only the two remaining issues. Under Fed. R. Civ. P. 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense ... or reasonably calculated to lead to the discovery of admissible evidence."

**(CONTINUED)**

| | | mjm |
|---|---|---|

The plaintiff is cautioned to exercise sound judgment to ensure that his discovery requests are reasonable. Although *pro se* litigants are afforded latitude in the handling of their case, the plaintiff's subpoena request reflects a flagrant absence of good faith. The court will entertain a motion for sanctions from the defendants should the plaintiff make a further attempt to abuse the discovery process.

Wm. J. Hibbler