

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | WILLIAM J. HIBBLER | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 0334 (App. No. 10-3806) | **DATE** | January 7, 2011 |
| **CASE TITLE** | Herman L. Nitz, Jr. (#N-08438) vs. Tony Doe, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's application for leave to appeal *in forma pauperis* is denied. The court certifies that the plaintiff has filed an impermissible interlocutory appeal, and that the appeal is not taken in good faith. The plaintiff is ordered to pay the appellate fees of $455 within fourteen days or the Court of Appeals may dismiss his appeal for want of prosecution. The clerk is directed to send a copy of this order to the PLRA Attorney, U.S. Court of Appeals for the Seventh Circuit. The plaintiff is once again reminded that he must provide the court with the original plus a judge's copy of every document filed.

■ [For further details see text below.]   Docketing to mail notices.

## STATEMENT

The plaintiff, currently a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that Wheaton police officers used unjustified force when they arrested him, that a Glen Ellyn police officer retaliated against him for a prior lawsuit, and that a staff dentist at the DuPage County Jail acted with deliberate indifference to his serious dental needs.[1] By Memorandum Opinion and Order of November 18, 2010, the court granted summary judgment in favor of the defendant Terranova on the plaintiff's retaliation claim; on November 22, 2010, the court granted the City of Wheaton's motion for partial summary judgment on the plaintiff's custom and policy claim.

The plaintiff has filed a notice of appeal; however, he did not first obtain permission for leave to pursue an interlocutory appeal, as required by 28 U.S.C. § 1292. In any event, the court is not of the opinion that the appeal "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal . . . may materially advance the ultimate termination of the litigation. . . ." *See* 28

**(CONTINUED)**

mjm

---

[1] In its initial review order, the court specifically alerted former appointed counsel to the requirements for proper joinder as explained in *George v. Smith*, 507 F.3d 605 (7th Cir. 2007). *See* Minute Order of February 20, 2008. Notwithstanding the court's admonition, all subsequent amended complaints nevertheless raised distinct claims against unrelated defendants.

U.S.C. § 1292(b). The court remains satisfied that no retaliatory action can be attributed to defendant Terranova, and that no reasonable person could find that the City of Wheaton had a policy or practice of permitting police officers to use excessive force during an arrest. The court accordingly finds that the matter being appealed–dismissal of certain claims against certain defendants–does not raise a substantial issue meriting appellate review. The court therefore certifies, pursuant to 28 U.S.C. § 1915(a)(3), that the appeal is not in good faith and that no interlocutory appeal should be taken.

Under the rules of the U.S. Court of Appeals for the Seventh Circuit Court, if the district court certifies that an appeal is not taken in good faith, the appellant cannot prosecute the appeal *in forma pauperis* but rather must pay the appellate fees in full for the appeal to go forward. Consequently, the plaintiff must pay the full $455 within fourteen days or the Court of Appeals may dismiss his appeal for want of prosecution. *See Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). If the plaintiff wishes to contest this court's finding that the appeal is not taken in good faith, he must file a motion with the Court of Appeals seeking review of this court's certification within thirty days of service of this order. *See* Fed. R. App. P. 24(a)(5).

In sum, the plaintiff's motion for leave to appeal *in forma pauperis* is denied. The plaintiff is ordered to remit to the Clerk of the Court the $455 appellate fee within fourteen days of the date of this order. If the plaintiff fails to comply with this order, the Court of Appeals may dismiss his appeal. The plaintiff is responsible for ensuring payment of the filing fees as directed by this order, and should ensure that the institution having custody of him transmits the necessary funds. Nonpayment for any reason other than destitution shall be construed as a voluntary relinquishment of the right to file future suits *in forma pauperis*. The obligation to ensure full payment of the filing fees imposed by this order shall not be relieved by release or transfer to another prison. The plaintiff is under a continuing obligation to inform the Clerk of this Court in writing of any change of address within seven days.

Payment shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor. Payment should clearly identify the plaintiff's name, as well as the district court and appellate court case numbers assigned to this action.

The clerk is directed to send a copy of this order to the PLRA Attorney, United States Court of Appeals for the Seventh Circuit.

As a final concern, the plaintiff is once again reminded that he must provide the court with the original plus a judge's copy of every document filed.

*Wm. J. Hibbler*