IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HERMAN L. NITZ, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 334 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| JAMES CRAIG, KENNETH SHANKS, | ) | |
| and DUPAGE COUNTY JAIL DENTIST | ) | |
| CUSACK | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Herman L. Nitz, an inmate in the DuPage County Jail, filed a third amended complaint on October 10, 2008, asserting various claims against Wheaton Police Officers James Craig and Kenneth Shanks, Glen Ellyn Police Officer Anthony Terranova, the City of Wheaton, and DuPage County Jail Dentist Blayne Cusack. On August 31, 2012, defendant Blayne Cusack ("Cusack") filed a motion for summary judgment on Count VIII of the third amended complaint, which alleged that Cusack had acted with deliberate indifference with respect to plaintiff's medical needs, in violation of 42 U.S.C. § 1983. For the reasons stated below, the court grants Cusack's motion for summary judgment on Count VIII.

## BACKGROUND[1]

Plaintiff was arrested on October 22, 2007, by police officers from the Wheaton Police Department and charged with theft. Plaintiff alleges that during the course of that arrest, the officers beat plaintiff, resulting in various injuries, including a broken upper right molar tooth. Plaintiff was then taken to the DuPage County Jail (the "Jail"), where plaintiff alleges that his

---

[1]The following facts are, unless otherwise specified, undisputed and come from the parties' L.R. 56.1 statements.

tooth was again injured in an inmate-on-inmate altercation. Plaintiff alleges that he experienced extreme pain as a result of the broken tooth and that he sought medical treatment for the broken tooth from Cusack, who was the Jail's dentist. Plaintiff submitted a Health Service Request ("HSR") on November 21, 2007, which stated: "Tooth broke after two other inmates had a fight . . .(Serious pain can't eat - can't drink 5 days now)." Cusack examined plaintiff on December 4, 2007. The accounts of this visit differ: plaintiff claims that Cusack told him that the tooth was abscessed and he needed an operation, but that plaintiff had to take thirty days of antibiotics to treat the infection before the operation could be performed.[2] Plaintiff further alleges that Cusack told him that there was no need to fill out a medical services request because Cusack would call him back for the procedure after the course of medication was done. Cusack's deposition and notes from the visit tell a different story. Cusack alleges that plaintiff was treated for pain in his upper right tooth off and on, with no current discomfort, and that examination of the tooth revealed only gross decay. Cusack further states that he recommended extraction, went over the extraction protocol, and prescribed no medication to plaintiff.

Between that December 4, 2007, appointment with Cusack and when the tooth was actually extracted on September 24, 2008, plaintiff filed six HSRs. In two of those requests, plaintiff refers to a tooth ailment. The request dated December 2007 reads: "Severe pain in lower back and broken tooth and very dry and itchy skin arms legs and genitals." Following the submission of this HSR, plaintiff was seen by a nurse. Plaintiff was not seen by Cusack in response to this note. The request dated January 17, 2008, reads: "I have multiple problems. I

---

[2] The court notes that, although plaintiff's third amended complaint states the facts alleged in great detail, it does not mention the diagnosis of an infection or the prescription of antibiotics.

have a bad rash under right armpit with painful lesions. I also have bad athletes foot & broken tooth." In response to this HSR, plaintiff was seen on January 18, 2008, by a nurse and given a prescription. Plaintiff was not referred to Cusack following this note. On September 24, 2008, plaintiff advised a nurse that his tooth hurt and that he wanted to see a dentist. An HSR was submitted to Cusack, plaintiff was seen that same day by Cusack, and the broken tooth was extracted.

## DISCUSSION

**A.      Summary Judgment Standard**

A movant is entitled to summary judgment under Rule 56 when the moving papers and affidavits show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Unterreiner v. Volkswagen of Am., Inc., 8 F.3d 1206, 1209 (7th Cir. 1993). Once a moving party has met its burden, the nonmoving party must go beyond the pleadings and set forth specific facts showing there is a genuine issue for trial. See Fed.R.Civ.P. 56©; Becker v. Tenenbaum–Hill Assocs., Inc., 914 F.2d 107, 110 (7th Cir. 1990). The court considers the record as a whole and draws all reasonable inferences in the light most favorable to the party opposing the motion. See Fisher v. Transco Services–Milwaukee Inc., 979 F.2d 1239, 1242 (7th Cir. 1992).

A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Stewart v. McGinnis, 5 F.3d 1031, 1033 (7th Cir. 1993). The nonmoving party must, however, do more than simply show that there is some

metaphysical doubt as to the material facts. Matsushita Elec. Indus. Co., v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." Anderson, 477 U.S. at 252.

**B.    Deliberate Indifference Standard**

To establish a claim of deliberate indifference, an inmate must show both that he suffers from an objectively serious medical condition, and that a prison official is subjectively aware of and consciously disregards his medical needs. Grieveson v. Anderson, 538 F.3d 763, 775 (7th Cir. 2008), citing Wynn v. Southward, 251 F.3d 588, 593 (7th Cir. 2001). The Seventh Circuit has defined a "serious" medical condition as "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Gutierrez v. Peters, 111 F.3d 1364, 1373 (7th Cir. 1997).

To satisfy the subjective element of a deliberate indifference claim a plaintiff must present evidence that a defendant acted, or failed to act, with a "sufficiently culpable state of mind." Id. at 1369. A defendant is deliberately indifferent to a prisoner's medical need only if he "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). The prison official "must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. At a minimum, a plaintiff must show that the defendant-official knew of an imminent danger and "refused—consciously refused, knowingly refused—to do anything about it ." Campbell v. Greer, 831 F.2d 700, 702 (7th Cir. 1987).

4

Conduct amounting to medical negligence, however, does not rise to the level of deliberate indifference actionable under the Eighth Amendment. Sellers v. Henman, 41 F.3d 1100, 1102 (7th Cir. 1994). Thus, a series of purely negligent acts cannot be equated to an act of deliberate indifference. Id. at 1102–03. Rather, the defendant-official must demonstrate a reckless disregard toward the prisoner's serious medical need through "inaction or woefully inadequate action." Reed v. McBride, 178 F.3d 849, 854 (7th Cir.1999).

**C.      Deliberate Indifference Claim**

Plaintiff's deliberate indifference claim fails because he does not present evidence that Cusack acted with reckless disregard toward plaintiff's medical needs. Although plaintiff alleges facts that may amount to medical negligence, he does not demonstrate that Cusack was deliberately indifferent and therefore cannot carry his burden on a Section 1983 deliberate indifference claim.

Plaintiff alleges that Cusack was aware of plaintiff's medical needs and supports his allegation with the contention that, when the tooth was finally pulled, Cusack allegedly told plaintiff that the reason the procedure was delayed was because Cusack thought plaintiff "would been gone by now." Cusack denies making the statement, but regardless of whether the statement was made, such a statement does not evince reckless disregard for plaintiff's health; at most it would demonstrate negligence on the dentist's part. Negligent or inadvertent failure to provide adequate medical care is insufficient to support a Section 1983 claim because such a failure is not an "unnecessary and wanton infliction of pain," and is not "repugnant to the conscience of mankind." Estelle v. Gamble, 429 U.S. 97, 104–05 (1976). Because Cusack's

5

alleged mistaken belief that plaintiff was no longer an inmate at the Jail does not amount to a wanton infliction of pain, plaintiff's claim of deliberate indifference fails.

The court also notes that the record does not support plaintiff's claim that Cusack had knowledge of his request for medical attention. There is no evidence in the record to demonstrate that Cusack reviewed any HSR request for dental care. Additionally, although plaintiff alleges that at Cusack initially told plaintiff that he needed to have the tooth pulled, placed plaintiff on antibiotics, and told plaintiff that he would be brought back for the extraction, there are no records of any antibiotics being dispensed to plaintiff following this appointment, nor any notations of a prescription in Cusack's notes.

Plaintiff has failed to demonstrate, therefore, that Cusack acted with the requisite knowledge and reckless disregard for plaintiff's medical needs to support a deliberate indifference claim under 42 U.S.C. § 1983. Cusack's motion for summary judgment on Count VIII of the complaint is granted.

## CONCLUSION

For the reasons stated above, Defendant Blayne Cusack's motion for summary judgment on Count VIII of the complaint is granted.

**ENTER:** February 12, 2013

_____
**Robert W. Gettleman
United States District Judge**

6